IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
VERNON BONNER,                                            )
                                                          )
        Plaintiff,                                        )
                                                          )
        v.                                                )
                                                          )    Civil Action No. 06-CV-02051-EGS
SOCIAL SECURITY                                           )
    ADMINISTRATION, et al.,                               )
                                                          )
        Defendants.                                       )
_____)

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 5 U.S.C. § 552 FREEDOM OF INFORMATION ACT (FOIA)

Defendants, the Social Security Administration ("SSA"), the Department of Veterans

Affairs ("VA"), the Executive Office for United States Attorneys ("EOUSA"), and the Federal

Bureau of Investigation ("FBI"), by and through their undersigned counsel, hereby answer

plaintiff's Complaint to Compel Production of Records Pursuant to 5 U.S.C. § 552 Freedom of

Information Act (FOIA) (hereinafter "Complaint") filed on November 30, 2006, upon

information and belief as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The FBI and EOUSA are not proper party defendants to this action.  Pursuant to 5 U.S.C.

§ 552(f)(1), the proper party defendant which should be substituted is the U.S. Department of

Justice.

THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies as to all or some of the named defendants.

FOURTH AFFIRMATIVE DEFENSE

Defendant responds to the numbered paragraphs of plaintiff's Complaint as set forth below.

Jurisdiction

This paragraph consists of plaintiff's allegations and legal conclusions as to jurisdiction and not averments of facts to which an answer is required, but insofar as an answer may be deemed to be required, deny.

Venue

This paragraph consists of plaintiff's allegations and legal conclusions as to venue and not averments of facts to which an answer is required, but insofar as an answer may be deemed to be required, admit.

Plaintiff

Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.  Defendants specifically deny that any records were improperly withheld.

Defendant

Defendants admit that SSA and VA are proper defendants; defendants deny that EOUSA and FBI are proper party defendants and aver that pursuant to 5 U.S.C. § 552(f)(1) the proper party defendant is the U.S. Department of Justice.  Deny the second sentence.

<u>Statement of Facts</u>

I.     Social Security Administration

A.  Defendant SSA is without sufficient knowledge to form a belief as to the truth of plaintiff's allegations regarding when plaintiff mailed his FOIA form request to the SSA.  Defendant SSA admits that by a FOIA form dated February 13, 2006, which document speaks for itself, plaintiff requested certain records pursuant to the FOIA and Privacy Act.  Defendant SSA is without sufficient knowledge to form a belief as to the truth of the allegations in the second sentence, and therefore denies.

B.  In response to this paragraph, Defendant SSA admits that by a FOIA form dated February 13, 2006, which document speaks for itself, plaintiff requested certain records pursuant to the FOIA and Privacy Act.

C.   Defendant SSA is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.  Defendant SSA admits that by a FOIA form dated February 13, 2006, plaintiff requested certain records pursuant to the FOIA and Privacy Act.

D.  Defendant SSA is without sufficient knowledge to form a belief as to the truth or falsity of plaintiff's allegations in the first sentence; defendant SSA further avers, however, that by letter dated March 27, 2006, the SSA acknowledged receipt of plaintiff's FOIA request dated February 13, 2006 and refers the Court to that letter as the best evidence of its content.

E. Defendant SSA is without sufficient knowledge to form a belief as to the truth of plaintiff's allegations in this paragraph, except to state that by letter dated April 5, 2006, Maria Magana-Bonner authorized the SSA to release information about herself to Vernon Bonner.  The Court is referred to the April 5, 2006 letter as the best evidence of its content.

F.  Defendant SSA is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph; defendant SSA avers that it received no letter dated on or about September 26, 2006.

II.      Department of Veterans Affairs

A.  Defendant VA states that it is without sufficient knowledge to form a belief as to the truth of plaintiff's allegations regarding when plaintiff mailed his FOIA form request to the VA. Defendant VA admits receipt on March 27, 2006 of a FOIA request, dated February 20, 2006, which document speaks for itself.  Defendant VA admits that there is a case file No. 24-896-511-10 that was assigned to Special Agent Brian Penton.  Defendant VA is without sufficient knowledge to form a belief as to the truth of the allegations in the second sentence.

