*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **VERNON BONNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-2051 (EGS)** |
| ) | |
| **SOCIAL SECURITY ADMINISTRATION,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, by and through the undersigned counsel, move for summary judgment on the grounds that there exists no genuine dispute about the material facts and that the undisputed facts demonstrate that defendants are entitled to judgment as a matter of law.

The Court is respectfully referred to the accompanying statement of material facts not in genuine dispute; the agency defendants' declarations and exhibits; and, defendants' memorandum of points and authorities in support of this motion.

WHEREFORE, defendants respectfully request that this motion be granted.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____

MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.  Rm. E-4114
Washington, D.C.  20530
(202) 514-7135

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | | |
|---|---|---|
| **VERNON BONNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  06-2051 (EGS)** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, the Federal Bureau of Investigation (FBI), Executive Office for United States Attorneys (EOUSA), Social Security Administration (SSA), Veterans Administration (VA), and the Department of State (DOS), move for summary judgment in this case on multiple grounds.  First, with regard to the FBI, SSA, VA and DOS, plaintiff has failed to exhaust his administrative remedies.  The FBI undertook to process plaintiff's request, made an initial release of some documents to him with redactions under FOIA exemptions (b)(2), (7)(C), and (7)(E), and advised plaintiff that payment of fees was required for the remainder.  Plaintiff did not pay the fees.  Similarly, the SSA processed plaintiff's request and by letter dated October 23, 2006, released documents, either in whole or in part, with redactions pursuant to FOIA exemptions (b)(6) and (7)(C).  Plaintiff never filed any administrative appeal of these redactions.  Notably, SSA's response predated plaintiff's filing of the complaint in this case so there is no argument

available that exhaustion was not required.[1]  The DOS repeatedly advised plaintiff that, pursuant to its regulations, more information was necessary before plaintiff's request would be deemed a proper one, including authorization for release of information about the third parties listed in his request.  Plaintiff declined to provide any information other than what was included in his original request and did not provide the required authorizations.  Accordingly, his request was closed.

Second, summary judgment is warranted in favor of the EOUSA and the VA because no documents were unlawfully withheld.  After an adequate search, the U.S. Attorney's Office for the Northern District of Indiana, where plaintiff was convicted, found no responsive records.  The Office of the Inspector General at the VA processed plaintiff's request and released portions of its investigatory file.  It properly withheld information under FOIA exemptions (b)(3), (b)(6), and (b)(7)(C).  The VA carefully segregated all non-exempt material and released it to plaintiff.

The facts are set forth in detail in the statement of material facts that accompanies this motion, and in the declarations of various officials from each of the defendants, which are incorporated here.  In short, for the reasons set forth above, as more fully discussed below, each of the defendants are entitled to judgment in their favor.

_____

[1] The VA also processed plaintiff's request and by letter dated August 7, 2007, responded by releasing the investigative report with redactions pursuant to FOIA exemption (b)(6) and (b)(7)(C).  Plaintiff did not appeal.  However, as the VA's response came after the filing of plaintiff's complaint, and without waiving exhaustion, defendant addresses the merits of the claimed exemptions in this motion.

I.      <u>Standard of Review For Summary Judgment</u>

Rule 56(c) mandates the entry of summary judgment where the materials presented "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Supreme Court clarified the standards governing motions for summary judgment in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).

The moving party bears the initial responsibility of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  Rule 56 does not require the moving party to <u>negate</u> the elements of the nonmoving party's case; to the contrary, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standards for the entry of summary judgment, as set forth in Rule 56(c), are satisfied. <u>Id</u>.  This burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case.  <u>Id.</u> at 325.

The burden then shifts to the nonmoving party to "go beyond the pleadings and...designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> at 324; <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 884 (1990); <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).   Unless the opposing party points to "affirmative evidence" showing disputed material facts, the court

-3-

shall enter summary judgment, if appropriate, against the adverse party.  Jackson v.

Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir.

1996)(citing Anderson v. Liberty Lobby, 477 U.S. 242, 256-67 (1986)).    Indeed,

summary judgment is mandated by Rule 56(c) against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial.  Lujan v. National Wildlife

Federation, 497 U.S. at 884.  Summary judgment may be awarded to an agency in a FOIA

case solely on the basis of agency affidavits (or declarations) if the "affidavits are

'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the

part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C.

2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir.

1983)); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir.

1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, 608 F.2d

at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

> II.    Plaintiff Failed To Exhaust Available Administrative Remedies
>
> >    A.    Plaintiff Failed To Administratively Appeal the
> >         Exemption Decisions of the SSA and VA

Under the FOIA, exhaustion of administrative remedies is required before filing

suit in federal court.  Wilbur v. CIA, 355 F.2d 675, 676 (D.C. Cir. 2004)(citing Oglesby

v. United States Dep't of the Army, 920 F.2d 57, 61-64 (D.C. Cir. 1990); Hidalgo v. FBI,

344 F.3d 1256, 1258-59 (D.C. Cir. 2003).  In exhausting its administrative remedies, a

-4-

FOIA requester is required to adhere to the regulatory appeal process pertaining to the agency for which information is sought. Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A primary purpose of the exhaustion requirement is to allow senior level agency officials to correct mistakes made by subordinate employees and thereby obviate unnecessary judicial review. Oglesby, 920 F.2d at 61.

Significantly, in Hidalgo the United States Court of Appeals for the District of Columbia Circuit ordered that a FOIA requester's complaint be dismissed for failure to exhaust administrative remedies when he failed to file an administrative appeal of the agency's determination to withhold information, and instead opted to file a lawsuit in Federal Court. Hidalgo v. FBI, 344 F.3d 1256 (D.C. Cir. 2003). In the instant case, the SSA responded to plaintiff's FOIA request on October 23, 2006, before plaintiff filed suit. The SSA identified 260 pages of information in response to plaintiff's request. See Declaration of Ethel Burrows (Burrows Decl.) ¶ 8 & Exh. D, thereto. SSA released 234 pages, including 112 pages with redactions pursuant to FOIA exemption (b)(6) to protect the personal information of living individuals release of which would constitute a clearly unwarranted invasion of their privacy. Id. Exh. D. SSA withheld 26 pages in their entirety on the same basis. Id. Plaintiff did not file an administrative appeal. Burrows Decl. ¶ 11. Accordingly, he failed to exhaust his administrative remedies and judgment must be entered in favor of the SSA on that basis alone.

With regard to the VA, the investigatory file requested was located and reviewed. The investigative report responsive to plaintiff's complaint consists of 12 pages of narrative and 117 pages of attachments. The 12 pages were released with redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). The 117 pages of exhibits were withheld in their entirety pursuant to (b)(3), (b)(6) and (b)(7)(C) by letter dated August 7, 2007. Plaintiff was advised of his administrative appeal rights, but failed to pursue them.

      B.      Plaintiff Failed to Exhaust By Failing To Pay
              the Processing Fees Assessed by the FBI

Failure to comply with the agency's request for payment of processing fees is also a failure to exhaust administrative remedies. See, e.g., Jeanes v. Department of Justice, 357 F. Supp. 2d 119, 123 (D.D.C. 2004) ("[E]xhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the denial of a request for fee waiver."); Trueblood v. Department of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant.").

Here, after making an initial release of documents to plaintiff without payment, the FBI advised plaintiff that before the FBI could complete processing of the remaining approximately 1430 pages of responsive material, plaintiff must remit payment of fees. See Declaration of David M. Hardy ¶ 9 & Exh. E, thereto. Plaintiff has paid no fees associated with processing of these remaining pages. Accordingly, plaintiff has failed to

-6-

exhaust his administrative remedies and the FBI is entitled to summary judgment in its favor.

      C.      Plaintiff's Failure to Comply With DOS Regulations
                 for Framing a Proper FOIA Request Was Failure To
                 Exhaust Administrative Remedies

Finally, with regard to the DOS, again, plaintiff failed to exhaust his administrative remedies by refusing to comply with agency regulations that specify how a proper FOIA request shall be made.  See 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."); West v. Jackson, 448 F.Supp.2d 207, 211 (D.D.C. 2006) (noting that "[a] requester must comply with an agency's published regulations for filing a proper FOIA request"); Ivey v. Snow, 2006 W.L. 2051339, *3 (D.D.C. 2006); Dale v. Internal Revenue Service, 238 F.Supp.2d 99, 103 (D.D.C. 2002) ("[f]ailure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal.").

The pertinent DOS regulations are found at 22 C.F.R. Part 171, a copy of which was provided to plaintiff with the Department's first letter of acknowledgment dated May 29, 2007.  See Declaration of Margaret P. Grafeld ¶ 5 and Exh. 2 thereto.  These regulations specify that "[a]ny request for records must describe the information sought in such a way . . . that an employee of the Department of State who is familiar with the subject area of the request can locate the records with a reasonable amount of effort."

-7-

22 C.F.R. § 171.1.  The regulations also emphasize that "it is essential that the request reasonably describe the Department records that are sought" and direct that the "[r]equests should be specific and include all pertinent details" including "the subject, timeframe, any individuals involved, and reasons why the Department is believed to have records on the subject of the request."  22 C.F.R. § 171.5(C).  The burden of adequately identifying the records requested lies with the requester.  Id..  And, third-party requests "must be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by proof that the individual is deceased".  22 C.F.R. § 171.12(a).

The DOS repeatedly advised plaintiff that under its regulations, additional information was necessary in order for DOS to initiate a search for responsive records. DOS explained that its record systems were extensive and that it had offices and installations throughout the world.  Plaintiff refused to modify his original request and on two occasions, by letters dated June 8 and July 23, 2007, plaintiff simply resubmitted the same January 2007 request.  By failing to reformulate his request to make it possible for DOS to undertake a search, plaintiff failed to meet his burden under the regulations (and the statute) of reasonably describing the records sought.  Under similar circumstances, this Court has deemed this conduct to be a failure to exhaust and a basis for summary judgment in favor of the agency.  Antonelli v. ATF, 2006 WL 141732, at *2 (D.D.C. March 17, 2006) (granting agency's motion for summary judgment, because requester

failed to exhaust administrative remedies when he refused to identify which of more than

100 systems of records his request concerned); <u>see</u> <u>also</u> <u>Dale v. IRS</u>, 238 F. Supp. 2d 99,

104-05 (D. D.C. 2002) (concluding that a request that sought "'**any** and **all** documents . . .

that refer or relate in any way'" to the requester failed to reasonably describe the records

sought and "amounted to an all-encompassing fishing expedition of files at [the agency's]

offices across the country, at taxpayer expense") (emphasis original).

     Moreover, DOS advised plaintiff that in order for it to process his request for

records regarding third parties, plaintiff was required to submit an authorization or, in the

case of a minor, to establish that he was a parent or guardian.  Plaintiff did neither.

Again, plaintiff's failure to comply with this regulatory requirement provides an

additional basis for summary judgment for failure to exhaust.

     III.    Summary Judgment Is Warranted Because No Documents
             Have Been Unlawfully Withheld

     The FOIA confers jurisdiction upon the district court to enjoin an agency from

(1) "improperly"; (2) "withholding"; (3) "agency records".  5 U.S.C. § 552(a)(4)(B);

<u>Kissinger v. Reporters Committee for Freedom of the Press</u>, 445 U.S. 136, 150 (1980).

As discussed below, the VA and EOUSA did not improperly withhold documents, in

whole or in part.[2]

---

    [2]  As plaintiff failed to exhaust his administrative remedies with regard to the documents
withheld, in whole or in part, by the FBI and the SSA, plaintiff is precluded from challenging that
action and, accordingly, the FBI and the SSA are entitled to judgment as discussed above on that
basis alone.

A.    EOUSA's No Records Response

By letter dated February 20, 2006, plaintiff submitted a request for specific records

in the U.S. Attorney's Office for the Northern District of Indiana.  After plaintiff

provided the necessary certificate of identification, EOUSA forwarded plaintiff's request

to the Northern District of Indiana for a search.  On June 27, 2006, Assistant U.S.

Attorney Diane L. Berkowitz initiated a search for responsive records.  Berkowitz Decl.

¶ 6.  The Legal Information Network System (LIONS) was queried for records regarding

plaintiff and no entries were found.  Id. ¶ 7.  The LIONS database is the case

management/tracking system used by U.S. Attorney's Offices to record and maintain up-

to-date information on cases and matters opened by Assistant U.S. Attorneys.  Id. ¶ 6.

Next, Ms. Berkowitz and her secretary searched the file from plaintiff's criminal case.  Id.

¶¶ 3, 8.  None of the documents plaintiff requested were located in the file.  Id.

The fact that none of the documents plaintiff sought were found in the file does not

establish that EOUSA improperly withheld documents.  As Ms. Berkowitz states in her

declaration, it is standard practice and procedure in that office upon conclusion of an

appeal to prepare a case for submission to the federal records center.  Id. ¶ 4.  This

process involves removing and shredding all grand jury documents and investigative

reports – the documents that plaintiff sought.  See id. ¶¶ 3-4.  Evidence is typically

returned to the investigative agency.  Id. ¶ 4.  Ms. Berkowitz states that this policy has

been in effect since 1987.  Id.

-10-

Plaintiff was convicted on September 22, 2000 and his conviction and sentence was affirmed by the U.S. Court of Appeals for the 7th Circuit on September 12, 2002, several years before his FOIA request was made. Id. ¶ 3. The file was purged for retirement well before plaintiff's FOIA request was submitted. Id. There is no FOIA obligation to retain records prior to receipt of a FOIA request. Kissinger, 445 U.S. at 155 n.9; see U.S. Department of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989); Lechliter v. Rumsfeld, 2006 WL 1506717, at *2 (3rd Cir. June 1, 2006) (finding no improper withholding where agency destroyed documents for reason that "is not itself suspect"), citing SafeCard Servs v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991); Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) (per curiam) ("[T]he fact that responsive documents once existed does not mean that they remain in the [agency's] custody today or that the [agency] had a duty under FOIA to retain the records."). In short, EOUSA conducted a reasonable search for the responsive records but determined that the investigatory files, evidence and reports that plaintiff sought had been purged such that no responsive records remained in the U.S. Attorney's Office files. Plaintiff is entitled to nothing more under the FOIA and is without a claim against EOUSA under these facts.

B.    The VA Properly Asserted FOIA Exemptions

In response to plaintiff's FOIA request to the VA Office of the Inspector General, seeking the "Veterans Administration Fraud Investigation Report" the VA located a file pertaining to a criminal investigation that was initiated based upon a complaint that Mr.

Bonner fraudulently obtained a veteran's widow's monetary VA benefits.  <u>See</u>

Declaration of Shirley J. Landes ¶ 3-4.  This file was processed and it was determined that

the closing investigative report was responsive to plaintiff's request.  Landes Decl. ¶ 12.

The report was reviewed and portions of the 12-page narrative were released to plaintiff.