B.  Defendant VA is without sufficient knowledge to form a belief as to when plaintiff may have mailed his FOIA request.

C.  Defendant VA is without sufficient knowledge to form a belief as to when plaintiff may have received the letter from Mr. Lawrence J. Timko; defendant VA admits sending plaintiff a letter dated April 17, 2006.

D.  Defendant VA is without sufficient knowledge to form a belief as to when plaintiff may have mailed a letter to Mr. Timko.  Defendant admits receipt on October 24, 2006 of a letter from plaintiff dated October 9, 2006.  The Court is referred to that letter as the best evidence of its content.

III.  Executive Office for U.S. Attorneys

A.  Defendant EOUSA is without sufficient knowledge to form a belief as to when plaintiff may have mailed his FOIA request, but admits receipt of a FOIA request from plaintiff, which

-4-

document speaks for itself.  Defendant EOUSA is without sufficient knowledge to form a belief as to the balance of this paragraph.

B & C.  Defendant EOUSA admits receipt of a FOIA request from plaintiff, which document speaks for itself.

D.  Defendant EOUSA is without sufficient knowledge to form a belief of the truth or falsity of the allegations in this paragraph.

E.  Defendant EOUSA is without sufficient knowledge to form a belief as to when plaintiff may have received the FOIA response from EOUSA; defendant EOUSA admits mailing the decision, which document speaks for itself.

F.  Defendant EOUSA is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph, except to state that defendant EOUSA has no record of an appeal.

IV     Federal Bureau of Investigation

A.-E.: Deny except to admit that by FBI FOIA request form dated February 17, 2006 directed to the Chicago Field Office, plaintiff submitted a FOIA, which document is the best evidence of its content.  Defendant FBI further avers, however, that the request was for: (a) "Chicago Social Security Fraud Investigation" a 200 page Report starting at Bates Stamp Number 000202-000400.  File # C-98-00227-F; (b) Agent Ron Carver, FBI, Special Agent Norene S. Williams, SSA/OIG/OI; (c) Reports from United States Embassy in Mexico, for the Birth Certificate of "Virginia Bonner"[1] name on Birth Certificate as the Father "Vernon Bonner;" (d) The name and

---

[1] The request was not viewed as a specific request for files on Virginia Bonner because Plaintiff did not provide either notarized authorization (Privacy Waiver) from Ms. Bonner or proof of death.  (See 28 C.F.R. § 16.3(a)).  Third party individuals maintain strong privacy interests in not

reports of any Private investigators/Government's Investigators that were used on this case, and

any other case;  (e) Any and all 302 Reports concerning this case and any other case concerning

Vernon and Maria; wife of Vernon Bonner," and respectfully refer the Court to the February 17,

2006 request for a complete and accurate statement of its contents.

F.    Deny, except to admit that by letter dated April 18, 2006, FBI Headquarters

acknowledged receipt of plaintiff's FOIA/Privacy Act request and notified plaintiff that his

request had been assigned FOIPA Request Number 10444021, and respectfully refer the Court to

the April 18, 2006 letter for a complete and accurate statement of its contents.

G.    Admit.

    The remaining paragraph represents plaintiff's Prayer for Relief to which an answer is not

required, but insofar as an answer may be required, defendants deny that plaintiff is entitled to

the relief requested or to any other relief.

    Except to the extent expressly admitted or qualified above, defendants deny each and

every allegation in the complaint.

    WHEREFORE, defendants pray for an order: (1) denying plaintiff's request for relief;

and (2) for such other and further relief as the Court deems just and proper.

                        Respectfully submitted,
                            /s/
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney

---

having their personal information disclosed pursuant to 5 U.S.C. § 552(b)(7)(C).   Thus, absent a
proof of death, the FBI will neither confirm nor deny the existence of any files pertaining to a
Virginia Bonner.

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on February 21, 2007, plaintiff was served with a copy of the

foregoing Answer via first-class mail postage prepaid and addressed:


Vernon Bonner
#06300-027
P.O. Box 1000
Duluth, MN   55814


_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135