Information was redacted from the report pursuant to exemptions (b)(6) and (b)(7)(C).

<u>Id.</u>  In addition, 117 pages of exhibits to the report were withheld in their entirety

pursuant to the same exemptions.[3]  <u>Id.</u>

As explained in the Landes Declaration, the VA OIG deleted names, social

security numbers, the VA claim number of the complaint submitted by a third party, and

identifying details regarding third party witnesses who were interviewed regarding the

fraud investigation of plaintiff.  Landes Decl. ¶ 14.  The 41 attachments, consisting of 117

pages, were withheld in their entirety to protect personal information that pertains to third

party witnesses interviewed as a part of the investigation, contain personal details about

these private citizens, consist of applications from third parties for VA benefits, and

contain the notes of investigators regarding personal or financial information of third

parties revealed during the criminal investigation.  <u>Id.</u>

---

[3]  The VA also withheld the exhibits citing exemption (b)(3) to the extent release might reveal material covered by Fed. R. Crim. P. 6(e).  Without waiving that assertion of FOIA exemption, defendants predominently rely on the other FOIA exemptions which overlap and cover all of the materials withheld.

FOIA section (b)(7)(C) exempts from the requirement of disclosure

> (7)  records or information compiled for law enforcement purposes, . . . to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

5 U.S.C. § (b)(7)(C).  This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).  Indeed, the mere mention of identities of witnesses or other persons in law enforcement files in such a way as to associate them with criminal activity is subject to protection under Exemption 7(C).  Reporters Comm. for Freedom of the Press, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

In addition, the names of law enforcement officers who work on criminal investigations have been protected against release by Exemption 7(C).  Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. U.S. Dept of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980).  Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable

privacy interests in their anonymity.  <u>Computer Prof'ls for Social Responsibility</u>, 72 F.3d

at 904; <u>Farese v. U.S. Dep't of Justice</u>, 683 F. Supp. 273, 275 (D.D.C. 1987).  The fact

that the requester might be able to figure out the individuals' identities through other

means, or that their identities have been disclosed elsewhere, does not diminish the

privacy interests at stake.  <u>Fitzgibbon v. CIA</u>, 911 F.2d 755 (D.C. Cir. 1990); <u>Weisberg v.</u>

<u>Dep't of Justice</u>, 745 F.2d at 1476.

　　　Similarly, exemption (b)(6) protects the privacy interests implicated here.  While

exemption (7)(C) is limited to information compiled for law enforcement purposes,

exemption (b)(6) permits the agency to withhold all information about an individual in

"personnel and medical files and similar files" when the disclosure of such information

"would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552

(b)(6).  The terms "personnel and medical files and similar files" is interpreted broadly

and all information that "applies to a particular individual" meets the threshold

requirement for exemption (b)(6) protection.  <u>United States Department of State v.</u>

<u>Washington Post Co.</u>, 456 U.S. 595, 599-603(1982); <u>Judicial Watch Inc. v. FDA</u>, 449

F.3d 141, 152 (D.C. Cir. 2006) ("The Supreme Court has read Exemption 6 broadly,

concluding the propriety of an agency's decision to withhold information does not 'turn

upon the label of the file which contains the damaging information.'"), <u>quoting</u>

<u>Washington Post</u>, 456 U.S. at 601.  The VA investigative report and withheld exhibits

comfortably fit within the reach of exemption (b)(6).

Once a privacy interest has been established, it must be balanced against the public

interest, if any, that would be served by disclosure. Albuquerque Publ'g Co. v. Dep't of

Justice, 726 F. Supp. 851, 855 (D.D.C. 1989). The public interest in disclosure is limited

to the FOIA's "core purpose" of shed[ing] light on an agency's performance of its

statutory duties." Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice, 489

U.S. 749, 773 (1989). Accord National Archives and Records Administration v. Favish,

124 S.Ct. 1570, 1580-81 (2004). This standard is not easily satisfied when law

enforcement information pertaining to individuals is sought, for there "is no reasonably

conceivable way in which the release of one individual's name . . . would allow citizens

to know 'what their government is up to.'" Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C.

Cir. 1990). See also Albuquerque Publ'g Co., 726 F. Supp. at 855-56 (no public interest

in disclosure of sensitive information DEA obtained about individuals and their activities,

where such material would not shed light on DEA's conduct with respect to the

investigation). Furthermore, in order to overcome legitimate privacy interests, the

requester must not only demonstrate the existence of the public interest, but also that the

public interest is both significant and compelling. Senate of Puerto Rico v. Dep't of

Justice, 823 F.2d 574, 588 (D.C. Cir. 1987); Stone v. EPA OIG, 727 F. Supp. 662, 667-69

(D.D.C. 1990).

In the instant case, the privacy interests of the individuals mentioned throughout

the withheld material or redacted from the pages released have a substantial interest in

their privacy. Plaintiff offered to the VA no compelling need or public interest that would override the personal privacy interests of the third parties in their records, interview notes, applications for benefits and correspondence, and other documents withheld. Landes Decl. ¶ 15.

Records compiled in the course of an inquiry that focuses with special intensity upon an identifiable possible violation of law are records that have been compiled for "law enforcement purposes." Birch v. United States, 803 F.2d 1206 (D.C.Cir. 1986). There can be no genuine dispute that the records at issue here are law enforcement records. Indeed, plaintiff's FOIA request was for the VA's fraud investigation file. The file that was located concerned an investigation into plaintiff's attempts to defraud the widow of a veteran.

Exemptions (b)(6) and (7)(C) was applied to protect the names, addresses, and other identifying information pertaining to private citizens who were interviewed as part of the investigation. Under Exemption 7(C), witnesses and third parties to investigations, even if they are not suspects or the subject of the investigation, possess strong privacy interests because disclosure of their names and other identifying information could subject them to embarrassment and harassment. See Computer Prof'ls for Soc. Responsibility v. United States Secret Serv., 72 F.3d 897, 902 (D.C.Cir.1996). The names and other identifying information of such individuals contained in the VA files is clearly exempt from disclosure under FOIA Exemptions 6 and 7(C) because the release of

-16-

that information could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See, Hoffman v. Brown, 145 F.3d 1324 (Table) 1998 WL 279575 (4th Cir. 1998).  No public interest would be served by this invasion of their personal privacy rights.

    C.    Segregability

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". Mead Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit

-17-

significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In this case, the VA OIG expressly considered the segregability issue and concluded that no additional information could be released to the plaintiff.   Landes Decl. ¶ 15.   All non-exempt and reasonably segregable portions of the report narrative were released to plaintiff.  Id. at 15.  The 41 exhibits were then considered but VA OIG determined that the little "factual" information contained in the documents that could be released without violating the privacy of the third party individuals was so intertwined with the exempt portions that to delete it and release the remaining information would render the release meaningless.  Id.

<div align="center">CONCLUSION</div>

For the reasons set forth above, the Court should grant this motion for summary judgment and dismiss the case against each and all defendants.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


<div align="center">-18-</div>

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.  Rm. E-4114
Washington, D.C.  20530
(202) 514-7135

CERTIFICATE OF SERVICE

I CERTIFY that on September 11, 2007, plaintiff was served with a copy of the foregoing Motion for Summary Judgment, with Statement of Material Facts, supporting Declarations and Exhibits, via first-class mail postage prepaid and addressed:

Vernon Bonner
#06300-027
P.O. Box 1000
Duluth, MN   55814

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

-20-

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **VERNON BONNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.  06-2051 (EGS)** |
| | ) |
| **SOCIAL SECURITY ADMINISTRATION,** | ) |
|   **et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| ———————————————————— | ) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**NOT IN GENUINE DISPUTE**

Pursuant to Fed. R. Civ. P. 56 and LCvR 7, defendants submit the following

statement of material facts as to which there is no genuine dispute:

I.    <u>Federal Bureau of Investigation (FBI)</u>

1.  By FOIA request form dated February 17, 2006, ultimately directed to the

CGFO,[1] plaintiff submitted a FOIA request for:

> "Chicago Social Security Fraud Investigation" a 200 page
> Report starting at Bates Stamp Number 000212-000400.  File
> # C-98-00227-F.
> Agent Ron Carver, FBI
> Special Agent Norene S. Williams, SSA/OIG/OI

---

[1]     Plaintiff's initial FOIA request form was addressed to the FBI office in Gary, Indiana. The February 17, 2006 FOIA form has a notation, which appears to have been made by plaintiff, that the request was "remailed on 3/1/06" to the CGFO.  *See* Exhibit AA, Hardy Decl. ¶ 5n.1 & Exh. A, thereto.  The FBI therefore interpreted plaintiff's request as a request to the CGFO.

Reports from United States Embassy in Mexico, for the Birth
Certificate of "Virginia Bonner"[2] name on Birth Certificate as
the Father "Vernon Bonner."
The name and reports of any Private
investigators/Government's Investigators that were used on
this case, and any other case.
Any and all 302 Reports concerning this case and any other
case concerning Vernon and Maria; wife of Vernon Bonner.

*See* Exhibit AA[3] Declaration of David M. Hardy at ¶ 5 & Exh. A, thereto.

2.  By letter dated March 15, 2006, FBIHQ advised plaintiff that his FOIA/Privacy

Act  request to the CGFO that was forwarded to FBIHQ was being returned because

plaintiff's letter did not contain sufficient information to conduct an accurate search of

the central records system.  This form letter requested that plaintiff provide certain

required information to conduct the search.  The form was completed by plaintiff, signed

and dated March 31, 2006, and returned to FBIHQ.  Hardy Decl. ¶ 6 & Exh. B, thereto.

3.  By letter dated April 18, 2006, FBIHQ acknowledged receipt of plaintiff's

FOIA/Privacy Act request and notified plaintiff that his request had been assigned FOIPA

Request Number 1044401-000.  Hardy Decl. ¶ 7 & Exh. C, thereto.

---

[2]     Pursuant to FBI policy, plaintiff's request for files related to Virginia Bonner and Maria
Bonner were not addressed because plaintiff did not provide either a Privacy Act waiver from
these two individuals or proof of death.  See 28 C.F.R. § 16.3(a).  Third-party individuals
maintain strong privacy interests in not having their personal information disclosed pursuant to 5
U.S.C. § 552(b)(7)(C).  Thus, absent a Privacy Act waiver from the individual, or proof of that
individual's death, the FBI will neither confirm nor deny the existence of any files pertaining to
any individual, such as Virginia Bonner or Maria Bonner.

[3] Exhibits to Defendants' Statement of Material Facts are designated by double letters, for
example "Exhibit AA", in order to distinguish them from the exhibits attached to the various
agency declarations filed in support of defendants' motion for summary judgment.

4.  By letter dated June 1, 2006, plaintiff was advised by FBIHQ that

approximately 1500 pages were located that appeared to relate to his request.  Plaintiff

was informed if all 1500 pages are determined to be releasable, duplication costs of

$140.00 could result, representing a charge of ten cents per page.  Plaintiff was advised

that duplication fees are not charged for the first 100 pages.  The letter advised plaintiff

that Department of Justice ("DOJ") regulations, (28 C.F.R. §§ 16.11 and 16.49), require

notification to a requester when anticipated charges exceed $25.00.  FBIHQ requested

plaintiff's written notification indicating his willingness to incur the estimated fees.

Plaintiff was advised that he may consider reducing the scope of his request which would

allow him both to lower this cost and hasten the receipt of the information.  The three

track request system was explained to plaintiff.  Plaintiff was told to advise the FBI  in

writing if he was interested in discussing the possibility of reducing the scope of his

request or if he was willing to pay the estimated duplication costs.  Plaintiff was advised

that no payment should be made at this time and that unless advised to the contrary, we

are assuming that he is willing to pay fees.  Hardy Decl. ¶ 8 & Exh. D, thereto.

5.  By letter dated August 31, 2006, FBIHQ made an initial release, at no charge to

the plaintiff, of 105 pages (out of 109 pages reviewed and processed) of responsive

material from Chicago file 46-CG-111171.  The FBI advised that deletions were made

pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(E).  Plaintiff was further

advised there were approximately 2,000 pages remaining to be processed in this file and if

he wished to receive the remainder of this file to remit his payment of $200.00 by money order made payable to the FBI.[4] Plaintiff was advised of his right to file an administrative appeal to the DOJ Office of Information and Privacy (OIP). Hardy Decl. ¶ 9 & Exh. E, thereto.

6. The package which FBIHQ sent to plaintiff August 31, 2006 was returned to the FBI on September 14, 2006 as "Returned to Sender-Not Deliverable as Addressed-Unable to Forward." Hardy Decl. ¶ 10.

7. By letter dated October 16, 2006 to FBIHQ, plaintiff informed that he had not received the "Information" that he requested and to bill him. Hardy Decl. ¶ 11 & Exh. F, thereto.

8. By letter dated November 18, 2006, FBIHQ, for the second time, provided plaintiff a copy of the August 31, 2006 release from the CGFO file. Hardy Decl. ¶ 12 & Exh. G, thereto.

9. Approximately 1450 pages remain to be processed but as of this date, plaintiff has not paid the fees associated with processing the remaining materials. Hardy Decl. ¶ 20.

---

[4]     The 2000-page figure that was given to plaintiff appears to be incorrect; in fact, it now appears that only approximately 1430 pages remain to be processed, and therefore the FBI's June 1, 2006 letter containing a 1500-page estimate provides a more accurate figure.

10. In response to plaintiff's FOIA requests, the FBI initiated a search of its CGFO general indices to identify all potentially responsive main files.  Hardy Decl. ¶18.[5]  The FBI used the general indices to search the Central Records System (CRS) for files concerning plaintiff's specific request for the "Chicago Social Security Fraud Investigation."  Id., *see also* Hardy Decl. ¶¶ 13-18 (describing the FBI's CRS).  This search located one main investigatory file from the Chicago Field Office responsive to plaintiff's request.  Id.

11.  This file is identified as 46-CG-111171, and is classified as a "Fraud Against the Government; Social Security Administration Investigation."  Hardy Decl. ¶19.

II.     <u>EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA)</u>

12.  By letter dated February 20, 2006, plaintiff submitted a FOIA request asking for records in the United States Attorney's Office (USAO) for the Northern District of Indiana.  Exhibit BB Declaration of John Kornmeier ¶ 4 & Exh. A thereto.  Specifically, plaintiff sought, with regard to his criminal case Docket No. 2: 00-CR-55-(1):

> "Veterans Administration Fraud Investigation" Report File No. 24-896-511/10.  Bates Stamp Number Starting at 000101.  Special Agent Bryant Penton, VA/OIG.
>
> Any and all Telephone Records.
>
> The names and Reports of any Private Investigators/Government's Investigators that were used on this case.

---

[5]  The Hardy Declaration contains a typographical error resulting in  two paragraphs numbered 18.  The above citation refers to the second such paragraph which is under the heading "SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST".

Any and all 302 reports concerning this case.

Id.

13.  By letter dated October 16, 2006, EOUSA responded to plaintiff's request stating that there were no records found in the Northern District of Indiana responsive to his request.  Kornmeier Decl. ¶ 6 & Exh. B thereto.

14.  The USAO, Northern District of Indiana conducted a reasonable search calculated to discover responsive records if they still existed.  See Exh. CC, Declaration of Diane L. Berkowitz ¶¶ 3-8.  Plaintiff's FOIA request was received almost four years after he was convicted on September 22, 2000, and his conviction was affirmed on September 13, 2002, by which time the records he specifically sought were no longer within the files of the USAO.  Id.

15.  It is the standard practice and procedure of the USAO for the Northern District of Indiana upon conclusion of an appeal to prepare the case for submission to the record center.  Berkowitz Decl. ¶ 4.  This process involves removing and shredding all grand jury documents and investigative reports.  Id.  Evidence is typically returned to the investigative agency.  Id.  This is a district policy that has been in effect since 1987.  Id.  Consequently, other than court pleadings, trial subpoenas, and court transcripts all other material was removed from the criminal file following the Seventh Circuit's affirmation of Bonner's conviction.  Id. ¶ 5.

16.  Nevertheless, on June 27, 2006, the USAO for the Northern District searched the Legal Information Network System (LIONS), which is the case management/tracking system used by all USAOs to record and maintain up-to-date information on cases.  Id. ¶ 6.  No entries for Mr. Bonner were found in the data base.  Id. ¶ 7.  The USAO for the Northern District also manually searched the case file that had been prepared for shipping to the records center and found none of the materials plaintiff sought in his FOIA request. Id. ¶ 8.

17.  Plaintiff filed an administrative appeal of the no records response with the Office of Information and Privacy (OIP).  By letter dated June 5, 2007, OIP ruled, stating that it had determined that EOUSA had conducted an adequate search, and, thereby was affirming EOUSA's action.  Kornmeier Decl. ¶ 7 & Exh. C thereto.

III.    SOCIAL SECURITY ADMINISTRATION (SSA)

18.  By letter dated February 13, 2006, plaintiff requested the following materials from the Office of Inspector General (OIG) in the SSA's Chicago Regional Office:

"Chicago Social Security Fraud Investigation" Report a 200 page document starting at Bates Stamp Number 000201-000400.

Special Agent Norene S. Williams, SSA/OIG/OI
Assistant Special Agent-In-Charge Thomas McCarter

Any and all information concerning this "Social Security Fraud Investigation" and Private Investigators/ Government's Investigators used on this case.  Any and all reports concerning Vernon Bonner & Maria Magana-Bonner.

See Exhibit DD, Declaration of Ethel Burrows ¶ 3 & Exh. A thereto.

19.  On March 27, 2006, the OIG, in Headquarters, mailed a letter to plaintiff informing him that because he also requested information for his wife, Maria Magana-Bonner, the SSA needed to have her authorization for the release of her records before the requested information could be released to him.  Exhibit DD, Burrows Decl. ¶ 4 & Exh. B thereto.

20.  On May 5, 2006, OIG Headquarters received the authorization for release of information from Ms. Bonner.  Burrows Decl. ¶ 5 & Exh. C thereto.

21.  On October 23, 2006, the Office of Public Disclosure (ODP) of the SSA responded to plaintiff's request, advising him that 260 pages of documents were found to be responsive.  Burrows Decl. ¶ 8 & Exh. D.  Of those, 234 pages were enclosed in the letter; 112 pages with information redacted.  Id.  The remaining 26 pages were withheld in their entirety.  Id.  Material was withheld pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  Id.

22.  ODP received no appeal from plaintiff regarding its October 23, 2006 response to plaintiff's FOIA request.  Burrows Decl. ¶ 11.

IV.  <u>VETERANS ADMINISTRATION (VA)</u>

23.  On March 21, 2006, the Information Release Office, Office of the Inspector General, Department of Veterans Affairs received plaintiff's February 20, 2006 FOIA request in which he asked for the "Veterans Administration Fraud Investigation Report

File Number 24-896-511-10".  Exhibit EE, Declaration of Shirley J. Landes ¶ 3 & Exh. 1

thereto.

24.  In order to determine if the Office of Inspector General (OIG) had any

responsive records, a search was conducted of the OIG's computerized Master Case index

revealing that OIG case number 1996-01144-12-0047, a criminal investigation that was

initiated based upon a complaint that Mr. Bonner fraudulently obtained a veteran's

widow's monetary VA benefits.  Id. at ¶ 4.

25. Upon review of the investigatory file, the VA OIG determined that the closing

investigative report was responsive to plaintiff's request seeking information from the

"Veterans Administration Fraud Investigation Report".  Id. at ¶ 12.  By letter dated

August 3, 2007, the VA OIG sent plaintiff a final response to his FOIA request and

enclosing a redacted version of the 12-page report.  Id. at ¶ 12, and Exh. 13, thereto.  The

report with its attachments consists of 129 pages; the VA OIG released the report with

minimal redactions and withheld the remaining pages, consisting of 41 exhibits, pursuant

to FOIA exemptions (b)(3), (b)(6), and (b)(7)(C).  Id.

26.  The VA OIG deleted names, social security numbers, the VA claim number of

the complaint submitted by a third party, and identifying details regarding third party

witnesses who were interviewed regarding the fraud investigation of plaintiff.  Id. at ¶ 13.

The 41 attachments were withheld in their entirety to protect personal information that

pertains to third party witnesses interviewed as a part of the investigation, contain

personal details about these private citizens, consist of applications from third parties for

VA benefits, and contain the notes of investigators regarding personal or financial

information of third parties revealed during the investigation.  This material was withheld

pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  Id.  To the extent the exhibits

pertained to matters before a grand jury, those were also withheld pursuant to FOIA

exemption (b)(3).

27.  The VA OIG segregated and released as much information in the report as

possible, making limited redactions to protect the personal privacy of third parties.  The

117 pages of exhibits were not reasonably segregable.  The little "factual" information

contained in these documents is so intertwined with personal financial and other private

information that to delete it and release the remaining information would render the

release meaningless.  Plaintiff proffered no compelling need which would override the

personal privacy of the third parties in their records, the interview notes describing them

and their candid comments, their applications for benefits and correspondence, and other

documents withheld.  Moreover, to the extent information in the exhibits reveals what

matters were heard before a grand jury, release was deemed to be protected under

Fed.R.Crim.P 6(e) and FOIA exemption  (b)(3).

V.  DEPARTMENT OF STATE (DOS)

28.  By letter dated January 16, 2007, plaintiff sent the DOS a list of six numbered

paragraphs under the heading "records(s) requested."  Exhibit FF (Declaration of

Margaret P. Grafeld) at ¶ 4, and Exh. 1 thereto.  The first paragraph of the request sought

"reports[s], decuments, faxes and electronic computer messages that were sent to the

Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia

Bonner . . . and Child Diego Magana."  Id.  Plaintiff stated that the SSA and the U.S.

Attorney's Office in Chicago, Illinois said that the children did not exist and that

therefore, their signatures were not necessary.  Id.  In the second and third numbered

paragraphs, plaintiff provided information that plaintiff represented was the children's

dates and apparant places of birth.  Id.[6] In the remaining three paragraphs, plaintiff

provided information concerning three other individuals.  Id.

   29.  By letter dated May 29, 2007, the DOS Office of Information Programs and

Services (IPS) acknowledged receipt of plaintiff's request.  Id. at ¶ 5 & Exh. 2, thereto.

Plaintiff was advised that his request for a fee waiver was denied and that DOS required

his agreement to pay fees.  Id.  The letter also advised that more information would be

needed to identify the records he was requesting before IPS could begin to process the

request.  Id.  Specifically, plaintiff was informed that DOS consists of hundreds of offices

and overseas posts, with many different filing systems, and that his request should be

specific, detailed, and include as much of the following information as might be relevant:

        – time frame of plaintiff's request

        – type of records, subject matter, countries and/or organizations involved

---

[6]  In the copy of the request filed with this motion, the date of birth has been redacted in
accordance with the privacy policies of the court.

– full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested

– any information on specific filing systems.

Id.  A copy of the DOS regulations setting the requirements of a proper FOIA request, 22 C.F.R. Part 171, were enclosed.  Id.

30.  By letter dated June 5, 2007, plaintiff requested that IPS send him the information in his January 16, 2007 request and to bill him.  Id. at ¶ 6, and Exh. 3 thereto. Plaintiff did not provide any additional details as requested.  Id.  Additionally, on August 8, 2007, IPS received a note from plaintiff dated July 23, 2007, again requesting expedited handling of his request and again enclosing page two of his original request of January 16, 2007.  Id. and Exh. 4 thereto.

31.  By letter dated August 10, 2007, IPS acknowledged receipt of plaintiff's June 5 and July 23 communications.  Id. at ¶ 7.  Plaintiff was advised that he still had not provided all of the information requested in the IPS letter of May 29, 2007 necessary for a search.  Id.  Plaintiff was advised that his request concerned multiple individuals but insufficient information about them for IPS to initiate a search for potentially responsive records.  Id.  Furthermore, IPS advised plaintiff that, under 22 C.F.R. §§ 171.12 and 171.32, access to information about private individuals generally could not be given to unauthorized parties absent the individuals' written consent.  Id.  Plaintiff was informed that the DOS requires that written consent be in the form of a signed, notarized statement from the individual(s) authorizing the Department to release information to the other

party.  Id.  Plaintiff was advised that, alternatively, if he was a parent or guardian of a

minor child, he could present documentation of his relationship to the minor and DOS

may, in its discretion, disclose records concerning the minor child to him.  Id.

32.  In the August 10, 2007 letter, plaintiff was advised that since IPS could not

begin to process his request, it was a moot issue whether the request would be entitled to

expedited processing and that he may ask for expedited treatment when he supplied the

additional information necessary to make his request valid.  Id.  IPS noted, however, that

his June 5 and July 23 letters did not meet this standard.  Plaintiff was informed that his

request had been closed, but was advised that should he wish to pursue it, he should send

a new request which included the additional information necessary.  Id.

<div style="margin-left:40%">Respectfully submitted,</div>

_____

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____

MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.  Rm. E-4114
Washington, D.C.  20530
(202) 514-7135

<div style="text-align:center">-13-</div>



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,               )
                             )
        Plaintiff,           )
                             )
        v.                   )        Civil Action No. 06-02051 (EGS)
                             )
SOCIAL SECURITY ADMINISTRATION, )
        et al.,              )
                             )
        Defendants.          )
_____)

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section
("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation
Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.
Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate
General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of
Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October
1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely
worked with FOIA matters. I am also an attorney who has been licensed to practice law in the
state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 208
employees who staff a total of ten (10) FBIHQ units and a field operational service center unit
whose collective mission is to effectively plan, develop, direct, and manage responses to requests
for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order
12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial
decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  Specifically, I am

aware of the treatment which has been afforded the FOIA request of plaintiff, Vernon Bonner to

the FBI's Chicago Field Office (CGFO) for documents related to himself and Virginia Bonner.

(4)    The purpose of this declaration is to provide the Court and plaintiff with a status

of the FBI's response to plaintiff's request, as well as to provide a basis to move to dismiss the

complaint, or in the alternative, move for summary judgment in favor of the FBI.  This

declaration includes the procedural history of plaintiff's FOIA/Privacy Act requests, an

explanation of the FBI's Central Records System ("CRS"), a discussion of the search for records

conducted in the Chicago Field Office ("CGFO") and the results of that search.

## CHRONOLOGY OF PLAINTIFF'S FOIA/PRIVACY ACT REQUESTS TO THE CHICAGO FIELD OFFICE

(5)    By FOIA request form dated February 17, 2006, ultimately directed to the CGFO,[1]

plaintiff submitted a FOIA request for:

> "Chicago Social Security Fraud Investigation" a 200 page Report
> starting at Bates Stamp Number 000212-000400. File # C-98-
> 00227-F.
> Agent Ron Carver, FBI
> Special Agent Norene S. Williams, SSA/OIG/OI
> Reports from United States Embassy in Mexico, for the Birth

---

[1]    Plaintiff's initial FOIA request form was addressed to the FBI office in Gary, Indiana.
The February 17, 2006 FOIA form has a notation, which appears to have been made by plaintiff,
that the request was "remailed on 3/1/06" to the CGFO.  See Exhibit A.  The FBI therefore
interpreted plaintiff's request as a request to the CGFO.

Certificate of "Virginia Bonner"[2] name on Birth Certificate as the Father "Vernon Bonner."
The name and reports of any Private investigators/Government's Investigators that were used on this case, and any other case.
Any and all 302 Reports concerning this case and any other case concerning Vernon and Maria; wife of Vernon Bonner.

(See Exhibit A).

(6)    By letter dated March 15, 2006, FBIHQ advised plaintiff that his FOIA/Privacy Act request to the CGFO that was forwarded to FBIHQ was being returned because plaintiff's letter did not contain sufficient information to conduct an accurate search of the central records system. This form letter requested that plaintiff provide certain required information to conduct the search. The form was completed by plaintiff, signed and dated March 31, 2006, and returned to FBIHQ. (See Exhibit B.)

(7)    By letter dated April 18, 2006, FBIHQ acknowledged receipt of plaintiff's FOIA/Privacy Act request and notified plaintiff that his request had been assigned FOIPA Request Number 1044401-000. (See Exhibit C.)

(8)    By letter dated June 1, 2006, plaintiff was advised by FBIHQ that approximately 1500 pages were located that appeared to relate to his request. Plaintiff was informed if all 1500 pages are determined to be releasable, duplication costs of $140.00 could result, representing a charge of ten cents per page. Plaintiff was advised that duplication fees are not charged for the first 100 pages. The letter advised plaintiff that Department of Justice ("DOJ") regulations, (28 C.F.R. §§ 16.11 and 16.49), require notification to a requester when anticipated charges exceed $25.00. FBIHQ requested plaintiff's written notification indicating his willingness to incur the

---

[2]    Pursuant to FBI policy, plaintiff's request for files related to Virginia Bonner was not addressed because plaintiff did not provide either a Privacy Act waiver from Ms. Bonner or proof of death. See 28 C.F.R. § 16.3(a). Third-party individuals maintain strong privacy interests in not having their personal information disclosed pursuant to 5 U.S.C. § 552(b)(7)(C). Thus, absent a Privacy Act waiver from the individual, or proof of that individual's death, the FBI will neither confirm nor deny the existence of any files pertaining to any individual, such as Virginia Bonner.

estimated fees. Plaintiff was advised that he may consider reducing the scope of his request which would allow him both to lower this costs and hasten the receipt of the information. The three track request system was explained to plaintiff. Plaintiff was told to advise the FBI in writing if he was interested in discussing the possibility of reducing the scope of his request or if he was willing to pay the estimated duplication costs. Plaintiff was advised that no payment should be made at this time and that unless advised to the contrary, we are assuming that he is willing to pay fees. (See Exhibit D.)

(9)     By letter dated August 31, 2006, FBIHQ made an initial release, at no charge to the plaintiff, of 105 pages (out of 109 pages reviewed and processed)of responsive material from Chicago file 46-CG-111171. The FBI advised that deletions were made pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(E). Plaintiff was further advised there were approximately 2,000 pages remaining to be processed in this file and if he wished to receive the remainder of this file to remit his payment of $200.00 by money order made payable to the FBI.[3] Plaintiff was advised of his right to file an administrative appeal to the DOJ Office of Information and Privacy (OIP). (See Exhibit E.)

(10)     The package which FBIHQ sent to plaintiff August 31, 2006 was returned to the FBI on September 14, 2006 as "Returned to Sender-Not Deliverable as Addressed-Unable to Forward."

(11)     By letter dated October 16, 2006 to FBIHQ, plaintiff informed that he had not received the "Information" that he requested and to bill him. (See Exhibit F.)

(12)     By letter dated November 28, 2006, FBIHQ, for the second time, provided plaintiff a copy of the August 31, 2006 release from the CGFO file. (See Exhibit G.)

---

[3]     The 2000-page figure that was given to plaintiff appears to be incorrect; in fact, it now appears that only approximately 1430 pages remain to be processed, and therefore the FBI's June 1, 2006 letter containing a 1500-page estimate provides a more accurate figure.

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(13)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(14)    The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(15)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[4] The entries in the General Indices fall

---

[4]    The General Indices are not only automated but also include index cards which allow a
(continued...)

-5-

into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

(16)  Searches made in the General Indices to locate records concerning a particular subject, such as plaintiff's requests, are made by searching the subject requested in the index.

(17)  The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a)  Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using the file number "46-CG-111171," as an example, an explanation of the UCFN is as follows: "46" indicates the classification for the specific type of investigation, i.e., "Fraud Against the Government; "CG" is the abbreviated form used for the OO of the investigation, which in this case is the Chicago Field Office; and "111171" denotes the individual case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository

---

[4](...continued)
manual search for records that pre-dated the implementation of ACS on October 16, 1995.

for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 99.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(18)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., plaintiff Vernon Bonner and Virginia Bonner.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(18)    In response to plaintiff's FOIA requests, the FBI initiated a search of its CGFO general indices to identify all potentially responsive main files. The FBI used the general indices

-7-

to search the CRS for files concerning plaintiff's specific request for the "Chicago Social Security Fraud Investigation." A search was conducted using the name "Vernon Bonner." For example, this search would locate records which have similar phonetic sounds of each last and first name: "Bonner, Vernon," "Bonner, V," and "Bonner, Vernon, R." The FBI also used plaintiff's date of birth and social security number to facilitate the identification of the requested records. This search located one main investigatory file from the Chicago Field Office responsive to plaintiff's request.

(19)    This file is identified as 46-CG-111171, and is classified as a "Fraud Against the Government; Social Security Administration Investigation."[5]

## STATUS OF PLAINTIFF'S REQUEST

(20)    As stated earlier, on two separate occasions the FBI released free of charge 105 pages of documents to plaintiff, and advised plaintiff that he needed to indicate a willingness to pay for the remaining pages in order for the FBI to continue its processing. At this time, the FBI estimates that approximately 1450 pages remain to be processed. As of the date of this declaration, plaintiff has not indicated his willingness to pay the additional fees associated with the pages which remain to be processed. In the absence of a further response from plaintiff, including payment of the outstanding duplication fees, the FBI will consider this matter resolved, and proceed to close this request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

---

[5]    As noted earlier, plaintiff's initial FOIA request form was addressed to the FBI office in Gary, Indiana. The subsequent notation on the form indicating that the request was "remailed on 3/1/06" to the Chicago Field Office led the FBI to interpret the request as a Chicago Field Office request. See **Exhibit A.** If plaintiff's intent was to make a request for FBI records in two different offices – [Gary, Indiana is a Resident Agency (satellite office) of the Indianapolis Field Office], the searches the FBI conducted revealed two main files in the Indianapolis Field Office which may be responsive. If plaintiff is interested in obtaining these files, the FBI will review and process these files once plaintiff has rendered the outstanding payment for the Chicago Field Office file.

and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this ___10ᵗʰ___ day of August, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2051 (EGS) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# EXHIBIT  A

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

*Remailed on:*

*3-01-06*

DATE:  February 17, 2006

AGENCY:  FEDERAL BUREAU OF INVESTIGATION (FBI)

ADDRESS:  610 Connecticut Street

CITY, STATE  Gary, Indiana 46402

*F B I*
*219 So. Dearborn St.*
*Chicago IL 60604*
*VS*
*Vernon Bonner*

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

## IDENTIFYING PERSONAL INFORMATION

NAME:  Vernon Bonner & Maria Magana-Bonner (Wife)

ADDRESS:  P.O. Box 1000; FPC; Dorm 208-103

CITY, STATE, ZIP:  Duluth, MN 55814.1000

BIRTHDATE:  Vernon, April 1, 1950/ Maria, April 25, 1952

BIRTHPLACE:  Vernon, St. Louis, MO/ Maria, Mexico

SOCIAL SECURITY NUMBER: Vernon, 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/ Maria, 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

FBI NUMBER:  Maybe; OI File No. C-98-00227-F

MARSHAL'S SERVICE NUMBER:  Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

## REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

I

Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. V. P.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Chicago Social Security Fraud Investigation" a 200 page Report starting at Bates Stamp Number 000201-000400. File # C-98-00227-F.

Agent Ron Carver, FBI

Special Agent Norene S. Williams, SSA/OIG/OI

Reports from United States Embassy in Mexico, for the Birth Certificate of "Virginia Bonner" name on Birth Certificate as the Father "Vernon Bonner."

The name and reports of any Private Investigators/ Government's Investigators that were used on this case, and any other case.

Any and all 302 Reports concerning this case and any other case concerning Vernon and Maria; wife of Vernon Bonner.

MAILING ADDRESS for MARIA:

Maria Magana-Bonner, # 10009-041; Federal Prison Camp; A03-271

P.O.  Box A ; Alderson, W. VA.  24910

2

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V. Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

VERNON BONNER
    Requestor Signature

Remailed on: 3-1-06, VB

Remailed Again on: 3-31-06, VB

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON BONNER,      ) | |
| ) | |
|     Plaintiff,      ) | |
| ) | |
|         v.      ) | Civil Action No. 06-2051 (EGS) |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| et al.,      ) | |
| ) | |
|     Defendant.      ) | |

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 15, 2006

Mr. Vernon Bonner
**06300027
Federal Prison Camp
Dorm 208-103
Post Office Box 1000
DuLuth, MN 55814-1000

Dear Mr. Bonner:

Your Freedom of Information-Privacy Acts (FOIPA) request forwarded from the Chicago Field Office is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: *Vernon Bonner*

Current Address: *P.O. Box 1000; FPC*

Date of Birth: *4-1-50*    Place of Birth: *St. Louis, MO*

Daytime Telephone Number: _____

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek.

*NA*

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. All signatures under the certification of perjury statement MUST be an original signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.

Signature _____    Date *3-31-06*

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.

Sincerely yours,

*Dave M Hardy/dd*

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                              )
                                            )
    Plaintiff,                          )
                                            )
       v.                          )          Civil Action No. 06-2051 (EGS)
                                            )
SOCIAL SECURITY ADMINISTRATION,             )
et al.,                                     )
                                            )
    Defendant.                          )
                                            )

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 18, 2006

MR VERNON BONNER
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814-1000

Request No.: 1044401- 000
Subject: BONNER, VERNON

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request has been forwarded to FBI Headquarters from the Chicago Field Office.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                        )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )        Civil Action No. 06-2051 (EGS)
                                      )
SOCIAL SECURITY ADMINISTRATION,       )
et al.,                               )
                                      )
        Defendant.                    )
                                      )

# EXHIBIT D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR VERNON BONNER                                         June 1, 2006
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

                                        Request No.:  1044401- 000
                                        Subject: BONNER, VERNON

Dear Mr. Bonner:

        This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

        We have located approximately __1500__ pages which appear to relate to your request.  Under
Title 28, Code of Federal Regulations (CFR), Sections 16.11 and 16.49, there is a duplication fee of ten
cents per page for every page released over 100.  These regulations require us to notify requesters when
anticipated charges exceed $25, and if all the pages are released, you will owe $ _140___ in duplication
costs.  Please remember this is only an estimate; and if some of the pages are withheld or are not
identifiable with your subject, the actual charges could be less.

        You may want to consider reducing the scope of your request.  This would allow you both to lower
your costs and hasten the receipt of your information.   To streamline our operation, we divide our requests
into three tracks based on the amount of material to be processed:  small (1-500 pages); medium (501-
2500 pages) and large (2501 or more pages), with the small track having the fastest rate of processing.  To
accelerate the processing of your request, you must reduce the pages to be processed to 500 pages or
less.  Please let us know in writing if you are interested in discussing the possibility of reducing the scope of
your request or if you are willing to pay the estimated duplication cost indicated in the above paragraph.
Your written response should provide a telephone number where you can be reached between the hours of
8:00 a.m. to 5:00 p.m., EST.  You may fax your response to the following number:202-324-3752, Attention:
Request Management Unit.  You must include the FOIPA request number in any communication regarding
this subject.

        As stated previously, the cost indicated is only an estimate; therefore, no payment should be made
at this time.  Unless advised to the contrary, we are assuming that you are willing to pay fees.

                                        Sincerely yours,

                                        David M. Hardy
                                        Section Chief,
                                        Record/Information
                                          Dissemination Section
                                        Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2051 (EGS) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

# EXHIBIT E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR. VERNON BONNER                                           August 31, 2006
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

Subject: BONNER, VERNON

FOIPA No. 1044401

Dear Mr. Bonner:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

<table>
<tr><td colspan="2" align="center">**Section 552**</td><td align="center">**Section 552a**</td></tr>
<tr><td>☐(b)(1)</td><td>☐(b)(7)(A)</td><td>☐(d)(5)</td></tr>
<tr><td>☒(b)(2)</td><td>☐(b)(7)(B)</td><td>☐(j)(2)</td></tr>
<tr><td>☐(b)(3)_____</td><td>☒(b)(7)(C)</td><td>☐(k)(1)</td></tr>
<tr><td>_____</td><td>☐(b)(7)(D)</td><td>☐(k)(2)</td></tr>
<tr><td>_____</td><td>☒(b)(7)(E)</td><td>☐(k)(3)</td></tr>
<tr><td>_____</td><td>☐(b)(7)(F)</td><td>☐(k)(4)</td></tr>
<tr><td>☐(b)(4)</td><td>☐(b)(8)</td><td>☐(k)(5)</td></tr>
<tr><td>☐(b)(5)</td><td>☐(b)(9)</td><td>☐(k)(6)</td></tr>
<tr><td>☐(b)(6)</td><td></td><td>☐(k)(7)</td></tr>
</table>

**109** pages were reviewed and **105** pages are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

     Enclosed is an excised copy of Chicago file 46-CG-111171, which is responsive to your Freedom of Information/ Privacy Acts request.

     Enclosed are 100 free pages from the file responsive to your request. There are approximately <u>2000</u> pages remaining to be processed in this file. If you wish to receive the rest of this file, please remit a payment of <u>$200.00</u> by money order, payable to the FBI.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
        Plaintiff,                      )
                                        )
              v.                        )    Civil Action No. 06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
et al.,                                 )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT F

October 16, 2006

U.S. Department of Justice
Federal Bureau of Investigation
ATTN:  David M. Hardy
Washington, DC 20530


Re:  Request No. 1044401-000 (FOIPA)


Dear Mr. Hardy:

    As of this date 10-09-06, I have not received the "Information", that I
requested.  I would like to know what is the Status of my request.  Please
bill me.

    If there is a problem, please advise.



Sincerely,

Vernon Bonner
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000


CC:  File Copy

See Attached:  Your letter's dated 6-01-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2051 (EGS) |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

# EXHIBIT G



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR VERNON BONNER
#06300027
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

November 28, 2006

Subject: BONNER, VERNON

FOIPA No. 1044401

Dear Mr. Bonner:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552a | |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

__109__ pages were reviewed and __105__ pages are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

▢ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☺ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Enclosed is an excised copy of Chicago file 46-CG-111171, which is responsive to your Freedom of Information/ Privacy Acts request.

Enclosed are 100 free pages from the file responsive to your request. There are approximately 2000 pages remaining to be processed in this file. If you wish to receive the rest of this file, please remit a payment of $200.00 by money order, payable to the FBI.

EXPLANATION OF EXEMPTIONS

SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,               )
                  Plaintiff,  )
                             )
        V.                   )            Case No.  06-CV-2051-(EGS)
                             )
SOCIAL SECURITY ADMINISTRATION )
ET AL.                       )
                  Defendants. )

_____

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include: acting

as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to

requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552

(1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests

for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the

case files arising therefrom; the review of correspondence related to requests; the review of searches

conducted in response to requests; the location of responsive records; and preparation of responses

thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records

are in accordance with the provisions of both the FOIA and the PA, as well as the Department of

Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2)  As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or

withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions

brought under these Acts.  The statements I make hereinafter are made on the basis of my review of

1

the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Vernon Bonner (hereinafter referred to as "Mr. Bonner ").

4) By letter dated February 20, 2006, Mr. Bonner submitted a FOIA request asking for specific records in the USAO for the Northern District of Indiana; see Exhibit A for a copy of this letter.

5) EOUSA notified Mr. Bonner that he had not included a certificate of identification as required by DOJ regulations and that he must submit one. After receiving the certificate of identification from Mr. Bonner, EOUSA opened up a new request, assigned number 06-1704 to the request, and on June 14, 2006 forwarded the request to the USAO for the Northern District of Indiana for a search. The USAO found no records.

6) By letter dated October 16, 2006, EOUSA responded to request no. 06-1704 stating that there were no records found in the Northern District of Indiana; see Exhibit B for a copy of this letter.

7) Mr. Bonner filed an administrative appeal of the "no records" response with the Office of Information and Privacy ("OIP"). By letter dated June 15, 2007, OIP ruled on his appeal on request no. 06-1704 stating that it had determined that EOUSA had conducted an adequate search, and, thereby was affirming EOUSA's action; see Exhibit C for a copy of OIP's letter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 9 2007.

John Kornmeier

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:** February 20, 2006

**AGENCY:** UNITED STATES ATTORNEY

**ADDRESS:** 5400 Federal Plaza, Suite 1500

**CITY, STATE** Hammond, Indiana 46320

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** Vernon Bonner

**ADDRESS:** P.O. Box 1000; FPC; Dorm 208-103

**CITY, STATE, ZIP:** DuLuth, MN 55814.1000

**BIRTHDATE:** April 1, 1950

**BIRTHPLACE:** St. Louis, MO

**SOCIAL SECURITY NUMBER:** 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

**CASE FILE NUMBER:** Docket No. 2: 00-CR-55-(1)RL

**MARSHAL'S SERVICE NUMBER:** Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed favor of disclosure and its exemptions are to be narrowly constr

1

GOVERNMENT EXHIBIT
A

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert. denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

Docket No. 2: <u>00-CR-55-(1) RL</u>

"Veterans Administration Fraud Investigation" Report <u>File No. 24-896-511/10</u>.

Bates Stamp Number Starting at <u>000101</u>. Special Agent Bryant Penton, VA/OIG.

Any and all Telephone Records.

The names and Reports of any Private Investigators/ Government's Investigators that were used on this case.

Any and all 302 reports concerning this Case.

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

    Vernon Bonner
        Requestor Signature
        Dated:  2-20-06

3

1SA



**U.S. Departm    of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **06-1704**                    Date of Receipt:   **04-06-06**

Requester: **Vernon Bonner**

Subject: **Self(specific records)/INN**

Dear Requester:                                                                 JUL 16

         In response to your Freedom of Information Act and/or Privacy Act request, the
paragraph(s) checked below apply:

1.    [   ]    A search for records located in EOUSA - _____ has revealed no
               responsive records regarding the above subject.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the **Northern**
               **District of Indiana** has revealed no responsive records regarding the above subject.
               **Additionally, there are no private investigators.**

3.    [   ]    After an extensive search, the records which you have requested cannot be located.

4.    [   ]    Your records have been destroyed pursuant to Department of Justice guidelines.

5.    [   ]    Please note that your original letter was split into separate files ("requests"), for processing
               purposes, depending on the nature of what you sought.  Each file was given a separate
               Request Number (listed below), for which you have received or will receive a separate
               response:_____.

         This is the final action on this above-numbered request.  You may appeal this decision on
this request by writing within 60 days from the date of this letter to the **Office of Information and**
**Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050,**
**Washington, D.C. 20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal."
If you are dissatisfied with the results of any such administrative appeal, judicial review may
thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                                        Sincerely,


                                        William G. Stewart II
                                        Acting Assistant Director



Enclosure(s)


                                                              Form No. 005 - 2/06





**U.S. Department . Justice**

Office of Information and Privacy

~~RECEIVED~~

Telephone: (202) 514-3642

2007 JUN 20  AM 11: 14    Washington, D.C. 20530

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

**JUN 1 5 2007**

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
Post Office Box 1000
Duluth, MN 55814-1000

Re:    Appeal No. 07-1281
       Request No. 06-1704    JWK
       JTR:SRO

Dear Mr. Bonner:

        You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to copies of certain investigative records pertaining to your
criminal case.

        After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA informed you that it could locate no records responsive to your request in its files.  I
have determined that EOUSA's response was correct, and that it conducted an adequate,
reasonable search for records responsive to your request.  The investigative records pertaining to
your criminal case likely have been returned to the government agencies from which they
originated.  If you have not already done so, I suggest that you make new requests for records
directly to those agencies.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

*EOUSA*



**GOVERNMENT
EXHIBIT
C**



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| U.S. DEPARTMENT OF JUSTICE et.al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DIANE L. BERKOWITZ

I, Diane L. Berkowitz, declare the following to be a true and correct statement of facts:

1)    This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Vernon Bonner.

2)    I am an Assistant United States Attorney in the Criminal Division of the United States Attorney's Office ("USAO"), Northern District of Indiana.   I have held this position for approximately 14 years.

3)    In June 2006, I received a FOIA Request from Vernon Bonner asking for the following items: VA file, report No. 24-896-511/10, from Special Agent Bryant Penton, any and all telephone records, the names and reports of private investigators/government investigators who were used in the case, and any and all 302 reports concerning the case.   It should be noted that Mr. Bonner was convicted on September 22, 2000 (2:00 CR 55) and his conviction affirmed on September 13, 2002 (01-2192 7th Circuit). His FOIA request was received by this office almost 4 years after the 7th Circuit affirmed his conviction and sentence.

4)    It is the standard practice and procedure of this office upon conclusion of an appeal to prepare a case for submission to the record center.   This process involves removing and shredding

all grand jury documents and investigative reports. Evidence is typically returned to the investigative agency. This is a district policy that has been in effect since 1987.

5)    The case of Vernon Bonner was no exception to the rule. Other than court pleadings, trial subpoenas, and court transcripts all other material was removed from the file following the 7th Circuit's affirmation of Mr. Bonner's conviction.

6)    On June 27, 2006 I requested my secretary Barbara Ronciak search the Legal Information Network System ("LIONS") database. LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs").

7)    When I received EOUSA's request, Ms. Ronciak searched the LIONS database at my request and did not find any entries for Mr. Bonner in the LIONS database.

8)    Both Ms. Ronciak and I reviewed the file that had been prepared for shipping to the records center and find none of the materials Mr. Bonner seeks.

9)    On June 27, 2006, I notified EOUSA that I could not locate any records responsive to Mr. Bonner's request.

10)    On October 30, 2003, EOUSA requested that I make a statement regarding the searches my secretary and I conducted in June 2006. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16 day of August 2007

Hammond, Indiana

DIANE L. BERKOWITZ
ASSISTANT U.S. ATTORNEY
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

2



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,       )
        Plaintiff,           )
                             )    Civil Number 06-2051 EGS
        v.                   )
                             )
                             )
SOCIAL SECURITY ADMINISTRATION,  )
        Defendant.           )

DECLARATION OF ETHEL BURROWS

**DECLARATION OF ETHEL BURROWS**

I, ETHEL BURROWS, declare and say:

1. I am a Division Director in the Office of Public Disclosure (OPD) of the Social
Security Administration (SSA). This Office is responsible for establishing policies and
practices to administer the Freedom of Information Act (FOIA), 5 U.S.C. § 552; the
Privacy Act, 5 U.S.C. § 552a; the Internal Revenue Code provision on disclosure,
26 U.S.C. § 6103, as it pertains to SSA; section 1106 of the Social Security Act,
42 U.S.C. § 1306; SSA regulations on disclosure, 20 C.F.R. Parts 401 and 402; and other
disclosure issues. In addition, OPD is responsible for deciding whether to release or
withhold records under the FOIA.

2. I have personal knowledge of procedures used in handling FOIA requests for
information from SSA files pursuant to title 5 United States Code, section 552.

3. By letter dated February 13, 2006, the Office of the Inspector General (OIG) in
SSA's Chicago Regional Office, received a letter from Vernon Bonner requesting his:

"Chicago Social Security Fraud Investigation" Report a 200 page
document start at Bates Stamp Number 000201-0004000.

Special Agent Norene S. Williams, SSA/OIG/OI
Assistant Special Agent-In-Charge Thomas McCarter

Any and all information concerning this "Social Security
Fraud Investigation" and Private Investigators/Government's
Investigators used on this case. Any and all reports concerning
Vernon Bonner & Maria Magana-Bonner.

We would like this information that you "WithHeld" during our
trial, this was a Brady v. Maryland, 373 US 83 (1963) and Jencks
v. United States, 353 US 657 (1957) & Criven v. Roth,
172 F.3d 991, 996 (7th Cir. 1999). Disclose evidence.

Attached hereto and marked as Exhibit A is a true and correct copy of

Mr. Bonner's FOIA request of February 13, 2006.

4. On March 27, 2006, the OIG, in Headquarters mailed a letter to

Mr. Bonner, informing him that because he also requested information for his wife,

Maria, SSA needed to have Maria's authorization for the release of her own records

before the requested information could be released to him. Upon receipt of Maria's

authorization, OIG informed Mr. Bonner that SSA could release the requested records.

Attached hereto and marked as Exhibit B is a true and correct copy of the letter sent by

OIG on March 27, 2006.

5. On May 5, 2006, OIG, Headquarters, received the authorization for release of

information from Ms. Bonner. Attached hereto and marked as Exhibit C is a true and

correct copy of the letter received from Mr. and Mrs. Bonner on May 5, 2006.

6. On May 23, 2006, OIG, Headquarters, faxed the February 13, 2006, FOIA

request to OPD.

7. On June 12, 2006, OPD received a copy of the redacted investigative file from OIG.

8. On October 23, 2006, OPD sent a letter and released requested documents, as appropriate, to Mr. Bonner. Attached hereto and marked as Exhibit D is a true and correct copy of the letter sent to Mr. Bonner by SSA on October 23, 2006.

9. On November 2, 2006, Mr. Bonner Initiated a Complaint in the United States District Court for the District of Columbia. That complaint was filed by the Court on November 30, 2006. SSA was served on December 4, 2006. Mr. Bonner indicated in the complaint that he had not received a response from SSA regarding his February 13, 2006, FOIA request. Attached hereto and marked as Exhibit E is a true and correct copy of the Complaint filed by Mr. Bonner.

10. As indicated above, SSA responded to Mr. Bonner's February 13, 2006, FOIA request on October 23, 2006.

11. OPD has received no appeal from Mr. Bonner regarding its October 23, 2006, response to his FOIA.


I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 27th 2007.

By: _Ethel Burrows_

Ethel Burrows
Division Director
Office of Public Disclosure
Social Security Administration

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE: February 13, 2006

AGENCY: OFFICE OF THE INSPECTOR GENERAL .
OFFICE OF INVESTIGATION/ Social Security Administration

ADDRESS: 200 West Adams. Suite 2951

CITY, STATE   CHICAGO, IL 60606

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

IDENTIFYING PERSONAL INFORMATION

NAME: Vernon Bonner & Maria Magana-Bonner

ADDRESS: P.O. Box 1000; FPC; Dorm 208-103

CITY, STATE, ZIP: Duluth, MN 55814.1000

BIRTHDATE: Vernon April 1, 1950 / Maria April 25, 1952

BIRTHPLACE: Vernon, St.Louis, MO / Maria, Mexico

SOCIAL SECURITY NUMBER: Vernon, 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/ Maria 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

FBI NUMBER: OI File No. C-98-00227-F

MARSHAL'S SERVICE NUMBER: Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

*A*

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Goltschalk</u>, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Chicago Social Security Fraud Investigation" Report a 200 page document starting at Bates Stamp Number 000201-000400.

Special Agent Norene S. Williams, SSA/OIG/OI

Assisant Special Agent-In-Charge Thomas McCarter

Any and all information concerning this "Social Security Fraud Investigation" and Private Investigators/ Government's Investigators used on this case. Any and all reports concerning Vernon Bonner & Maria Magana-Bonner.

We would like this information that you "WithHeld" during our trial. this was a <u>Brady v. Maryland</u>, 373 US 83 (1963) and <u>Jencks v. United States</u>, 353 US 657 ( 1957) & <u>Criven v. Roth</u>, 172 F.3d 991, 996 (7th Cir. 1999). Disclose evidence.

Mail address for Maria:

Maria Magaga-Bonner, # 10009-041, Federal Prison Camp; A03-271

P.O. Box A ; Alderson, W. VA. 24910

## Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

Vernon Bonner
        Requestor Signature

MAR 27 2006



# SOCIAL SECURITY

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Vernon Bonner
P.O. Box 1000 FPC
Dorm 208-103
Duluth, MN 55814-1000

Dear Mr. Bonner:

This office is in receipt of the Freedom of Information Act request you sent to the Social Security
Administration, Office of Disclosure Policy, dated February 13, 2006.

In your letter you request any and all information, along with all reports, for both yourself as well as your
wife Maria Magana-Bonner, related to the "Chicago Social Security Fraud Investigation." Please note
that because you have also requested information for Maria, in order to accommodate your request we
also need to have her signature, indicating her authorization for the release of her own records. If you
will provide us with her signature and authorization, we will then be able to forward you the complete set
of records that you have requested at one time. A sample copy of a document containing language that
would suffice for this purpose is enclosed for your convenience.

Please obtain that authorization and send it to the address listed below:

<div align="center">

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235

</div>

If you have any questions regarding this request, please call Peter Johnson at
(410) 966-6142.

<div align="center">

Sincerely,

Peter W. Johnson

Peter W. Johnson
Staff Attorney

</div>

β

RECEIVED

MAY 0 5 2006

SSA OIG OCCIG

April 5, 2006

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to
the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235-0001

Dear Mr. Johnson:

Pursuant to 5 U.S.C. Section 552a(b), I authorize the Social Security
Administration, Office of the Inspector General to release any and and all
information relating to me to:

Vernon Bonner or Maria Magana-Bonner

Yours truly,

_____ & _____  28 U.S.C. § 1746
Vernon Bonner & Maria Magana-Bonner

Maria Magana-Bonner
10009-041; B4
Box A
Alderson, WV 24910-0990

April 5. 2006

Pursuant to 5 U.S.C Section 552a(b), I authorize the Social
Security Administration, Office of the Inspector General
to release any and all information, including reports to
my husband, Vernon Bonner.

Maria Mogana Bonner

C

Bonner, Vernon;06300027
Federalprisoncamp
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814.1000

Mailed:

4-28-06

DULUTH MN

28 APR 2005

09:19 05/05 2005

SSA-HD Mail Center



Social Security Administration
Office of the Chief Counsel
to the Inspector General
ATTn: P.S. Johnson; 3-ME-1
6401 Security Boulevard
Baltimore, MD

# SOCIAL SECURITY

October 24, 2006

Refer to:
S9H: PN0483

Mr. Vernon Bonner
P.O. Box 1000
FPC; Dorm 208-103
DuLuth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your February 13, 2006, request for information under the Freedom of Information Act (FOIA). Your request states that you want the information that was "withheld" during your trial regarding the Social Security Fraud Investigation and Private Investigation/Government's Investigators used in the case against you and your wife (Maria Magana-Bonner). We subsequently received the written consent of your wife to disclose information about her to you.

I have considered your request under the Privacy Act (5U.S.C. § 552a), the Freedom of Information Act (5U.S.C. § 552), and the Internal Revenue Code (IRC) (26 U.S.C. § 6103).

We have identified 260 pages of information responsive to your request, of which 234 pages are enclosed with this letter. I have, however, withheld 26 pages and deleted portions of 112 pages as portions of these pages and the pages withheld contain personal information about living individuals that would constitute a clearly unwarranted invasion of personal privacy. I have, therefore, determined that disclosure of this information would be a clearly unwarranted invasion of personal privacy, and that the information is exempt under the FOIA (5U.S.C. § 552(b)(6)),

Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."

Further, the FOIA exempts from mandatory disclosure personal information about living individuals that would constitute a clearly unwarranted invasion of personal privacy. We do not disclose personal information about living individuals from Social Security records under the circumstances of your request unless disclosure would serve the public interest to a degree the outweighs the individual's right to privacy (5 U.S.C. § 552(b)(6)).

There is no fee for processing this request.

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. Mark the envelope "Freedom of Information Appeal."

Sincerely,

Willie J. Polk
Freedom of Information Officer

Enclosure

**FILED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                              )
# 06300-027
P.O.  BOX 1000                              )
DULUTH, MN 55814,                           )
                    Plaintiff,              )
VS.                                         )

SOCIAL SECURITY ADMINISTRATION              )
6401 SECURITY BOULEVARD
BALTIMORE, MD MD 21235,                     )       CASE NUMBER   1:06CV02051

DEPARTMENT OF VETERANS AFFAIRS              )       JUDGE: Emmet G. Sullivan
1800 G STREET, N.W.,
WASHINGTON, D.C.  20006,                    )       DECK TYPE: FOIA/Privacy Act

UNITED STATES ATTORNEYS                     )       DATE STAMP: 11 30/2006
600 EAST STREET, N.W., ROOM 7300
WASHINGTON, D.C.  20530,                    )

AND                                         )

FEDERAL BUREAU OF INVESTIGATION             )
F.B.I., BLVD., 935 PENNSYLVANIA AVE.,
WASHINGTON, D.C.  20535-0001,               )
                    DEFENDANTS.             )

**COMPLAINT TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 5 USCS § 552 FREEDOM OF INFORMATION ACT (FOIA)**

Now comes, Plaintiff, Vernon Bonner, Pro Se, not an attorney but a lay-person before this Honorable Court in the above Matter:

**JURISDICTION**

This federal Court has jurisdiction over this Matter.

**VENUE**

Venue lies in your district.

**PLAINTIFF**

Plaintiff, is a federal prisoner who was convicted in federal Court by a Jury for fraud. Certain reports and documents were withheld by the Government.

**RECEIVED**

NOV 09 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

*E 1*

**DEFENDANTS**

Defendants are the Social Security Administration (SSA), Department of Veterans Affairs (VA), United States Attorneys (USA), and Federal Bureau of Investigation (FBI). These Agencys have certain reports and documents that were withheld from the Plaintiff.

**STATEMENT OF FACTS**

I

SOCIAL SECURITY ADMINISTRATION (SSA)

**A.** On or about February 13, 2006 I Plaintiff, mailed a FOIA form to the Social Security Administration Office of Inspector General (SSA/OIG) for a copy of the Chicago Social Security Fraud Investigation (CSSFI) report[s]. Case File No. C-98-00227-F, by Special Agent Norene S. Williams, SSA/OIG. Agent Williams testified at Plaintiff trial, the Prosecutors and Agent Williams never gave the defense the "CSSFI" reports.

**B.** Requesting reports of Private Investigators and Government Investigators.

**C.** On or about March 20, 2006 I Plaintiff, remailed a copy of the FOIA form to the "SSA/OIG."

**D.** On or about March 27, 2006 I Plaintiff, received a letter from the "SSA/OIG" related to the "CSSFI" reports and documents that I Plaintiff had requested. Mr. Peter W. Johnson staff attorney for the Office of the Chief Counsel to the Inspector General informed me that he Mr. Johnson would send the "Bonners" both of the "CSSFI" reports and that they needed Maria Magana-Bonner signature for approval.

**E.** On or about April 2006 Maria and I mailed an Affidavit to staff attorney Mr. Johnson with our signature to send the "CSSFI" reports to the "Bonners."

-2-

**F.** On or about September 26, 2006 I Plaintiff, mailed a letter to "SSA/OIG" staff attorney Mr. Johnson informing him that the "Bonners" have not received the "CSSFI" reports.

## II
## DEPARTMENT OF VETERANS AFFAIRS (VA)

**A.** On or about February 20, 2006 I Plaintiff, mailed a FOIA form request to the "Department of Veterans Affairs Office of Inspector General (VA/OIG) for a copy of the "Veterans Affairs Fraud Investigation" report[s]. Case File No. 24-896-511-10, by Special Agent Brian Penton.  Agent Penton testified at Plaintiff trial, this report was never given to Plaintiff by Prosecutor or Agent Penton.

~~B. A copy of the FOIA request form was also mailed to the "VA" in Washington,~~ D.C., on or about February 24, 2006.

**C.** On or about April 17, 2006 I Plaintiff, received a letter from the "VA" Mr. Lawrence J. Timko, Director of Opperational Support Division in Washington, DC.

**D.** On or about October 10, 2006 I Plaintiff, mailed a letter to Mr. Timko, informing him that I have not received the Investigation report[s] that I had requested.

## III
## UNITED STATES ATTORNEYS (USA)

**A.** On or about February 20, 2006 I Plaintiff, mailed a FOIA request form to the United States Attorneys (USA) requesting the "Veterans Affairs Fraud Investigation" report[s], Case File No. 24-896-511-10, Special Agent Brian Penton testified at Plaintiff trial.

**B.** Any and all telephone records.

**C.** Requesting names of all Private Investigators and Government Investigators and their reports.

-3-

D.   On or about October 16, 2006 I Plaintiff, mailed a Letter to the "USA" in-
forming you that I have not received the reports and documents that I requested
to Mr. Stewart II.

E.   On or about October 20, 2006 I Plaintiff, received a letter from Mr. William
G. Stewart II, USA office concerning Northern District of Indiana that their are
no records.

F.   On or about October 23, 2006 I Plaintiff, mailed a letter Appealing Mr.
Stewart II decision concerning this Matter.

<h3 style="text-align:center">IV</h3>

## FEDERAL BUREAU OF INVESTIGATION (FBI)

A.   On or about February 17, 2006 I Plaintiff, mailed a FOIA request form to the
~~FBI requesting a copy of the Investigation report[s] and documents.~~

B.   Requesting reports of Ron Carver, FBI Agent.

C.   Requesting reports of Special Agent Norene S. Williams, SSA/OIG.

D.   Reports on Virginia Bonner from the Country of Mexico and Diego Magana from
the Country of Gautemala.

E.   Requesting names of Private Investigators and Government Investigators and
their reports concerning this case.

F.   On or about April 18, 2006 Plaintiff received a letter from the FBI Mr. David
M. Hardy.

G.   On or about October 16, 2006 I Plaintiff, mailed a letter to the FBI, Mr. D.
M. Hardy informing him that I have not received the report[s] and documents that
I requested.

**WHEREFORE,** Plaintiff prays that the Court will GRANT him production of the
requested reports and documents.

Under penalty of perjury the above is true and correct to the best of my belief
and knowledge, 28 USCA § 1746.

Respectfully submitted,

Dated: 11-02-06

Verken Bonner, # 06300-027
              P.O. Box 1000, Duluth, MN 55814

-4-



GOVERNMENT
EXHIBIT
EE
CARDELS 800-783-0369

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VERNON BONNER )
)
)    Case No. 06-2051-EGS
v. )
SOCIAL SECURITY )
ADMINISTRATION, *et.al.* )
)

## Declaration of Shirley J. Landes

I, Shirley J. Landes, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am currently assigned as Chief, Information Release Office, Office of Inspector General, Department of Veterans Affairs, Washington, D.C.

2.    As chief of this office, it is my responsibility to ensure that Freedom of Information Act (FOIA) requests from the public are promptly and properly processed. By law, we must respond to a requester within 20 workdays.

3.    According to the date stamp, this office received Mr. Vernon Bonner's February 20, 2006, FOIA request on March 21, 2006, in which he asked for "Veterans Administration Fraud Investigation Report File Number 24-896-511-10." Exhibit 1, attached hereto, is a true and correct copy of his initial request.

4.    In order to determine if the Office of Inspector General (OIG) had any responsive records, we conducted a search of the OIG's computerized Master Case Index (MCI). We determined that OIG case number 1996-01144-I2-0047, a criminal investigation, was responsive. That criminal investigation was initiated based upon a complaint that Mr. Bonner fraudulently obtained a veteran's widow's monetary VA benefits without her authorization. The MCI showed the case closed on April 30, 2001 by the OIG's Chicago Field Office. We made a request through the Headquarters Office of the Office of Investigations to have the Chicago office forward the file to Washington. Due to the age of the file, it had to be obtained from the Records Center and was subsequently sent to this office.

5.    On April 17, 2006, this office sent an acknowledgment letter to Mr. Bonner. Exhibit 2, attached hereto, is a true and correct copy of that letter.

6.    On May 2, 2006, this office received another copy of Mr. Bonner's February 20, 2006, FOIA request. Exhibit 3, attached hereto, is a true and correct copy of that letter.

7. On October 24, 2006, this office received Mr. Bonner's "status request" letter of October 9, 2006. On November 8, 2006, this office responded and advised him the request was in our queue to be worked. Exhibits 4 and 5, attached hereto, are true and correct copies of those letters.

8. On December 19, 2006, this office received Mr. Bonner's letter of December 1, 2006. On December 29, 2006, this office received Mr. Bonner's letter dated November 13, 2007. Exhibits 6 and 7, attached hereto, are true and correct copies of those letters.

9. On May 15, 2007, this office received Mr. Bonner's letter of May 7, 2007. On May 15, 2007, this office responded to Mr. Bonner and advised him the file was still in our queue to be worked. Exhibits 8 and 9, attached hereto, are true and correct copies of those letters.

10. On June 19, 2007, this office received Mr. Bonner's "note" of June 4, 2007, appended to our May 15th letter, requesting that his request be expedited. On June 28, 2007, this office advised him we did not believe his request met the Department of Justice standard for expedited processing. Exhibits 10 and 11, attached hereto, are true and correct copies of those letters.

11. On July 12, 2007, this office received Mr. Bonner's "note" of July 5, 2007, appended to our June 28th letter. Mr. Bonner continued to request expedited processing. Exhibit 12, attached hereto, is a true and correct copy of that letter with his appended note.

12. Upon review of the investigative file, this office determined that the closing investigative report was responsive to Mr. Bonner's request. The report consisted of 129 pages. On August 3, 2007, this office released 12 pages of documents from the responsive report to Mr. Bonner and withheld 117 pages of documents in accordance with FOIA exemptions 3, 6 and 7C (5 U.S.C. § 552(b)(3), (6) and (7C)). We segregated all releasable information and provided this information to Mr. Bonner.

13. Exemption 3 authorizes the withholding of information specifically exempted from disclosure by other confidentiality statutes, provided that such statutes require that the matters be withheld from the public in such a manner as to leave no discretion on the issue (Federal Grand Jury Title 18 Federal Rules of Criminal Procedure Rule 6(e)). Exemption 6 authorizes the withholding of information obtained from personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7C authorizes the withholding of records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

14.  The VA OIG deleted names, social security numbers, the VA claim number of the complaint submitted by a third party, and identifying details regarding third party witnesses who were interviewed regarding the fraud investigation of plaintiff. Id. at ¶ 13.  The 41 attachments were withheld in their entirety to protect personal information that pertains to third party witnesses interviewed as a part of the investigation, contain personal details about these private citizens, consist of applications from third parties for VA benefits, and contain the notes of investigators regarding personal or financial information of third parties revealed during the criminal investigation.  This material was withheld pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  Id.  To the extent the exhibits pertained to matters before a grand jury, those were also withheld pursuant to Fed. R. Crim. P 6(e) and FOIA exemption (b)(3).

15.  The VA OIG segregated and released as much information in the investigative report as possible, making limited redactions to protect the personal privacy of third parties.  The 117 pages of exhibits were not reasonably segregable.  The little "factual" information contained in these documents is so intertwined with personal financial and other private information that to delete it and release the remaining information would render the release meaningless.  Plaintiff proffered no compelling need which would override the personal privacy of the third parties in their records, the interview notes describing them and their candid comments, their applications for benefits and correspondence, and other documents withheld.  Moreover, to the extent information in the exhibits reveals what matters were heard before a grand jury, release was deemed to be protected under Fed. R. Crim. P 6(e) and FOIA exemption (b)(3).

16.  We advised Mr. Bonner of the proper procedures to follow if he wished to appeal our office's decision to withhold information pursuant to the cited FOIA exemptions.  The appeal procedures are found in 38 C.F.R. § 1.557.  Exhibit 13 , attached hereto, is a true and correct copy of our response.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Shirley J. Landes
Office of Inspector General (50CI)
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

Executed this _____ day of August 2007 in Washington, D.C.

OIGIOR-01-101-1-T-0108    ALLURRAGEMAE 4/18

Page 2 of FOIA Request

as set forth in Anderson v. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. v. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Veterans Administration Fraud Investigation" Report File Number 24-896-511-

10: Bates Stamp Number Starting at 000101, Special Agent Bryant Penton.

Court Case No. 21 00-CR-551(1)RL

Assistant U.S. Attorney Diana L. Berkowitz

RECEIVED

MAR 2 1 2005

VA OIG FOIA

2

---

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE:    February 20, 2006

AGENCY:    DEPARTMENT OF VETERANS AFFAIRS, OFFICE OF INSPECTOR GENERAL

ADDRESS:    575 North Pennsylvania Street

CITY, STATE    Indianapolis, Indiana 46204

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME:    Vernon Bonner

ADDRESS:    P.O. Box 1000; FPC, Dorm 208-103

CITY, STATE, ZIP:    Duluth, MN 55814.1000

BIRTHDATE:

BIRTHPLACE:

SOCIAL SECURITY NUMBER:

ZMX NUMBER:    24-896-511/10

MARSHAL'S SERVICE NUMBER:    Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 5§52 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(III).

If your agency requires a certain form for Freedom of Information Act
Requests, please send an official copy of said form, as the Prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

Bonner,V. 06300027
Federalprisoncamp
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814.1000



Mailed:   2-20-06

LEGAL MAIL

DEPARTMENT of VETERANS AFFAIRS
OFFICE of INSPECTOR GENERAL
Office of Investigation
575 N. Pennsylvania Street
INDIANAPOLIS, INDIANA 46204

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with the request and produce the records, or to immediately notify the requestor should "unusual circumstances" arise in complying with this request. As pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack v. Department of Justice, 49 F.3d 115, cert. denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

Vernon Bonner
Requestor Signature

Date:  2-20-06

3

DVA



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

APR 17 2006

Mr. Vernon Bonner, #06300027
Federal Prison Camp
Dorm 208-103, POB 000
DuLuth, MN 55814-1000

Dear Mr. Bonner:

This refers to your February 20, 2006, Freedom of Information Act (FOIA) request, received in this office on March 21st. You are seeking information from Office of Inspector General investigative file number "24-896-511-10." We have assigned FOIA case number 2006-01709-FI-0108 to your request.

We are attempting to identify the responsive material. As soon as we are able to do so, we will respond further to your FOIA request. If you correspond further with this office, please reference your aforementioned FOIA number

Sincerely,

LAWRENCE J. TIMKO
Director, Operational Support Division

Page 2 of FOIA Request

as set forth in Anderson v. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah), 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears v. Gottschalk, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. v. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 76.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Veterans Administration Fraud Investigation" Report File Number 24-896-511-

10: Bates Stamp Number Starting at 000101  Special Agent Bryant Penton.

Court Case No. 2: 00-CR-55(1)RL

Assistant U.S. Attorney, Diane L. Berkowitz

RECEIVED
MAY 2 2006
VA OIG FOIA

2

---

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE:  February 20, 2006

AGENCY:  DEPARTMENT of VETERANS AFFAIRS, OFFICE of INSPECTOR GENERAL
ADDRESS:  Office of Investigation
          575 North Pennsylvania Street
CITY, STATE  Indianapolis, Indiana 46204

Dear Agency Officials:

As pursuant to U.S.C. §§952 of FOIA, and U.S.C. 55552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

IDENTIFYING PERSONAL INFORMATION

NAME:  Vernon Bonner

ADDRESS:  P.O. Box 1000; FCI; Dorm 208-103

CITY, STATE, ZIP:  Duluth, MN 55814,1000

BIRTHDATE:

BIRTHPLACE:

SOCIAL SECURITY NUMBER:

VA FBI NUMBER:  24-896-511/10

MARSHAL'S SERVICE NUMBER:  Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and
sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 55552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

Bonner,V. 06300027
Federalprisoncamp
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814.1000



Mailed:   2-20-06

**DEPARTMENT of VETERANS AFFAIRS**
OFFICE of INSPECTOR GENERAL
Office of Investigation
575 N. Pennsylvania Street
INDIANAPOLIS, INDIANA 46204

LEGAL MAIL

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(1), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack v. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

     Vernon Bonner
     Requestor Signature
Date:   2-20-06

Remailed: 4-7-06; B

DVA

3

2007-00313-FI-0034

October 9, 2006

Suspense 11/22/06

**RECEIVED** not

OCT 2 4 2006

**VA OIG FOIA**

Mr. Lawrence J. Timko
Director, Operational
Support Division
Department of Veterans
Affairs: Office of
Inspector General
Washington DC 20420

Re: FOIA # 2006-01709-FI-0108.
Case File # 24-896-511-10.

Dear Mr. Timko:

As of this date 10-9-06, I have not
received the "Investigation Report."
I would like to know what is the
Status of my request. See attached.

Sincerely,

VB

Vernon Bonner
# 06300 027; FPC
P.O. Box 1000
Duluth, MN 55814.1000



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

NOV − 8 2006

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your October 9, 2006, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

*Shirley J. Landes*

SHIRLEY J. LANDES
Chief, FOIA/PA Section



## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:**  Dec. 1, 2006

**AGENCY:**  DEPARTMENT of VETERANS AFFAIRS OFFICE INSPECTOR GENERAL

**ADDRESS:**  1800 G., Street, N.W.

**CITY, STATE**  WASHINGTON, D.C.  20006

**RECEIVED**

DEC 1 9 2006

VA OIG FOIA

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  Vernon Bonner, # 06300027

**ADDRESS:**  P.O. Box 1000, FPC, Dorm 208-103

**CITY, STATE, ZIP:**  DuLuth, MN 55814.1000

**BIRTHDATE:**  ███████

**BIRTHPLACE:**  ███████

**SOCIAL SECURITY NUMBER:**  ███████

**FBI NUMBER:**  'VA' Case File # 24-896-511-10/ FOIA # 2006-01709-FI-0108

**MARSHAL'S SERVICE NUMBER:**  NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

**VA 12-01-06**

### Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>DEPARTMENT OF VETERANS AFFAIRS (VA) OFFICE OF INSPECTOR GENERAL (OIG)</u> Case File # 24-896-511-10/ FOIA # 2006-01709-FI-0108/ Court Case # 2:00-CR-55-1 Hammond, Indiana.

1. Special Agent Bryant D. Penton, VA/OIG:  Video and Audio tapes concerning Vernon Bonner on or about April of 1998 in Hines, Illinois.  Names of Agents that were their from Social Securiyt Administration (SSA) and the Veterans Affairs (VA); and their reports.

2. Special Agent Daniel Marks:  Requesting report[s], documents and electronic computer messages concerning Vernon Bonner.

3. Theresa Davis, VA, Quality Specialist Traning Coordinator for Veterans Affairs: Requesting report[s], documents and electronic computer messages concerning Vernon Bonner.

4. Mr. Farrell Tate, Dean Blake, Claudia Grahamm and Bonnie Kettles:  Requesting report[s], documents, recorded telephone conversation[s] and recorded conversation concerning Vernon Bonner that "VA" has.  They all testified at Mr. Bonner trial.

<u>Note:</u> I would like the reports and documents in Ten (10) days or a REPLY.

2

VA 12-01-06

## Page 3 of FOIA Request

As pursuant to 5 U.S. $ 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s) Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. $ 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V.</u> <u>Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. <u>130, 133</u> L.Ed. <u>2d 78</u>. I am requesting a fee waiver, I am indigent/ send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 USCA $ 1746.

Requestor Signature
Vernon Bonner                              Dec. 1, 2006

\# 06300027
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

3

## FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

DATE:  Nov. 13, 2006

AGENCY: **DEPARTMENT of VETERANS AFFAIRS OFFICE INSPECTOR GENERAL**

ADDRESS:  1800 G., Street, N.W.

CITY, STATE  WASHINGTON, D.C.  20006

**RECEIVED**

DEC 2 9 2006

**VA OIG FOIA**

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME:  Vernon Bonner, # 06300027

ADDRESS:  P.O. Box 1000, FPC, Dorm 208-103

CITY, STATE, ZIP: DuLuth, MN 55814-1000

BIRTHDATE:  ███████████

BIRTHPLACE:  ███████████

SOCIAL SECURITY NUMBER:  ███████████

~~FBI~~ NUMBER:  'VA' CASE FILE # 24-896-511-10 & FOIA # 2006-01709-FI-0108

MARSHAL'S SERVICE NUMBER:  NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

(7)

## Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document[s], <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD[S] REQUESTED

#### <u>Department of Veterans Affairs Office of Inspector General (VA/OIG) Case File # 24-896-511-10</u>

1. Requesting report[s], documents and electronic computer messages of Special Agent Bryant D. Penton, VA/OIG; concerning the Social Security Administration (SSA) and the Veterans Affairs (VA) also Diane L. Berkowitz, AUSA (Prosecutor) in Hammond, Indiana and the Prosecutors in Chicago, Illinois; Vis-a-Vis. Court Case # 2:00-CR-55-1 Hammond, Indiana and Court Case # 01-CR-670 Chicago, Illinois; Special Agent Norene S. Williams, SSA/OIG and Agent Penton, VA/OIG Vis-a-Vis their Communications.

2. Requesting report[s], documents and electronic computer messages of SA Armando Lopez; concerning 'SSA and VA.'

3. Requesting report[s], documents and electronic computer messages of Agents in Washington, DC and New York City; concerning the 'SSA and VA' case.

4. Requesting letter[s] and statement[s] of Angelita V. Kettles and her friends that were sent to or made to the 'VA or SSA.'

5. James C. Kettles, SS# ████████, VA # ████████ is deceased: I am requesting the Official Investigation Case File concerning this case; A.V. Kettles testified at Mr. Bonner trial.

<u>Note:</u> I would like the report[s] and Documents in Ten (10) days or a REPLY.

2

VA/OIG: 11-13-06

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V.</u> <u>Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, I am indegent or send report(s) and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief and knowledge, 28 USCA § 1746.

Requestor Signature
Vernon Bonner                              Nov. 13, 2006

# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

3

RECEIVED

MAY 1 5 2007

VA OIG FOIA

May 7, 2007

Department of Veterans Affairs
Office of Inspector General
SHIRLEY J. LANDERS
Chief, FOIA/PA Section
Washington DC 20420

Re: FOIA # 2006-01709-FI-0108 / CIVIL ACTION # 06-2051-EGS.

Dear Ms. Landers:

As of this date May 7, 2007 I have not received the FOIA information that I
requested. See Letter Dated November 8, 2006; Also April 17, 2006.

If there is a problem, please advise.

Sincerely,

Vernon Bonner,
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

MAY 1 5 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your May 7, 2007, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

*Shirley J. Landes*

SHIRLEY J. LANDES
Chief, Information Release Office

(9)



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

MAY 1 5 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your May 7, 2007, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

*Shirley J. Landes*

SHIRLEY J. LANDES
Chief, Information Release Office

June 4 , 2007
Dear Ms. Landers:

    I, Vernon Bonner am requesting that this FOIA matter be "expedite" as soon as possible. Civil Action # 06-2051-EGS.
    If there is a problem, please advise.

Sincerely,

Vernon Bonner

**RECEIVED**

JUN 1 9 2007

VA OIG FOIA



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

JUN 2 8 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your June 4, 2007, letter, received in this office on June 19th. You are asking us to "expedite" your Freedom of Information Act (FOIA) request of February 20, 2006. Your FOIA request sought all documents in "Veterans Administration Fraud Investigation Report File 24-896-511-10, Bates Stamp Number Starting at 000101."

Once we were able to identify the responsive material, we determined that because of the volume, it would take us some time to process it for release to you. Accordingly, we sent you an interim response on April 17, 2006 to let you know we placed your request in our queue for processing.

Please allow me to explain our procedures. We process requests for information on a first come, first served basis. We have numerous requests, including several for a voluminous amount of documents, in our queue, that were received before yours. It would be unfair to process your request ahead of others received before yours.

We do not believe your request for "expedited" processing meets the standards as stated in the Department of Justice, Freedom of Information Act Guide, March 2007 edition. Your request for "expedited" processing can be granted only if you demonstrate a "compelling need" in one of two ways: by establishing that your failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; or, if you are a "person primarily engaged in disseminating information," by demonstrating that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.

Accordingly, we are denying your request for expedited processing. If you are able to demonstrate a "compelling need" for expedited processing, please advise, and we will reconsider your request.

Sincerely,

SHIRLEY J. LANDES
Chief, Information Release Office



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

JUN 2 8 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your June 4, 2007, letter, received in this office on June 19th. You are asking us to "expedite" your Freedom of Information Act (FOIA) request of February 20, 2006. Your FOIA request sought all documents in "Veterans Administration Fraud Investigation Report File 24-896-511-10, Bates Stamp Number Starting at 000101."

Once we were able to identify the responsive material, we determined that because of the volume, it would take us some time to process it for release to you. Accordingly, we sent you an interim response on April 17, 2006 to let you know we placed your request in our queue for processing.

Please allow me to explain our procedures. We process requests for information on a first come, first served basis. We have numerous requests, including several for a voluminous amount of documents, in our queue, that were received before yours. It would be unfair to process your request ahead of others received before yours.

We do not believe your request for "expedited" processing meets the standards as stated in the Department of Justice, Freedom of Information Act Guide, March 2007 edition. Your request for "expedited" processing can be granted only if you demonstrate a "compelling need" in one of two ways: by establishing that your failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; or, if you are a "person primarily engaged in disseminating information," by demonstrating that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.

Accordingly, we are denying your request for expedited processing. If you are able to demonstrate a "compelling need" for expedited processing, please advise, and we will reconsider your request.

**RECEIVED**

JUL 1 ? 2007

**VA OIG FOIA**

Sincerely,

*Shirley J. Landes*
SHIRLEY J. LANDES
Chief, Information Release Office

7-05-2007

Dear Ms. Landes:
    I, Vernon Bonner would like this FOIA expedited
You have had about Two(2) years to process this
FOIA request... I Vernon Bonner

(12)



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

AUG – 3 2007

· Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is a final response to your February 20, 2006, Freedom of Information Act (FOIA) request, received in this office on March 21, 2006. You are seeking information from "Veterans Administration Fraud Investigation Report File Number 24-896-511-10, Bates Stamp Number Starting at 000101." We determined that Office of Inspector General investigative file number 1996-01144-I2-0047 is responsive to your request.

We have redacted some information from the enclosed report, in accordance with FOIA exemptions 3, 6, and 7C (5 U.S.C. §552 (b)(3), (b)(6), and (b)(7)(C)), Exemption 3 authorizes the withholding of information specifically exempted from disclosure by other confidentiality statutes, provided that such statutes require that the matters be withheld from the public in such a manner as to leave no discretion on the issue (Federal Grand Jury Title 18 Federal Rules of Criminal Procedure Rule 6(e)). Exemption 6 authorizes the withholding of information obtained from personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7C authorizes the withholding of records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you do not agree with our decision to withhold the specific information mentioned above, you may appeal to the Office of General Counsel, as provided in Title 38, Code of Federal Regulations, Section 1.557. You should include your specific objection(s) as they pertain to the withheld information and reference FOIA case number 2006-01709-FI-0108. The address is: Office of General Counsel (02), Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420.

Sincerely,

SHIRLEY J. LANDES
Chief, Information Release Office

Enclosure

13



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Vernon Bonner, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 06-2051 |
| Department of State et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.   I am the U.S. Department of State's (Department's)
Information and Privacy Coordinator and the Director of the
Department's Office of Information Programs and Services (IPS).
In these capacities, I am the Department official immediately
responsible for responding to requests for records under the
Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy
Act (PA), 5 U.S.C. § 552a, and other applicable records access
provisions.  I have been in the employ of the Department of

2

State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am authorized to classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7, 9.14. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case files established for the processing of the subject requests, and upon information furnished to me in the course of my official duties. I have read the complaint filed by the plaintiff in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject requests.

2. The core responsibilities of IPS include: records access requests made by the need-to-know community, the public (under the FOIA, Privacy Act and mandatory classification review requirements of E.O.12958, as amended, or the Ethics in Government Act), members of Congress, other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security classification management and declassification review; corporate records archives management; research; the Department's Library; and the technology that supports these activities.

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

3.   The purpose of this declaration is to address the Department's handling of plaintiff's requests for Department of State records pertaining to two children and possibly other individuals as well.

## I.   ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST

4.   By letter dated January 16, 2007 (Exhibit 1), plaintiff sent the Department of State a list of six numbered paragraphs under the heading "record(s) requested." The first paragraph requested "report[s], documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner . . . and Child Diego Magana." (Brackets in original.) Plaintiff stated that the Social Security Administration and the United States Attorney in Chicago, Illinois said the children did not exist. In the second and third numbered paragraphs, plaintiff provided the children's dates of birth and places (perhaps also of birth). In the remaining three numbered paragraphs, plaintiff provided information concerning three other individuals:  "Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois," in "[t]he year 2000 to 2003;" "Special Agent Ron Carver, FBI: Chicago, Illinois," 2000-03; and "AUSA's

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

4

Chanen, Chang: United States Attorney, Case #01-CR-670: Chicago, Illinois," 2000-03. Plaintiff requested a waiver of fees.

5.  By letter dated May 29, 2007 (Exhibit 2), IPS acknowledged receipt of plaintiff's request and assigned it case control number 200700638. Plaintiff was advised that an agreement to pay fees and additional information and clarification was needed before IPS could proceed with the processing of his request. Plaintiff was advised that by making a FOIA request, he was considered to have agreed to pay all applicable fees up to $25.00 unless a fee waiver had been granted. Plaintiff was advised that he could specify his willingness to pay a greater or lesser amount and that he could set a limit of the maximum amount that he wished to pay. Plaintiff was informed that he had been placed in the "other requester" category for fee purposes and that his request for a fee waiver had been denied. He was provided with the right to appeal the fee waiver denial decision within 30 days. In light of the confusing nature of plaintiff's description of events, plaintiff was advised that more information would be needed to identify the records he was requesting before IPS could begin processing his case. Specifically, plaintiff was informed that the Department consists of hundreds of offices and overseas posts, with many different filing systems, and that his request

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

5

should be specific, detailed, and include as much of the
following as might be relevant:

>--time frame of plaintiff's request;

>--type of record, subject matter, countries
>and/or organization involved;

>--full description of incidents, meetings,
>events, persons involved, etc., pertaining to
>the documents requested;

>--any information on specific filing systems.

Plaintiff was advised that his request had been closed and that
if he wished to pursue his request, he should submit an
agreement to pay fees and the additional information needed to
identify the records he was seeking.  The IPS letter noted that
22 C.F.R. Part 171 (the Department's regulations setting the
requirements of a proper FOIA request) was enclosed.

     6.  By letter dated June 5, 2007 (Exhibit 3), plaintiff
requested that IPS send him the FOIA information sought in
request number 200700638 and bill him, stating that he would
pay.  A copy of page 2 of plaintiff's January 16, 2007 FOIA
request was enclosed (containing the six numbered paragraphs
described above).  Plaintiff stated that this page had all the
information that IPS needed and requested expeditious handling
of his request.  Additionally, on August 8, 2007 IPS received a
note from plaintiff dated July 23, 2007 (Exhibit 4), again

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

requesting expeditious handling of his request, and enclosing a copy of page 2 of his January 16, 2007 FOIA request.

7.  By letter dated August 10, 2007 (Exhibit 5), IPS acknowledged receipt of plaintiff's June 5 and July 23 letters and assigned his request a new case control number, 200703612. Plaintiff was advised that he still had not provided all of the information requested in the IPS letter to him of May 29, 2007. Plaintiff was advised that his request concerned multiple individuals but insufficient information about them for IPS to know where to search for potentially responsive records, and therefore, IPS could not begin processing the request. Plaintiff was asked to provide detail about the circumstances under which the requested records would have been generated, and as much information as he could about the type of record, subject matter, countries and/or organizations involved. Plaintiff was also asked to provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested and any information on specific filing systems that were likely to contain the requested records.  IPS also advised that plaintiff should clarify whether he was seeking records only about the children or whether he was also seeking records pertaining to the other individuals mentioned in his request.  Furthermore, IPS advised that, under 22 C.F.R. §§ 171.12 and 171.32, access to information about

private individuals generally could not be given to unauthorized third parties absent the individuals' written consent. Plaintiff was informed that the State Department requires that written consent be in the form of a signed, notarized statement from the individual(s), authorizing the Department to release information to the other party.  Further, plaintiff was advised that the statement should bear the original signature of the individual and original seal of the notary.  Plaintiff was advised that in lieu of notarization, the individual may provide an original signature with a statement declaring "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."  Plaintiff was advised that, alternatively, if he was a parent or legal guardian of a minor child, he could present documentation of his relationship to the minor and the Department may, in its discretion, disclose records concerning the minor child to him.  Plaintiff was advised that IPS does not understand his assertion about the existence of the children subject to his request.  Plaintiff was further advised that if these are real people, IPS needs an authorization or documentation of parental status or guardianship.  Plaintiff was advised that in accordance with the Department's regulations, his June 5, 2007 letter would be interpreted as an agreement to pay fees up to $25.00 and confirmed he had been placed in the "all other requesters"

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

category for fee purposes. Plaintiff was advised that since IPS could not begin to process his request, it was a moot issue whether the request would be entitled to expedited processing and that he may ask for expedited treatment when he supplies the additional information necessary to make his request valid. IPS noted, however, that to merit expedited processing, a request must demonstrate a compelling need for the information, setting forth with specificity the facts on which the request is based. Plaintiff was advised that his June 5 and July 23 letters did not meet this standard. Plaintiff was informed that his request had been closed, and that, if he wished to pursue his request, he should send a new FOIA request to IPS which would include the additional information needed to process it.

8. In summary, plaintiff's request has been closed because it could not be processed without third-party authorization or documentation of parental relationship and the additional information necessary to make it valid.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _19th_ day of August 2007

_Margaret P. Grafeld_

Margaret P. Grafeld

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

DATE:   Jan. 16, 2007

AGENCY:   DEPARTMENT OF STATE

ADDRESS:   2201 C Street, N.W.

CITY, STATE   Washington, D.C.  20520

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME:   Vernon Bonner

ADDRESS:   P.O. Box 1000, FPC, Dorm 208-103

CITY, STATE, ZIP:   DuLuth, MN 55814.1000

BIRTHDATE:   April 1, 1950   .

BIRTHPLACE:   St. Louis, MO

SOCIAL SECURITY NUMBER:   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

FBIX NUMBER:   NA

MARSHAL'S SERVICE NUMBER:   NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

GRAFELD DECLARATION        '07 JAN 26 PM3:41
Civil Action No. 06-2051
Exhibit 1

JAN. 16, 2007
Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

### DEPARTMENT OF STATE

1. Requesting report(s), documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990: Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary. This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or 2002.

2. Child: Virginia Bonner, DOB: 6-20-89; Matehuala, San Luis Potosi, MEXICO.

3. Child: Diego Magana, DOB: 9-01-1990; Chiquimula, CHIQUIMULA, GUATEMALA.

4. Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois. The year 2000 to 2003.

5. Special Agent Ron Carver, FBI: Chicago, Illinois. The year 2000-03.

6. AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

<u>Note:</u> I would like this information:Ten (10) days or a REPLY.

2

Page 3 of FOIA Request: DEPARTMENT OF STATE

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack V.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78. I am requesting a fee waiver or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of
the records requested. Under penalty of perjury the above is true and correct to
the best of my belief, 28 USCA § 1746.

X *Maria Magana Bonner* — S VB
      Requestor Signature
*Maria Magana Bonner   & Vernon Bonner*


MARIA MAGANA-BONNER            JAN. 16, 2007
5072 CAROLINA ST.
GARY, INDIANA 46409
DOB: 4-25-52 (MEXICO)
SSN: 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

3



**United States Department of State**

*Washington, D.C. 20520*

May 29, 2007
Case Number: 200700638

Mr. Vernon Bonner
Number 06300027
Post Office Box 1000
FPC, Dorm 208-103
Duluth, MN 55814-1000

Dear Mr. Bonner

This is in response to your Freedom of Information Act (FOIA) request dated January 16, 2007 for all documents concerning your child, Virginia Bonner and another child, Diego Magana.

Before we can proceed with the processing of your request, we need an agreement to pay fees as described below and additional information and clarification as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

By making a FOIA request, the requester shall be considered to have agreed to pay all applicable fees up to $25.00 unless a fee waiver has been granted. You may specify a willingness to pay a greater or lesser amount. If the estimated fees will exceed this limit, you will be notified.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 2

-2-

Based upon the information that you have provided, we have placed you in the other requester category. This category requires us to assess search time after 2 hours/duplication costs after the first 100 pages. (see 22 CFR 171, enclosed)

Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay.

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

**Information to Identify Records:** The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of Department employees.

As the Department of State consists of hundreds of offices and overseas posts, with many different filing systems, your request should be specific, detailed, and include as much of the following as might be relevant:

--time frame of your request;

--type of record, subject matter, countries and/or organizations involved;

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
        *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

-3-

--full description of incidents, meetings, events, persons
involved, etc., pertaining to the documents requested;

--any information on specific filing systems.

Please be advised your request has been closed in our system. If, after noting
the information cited above, you wish to pursue this request, please send us a
new FOIA request, which would include an agreement to pay fees and
additional information needed, as described above.

For further communications, please note our contact information at the bottom
of this page. We can provide faster service if you include the case number of
your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Anne T. Baker
Requester Communications Branch

Enclosures:
As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
  *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

June 5, 2007


Anne T. Baker
Request Communications Branch
Office of Information Programs
and Servives
U.S. Department of State SA-2(RM 8006)
515  22nd Street  NW
Washington  DC  20520

Re:  Case # 200700638

Dear Ms. Baker:

Please send me the FOIA information and Bill me, I will pay.  I am sending
you a Copy of page 2 of the FOIA that was sent to you on January 16, 2007 it
has all the information you need.  Please "expedite" this for me.

If there is a problem, please advise.


Sincerely,

Vernon Bonner
06300027; FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

CC: Mrs. Bonner

Enclosures:  As stated


'07 JUN 20 PM

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 3

JAN. 16, 2007
Page 2 of FOIA Request

as set forth in Anderson v. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

#### DEPARTMENT OF STATE

1. Requesting report[s], documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990: Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary. This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or 2002.

2. Child: Virginia Bonner, DOB: 6-20-89; Matehuala, San Luis Potosi, MEXICO.

3. Child: Diego Magana, DOB: 9-01-1990; Chiquimula, CHIQUIMULA, GUATEMALA.

4. Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois. The year 2000 to 2003.

5. Special Agent Ron Carver, FBI: Chicago, Illinois. The year 2000-03.

6. AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

Note: I would like this information;Ten (10) days or a REPLY.

2

7-23-2007

Please expedite
this FOIA For
me.
                VernonBonner
                VB

'07 AUG 8 AM 11:17

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 4

*FOIA # 2007-00638*

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

__DEPARTMENT OF STATE__

1. Requesting report[s], documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990: Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary. This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or 2002.

2. Child: Virginia Bonner, DOB: 6-20-89; Matehuala, San Luis Potosi, MEXICO.

3. Child: Diego Magana, DOB: 9-01-1990; Chiquimula, CHIQUIMULA, GUATEMALA.

4. Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois. The year 2000 to 2003.

5. Special Agent Ron Carver, FBI: Chicago, Illinois. The year 2000-03.

6. AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

__Note:__ I would like this information;Ten (10) days or a REPLY.

*Remailed July 23-2007: Please expedite.*



**United States Department of State**

*Washington, D.C. 20520*

AUG 10 2007

Case Number: 200703612

Mr. Vernon Bonner
06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your renewed Freedom of Information Act (FOIA) request dated June 5, 2007 (as well as your note re-mailing it on July 23, 2007), for copies of documents concerning various individuals including two children, Virginia Bonner and Diego Magana. Unfortunately, you still have not provided all of the information asked for in our letter to you of May 29, 2007. Please note that we have assigned your case a new number (200703612).

Your request concerns multiple individuals but insufficient information about them for us to know where to search for potentially responsive records, and accordingly we cannot begin processing your request.

As we noted in our earlier letter to you, the Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so your request should be specific, detailed, and include as much information as possible to allow us to locate any responsive records with a reasonable amount of effort. For example, please provide detail about

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 5

the circumstances under which the records you seek would have been generated, and as much information as you can about the type of record, subject matter, countries and/or organizations involved. Please provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested. Please provide any information on specific filing systems that are likely to contain the records you seek, and please clarify whether you are seeking records only about the children mentioned in your request or whether you are also seeking records pertaining to the other individuals mentioned.

## <u>Third Party Requests</u>

Furthermore, access to information about private individuals generally cannot be given to unauthorized third parties absent the individuals' written consent. As required by the regulations we provided with our earlier letter (and which we enclose again with this letter), requests for records pertaining to third parties must be accompanied by a written authorization from each individual about whom records are sought. See 22 C.F.R. sections 171.12 and 171.32.

The State Department requires that written consent be in the form of a <u>signed, notarized</u> statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **<u>original signature</u> of the individual and <u>original seal of the notary</u>**, and be dated within six months of the date of the request.

In lieu of notarization, the individual may make the following statement: "I [declare, certify, verify, or state] under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct." Such a statement must be forwarded to us **with a <u>current date</u> and an <u>original signature</u>** (faxed photocopies cannot be accepted).

For deceased individuals, unless the death has been widely reported, please provide proof of death (e.g., newspaper obituary or a copy of a death certificate), or advise us that none will be forthcoming.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
        *Website:  www.foia.state.gov*

*Inquiries:*
*Phone:  1-202-261-8484*
*FAX:  1-202-261-8579*
*E-mail:  FOIAStatus@state.gov*

-3-

The authorization, and your request for information from the State Department, **should _not_ be submitted on a Department of Justice (G-28) or Department of Homeland Security (G-639) form, or a form from any other agency,** but rather on your letterhead or plain bond. Please be advised that these forms do not authorize the State Department to release privacy-protected information, rather they authorize the Departments of Justice and/or Homeland Security, respectively, to release privacy-protected information.

Alternatively, if you are the parent or legal guardian of a minor child, you can present documentation of your relationship to the minor, and the Department may, in its discretion, disclose records concerning the minor to you as appropriate. See 22 C.F.R. Section 171.32(c).

We do not understand your assertion about the existence of the children subject to your request. If these are real people, as appears from your provision of dates and places of birth, we need an authorization or documentation of parental status or guardianship as discussed above. Your allegations concerning what other parties may have said about the existence of these children is not controlling. If in fact these children do not exist, you should provide us with supporting documentation for that assertion and explain the circumstances so that we can better understand the privacy interests implicated in your request.

## Fees

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted. In accordance with our regulations, we would interpret your June 5, 2007 letter as an agreement to pay fees up to $25.

As noted in our earlier letter, you are in the "all other requesters" category. The fee schedule designated for that category requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the records sought, after the first 100 pages of duplication and the first two hours of search time.

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

### Expedited Processing

Due to the fact that we cannot begin processing your request at this time, it is a moot issue whether your request would be entitled to expedited processing. If you wish to pursue this request, you may ask for expedited treatment when you supply the additional information necessary to make your request valid. We note, however, that to merit expedited processing, a request must demonstrate a compelling need for the information, setting forth with specificity the facts on which the request is based. (See 22 C.F.R. Section 171.12(b), enclosed.) Your June 5 letter and your July 23 note do not meet this standard.

Please be advised that your request has been closed in our system. If, after noting the information cited above, you wish to pursue this request, please send us a new request, which would include the additional information noted above.

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Anne T. Baker
Requester Communications Branch

Enclosure:
22 C.F.R. Part 171

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    · *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*