## *UNITED STATES DISTRICT COURT*
## *FOR THE DISTRICT OF COLUMBIA*

| | | |
|---|---|---|
| **VERNON BONNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2051 (EGS)** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANTS' NOTICE OF FILING AND ERRATA

PLEASE TAKE NOTICE that Defendants, through the undersigned counsel, are today refiling the accompanying copies of Exhibits AA through FF to Defendants' Motion for Summary Judgment and request that these copies be substituted for those filed on September 12, 2007. The attached exhibits are redacted to conform with the Court's privacy policy. On September 11, 2007, Plaintiff was served with the full, unredacted copies of these exhibits with service of the Motion for Summary Judgment.

Defendant also files this errata to correct an error in paragraph 21 of Defendants' Statement of Material Facts Not In Genuine Dispute. The last sentence of the paragraph should read as follows:

**Material was withheld pursuant to FOIA exemption (b)(6).  Id.**

The reference in this paragraph to FOIA exemption (b)(7)(C) should be disregarded as the Social Security Administration did not assert that exemption to withhold any material.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.  Rm. E-4114
Washington, D.C.  20530
(202) 514-7135

CERTIFICATE OF SERVICE

I CERTIFY that on September 12, 2007, plaintiff was served with a copy of the foregoing Notice of Filing, via first-class mail postage prepaid and addressed:

Vernon Bonner
#06300-027
P.O. Box 1000
Duluth, MN   55814

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

-3-



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,               )
                             )
        Plaintiff,           )
                             )
        v.                   )        Civil Action No. 06-02051 (EGS)
                             )
SOCIAL SECURITY ADMINISTRATION, )
        et al.,              )
                             )
        Defendants.          )
                             )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  Specifically, I am

aware of the treatment which has been afforded the FOIA request of plaintiff, Vernon Bonner to

the FBI's Chicago Field Office (CGFO) for documents related to himself and Virginia Bonner.

(4)     The purpose of this declaration is to provide the Court and plaintiff with a status

of the FBI's response to plaintiff's request, as well as to provide a basis to move to dismiss the

complaint, or in the alternative, move for summary judgment in favor of the FBI.  This

declaration includes the procedural history of plaintiff's FOIA/Privacy Act requests, an

explanation of the FBI's Central Records System ("CRS"), a discussion of the search for records

conducted in the Chicago Field Office ("CGFO") and the results of that search.

## CHRONOLOGY OF PLAINTIFF'S FOIA/PRIVACY ACT REQUESTS TO THE CHICAGO FIELD OFFICE

(5)     By FOIA request form dated February 17, 2006, ultimately directed to the CGFO,[1]

plaintiff submitted a FOIA request for:

> "Chicago Social Security Fraud Investigation" a 200 page Report
> starting at Bates Stamp Number 000212-000400.  File # C-98-
> 00227-F.
> Agent Ron Carver, FBI
> Special Agent Norene S. Williams, SSA/OIG/OI
> Reports from United States Embassy in Mexico, for the Birth

---

[1]     Plaintiff's initial FOIA request form was addressed to the FBI office in Gary, Indiana.
The February 17, 2006 FOIA form has a notation, which appears to have been made by plaintiff,
that the request was "remailed on 3/1/06" to the CGFO.  See Exhibit A.  The FBI therefore
interpreted plaintiff's request as a request to the CGFO.

Certificate of "Virginia Bonner"[2] name on Birth Certificate as the
Father "Vernon Bonner."
The name and reports of any Private investigators/Government's
Investigators that were used on this case, and any other case.
Any and all 302 Reports concerning this case and any other case
concerning Vernon and Maria; wife of Vernon Bonner.

(See Exhibit A).

(6)    By letter dated March 15, 2006, FBIHQ advised plaintiff that his FOIA/Privacy

Act request to the CGFO that was forwarded to FBIHQ was being returned because plaintiff's

letter did not contain sufficient information to conduct an accurate search of the central records

system. This form letter requested that plaintiff provide certain required information to conduct

the search. The form was completed by plaintiff, signed and dated March 31, 2006, and returned

to FBIHQ. (See Exhibit B.)

(7)    By letter dated April 18, 2006, FBIHQ acknowledged receipt of plaintiff's

FOIA/Privacy Act request and notified plaintiff that his request had been assigned FOIPA

Request Number 1044401-000. (See Exhibit C.)

(8)    By letter dated June 1, 2006, plaintiff was advised by FBIHQ that approximately

1500 pages were located that appeared to relate to his request. Plaintiff was informed if all 1500

pages are determined to be releasable, duplication costs of $140.00 could result, representing a

charge of ten cents per page. Plaintiff was advised that duplication fees are not charged for the

first 100 pages. The letter advised plaintiff that Department of Justice ("DOJ") regulations, (28

C.F.R. §§ 16.11 and 16.49), require notification to a requester when anticipated charges exceed

$25.00. FBIHQ requested plaintiff's written notification indicating his willingness to incur the

---

[2]    Pursuant to FBI policy, plaintiff's request for files related to Virginia Bonner was not
addressed because plaintiff did not provide either a Privacy Act waiver from Ms. Bonner or proof
of death. See 28 C.F.R. § 16.3(a). Third-party individuals maintain strong privacy interests in
not having their personal information disclosed pursuant to 5 U.S.C. § 552(b)(7)(C). Thus,
absent a Privacy Act waiver from the individual, or proof of that individual's death, the FBI will
neither confirm nor deny the existence of any files pertaining to any individual, such as Virginia
Bonner.

estimated fees.  Plaintiff was advised that he may consider reducing the scope of his request which would allow him both to lower this costs and hasten the receipt of the information.  The three track request system was explained to plaintiff.  Plaintiff was told to advise the FBI in writing if he was interested in discussing the possibility of reducing the scope of his request or if he was willing to pay the estimated duplication costs.  Plaintiff was advised that no payment should be made at this time and that unless advised to the contrary, we are assuming that he is willing to pay fees.  (See Exhibit D.)

(9)    By letter dated August 31, 2006, FBIHQ made an initial release, at no charge to the plaintiff, of 105 pages (out of 109 pages reviewed and processed)of responsive material from Chicago file 46-CG-111171.  The FBI advised that deletions were made pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(E).  Plaintiff was further advised there were approximately 2,000 pages remaining to be processed in this file and if he wished to receive the remainder of this file to remit his payment of $200.00 by money order made payable to the FBI.[3]  Plaintiff was advised of his right to file an administrative appeal to the DOJ Office of Information and Privacy (OIP).  (See Exhibit E.)

(10)    The package which FBIHQ sent to plaintiff August 31, 2006 was returned to the FBI on September 14, 2006 as "Returned to Sender-Not Deliverable as Addressed-Unable to Forward."

(11)    By letter dated October 16, 2006 to FBIHQ, plaintiff informed that he had not received the "Information" that he requested and to bill him.  (See Exhibit F.)

(12)    By letter dated November 28, 2006, FBIHQ, for the second time, provided plaintiff a copy of the August 31, 2006 release from the CGFO file.  (See Exhibit G.)

---

[3]    The 2000-page figure that was given to plaintiff appears to be incorrect; in fact, it now appears that only approximately 1430 pages remain to be processed, and therefore the FBI's June 1, 2006 letter containing a 1500-page estimate provides a more accurate figure.

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(13)     The Central Records System ("CRS") enables the FBI to maintain all information

which it has acquired in the course of fulfilling its mandated law enforcement responsibilities.

The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and

other files compiled for law enforcement purposes.  CRS is organized into a numerical sequence

of files, called FBI "classifications," which are broken down according to subject matter.  The

subject matter of a file may correspond to an individual, organization, company, publication,

activity, or foreign intelligence matter (or program).  Certain records in the CRS are maintained

at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in

those field offices.  While the CRS is primarily designed to serve as an investigative tool, the FBI

searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests.

The mechanism that the FBI uses to search the CRS is the Automated Case Support System

("ACS").

(14)     The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and

FBIHQ in order to consolidate portions of the CRS that were previously automated.  ACS can be

described as an internal computerized subsystem of the CRS.  Because the CRS cannot

electronically query the case files for data, such as an individual's name or social security

number, the required information is duplicated and moved to the ACS so that it can be searched.

More than 105 million records from the CRS were converted from automated systems previously

utilized by the FBI.  Automation did not change the CRS; instead, automation has facilitated

more economic and expeditious access to records maintained  in the CRS.

(15)     The retrieval of data from the CRS is made possible through the ACS using the

General Indices, which are arranged in alphabetical order.[4]  The entries in the General Indices fall

---

[4]      The General Indices are not only automated but also include index cards which allow a
(continued...)

into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the
> name corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry --"Reference" entries, sometimes called
> "cross-references," are generally only a mere mention or reference
> to an individual, organization, or other subject matter, contained in
> a document located in another "main" file on a different subject
> matter.

(16)    Searches made in the General Indices to locate records concerning a particular

subject, such as plaintiff's requests, are made by searching the subject requested in the index.

(17)    The ACS consists of three integrated, yet separately functional, automated

applications that support case management functions for all FBI investigative and administrative

cases:

(a)  Investigative Case Management ("ICM") – ICM provides the ability to open,

assign, and close investigative and administrative cases as well as set, assign, and track leads.

The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens

a case.  The field offices that receive leads from the OO are referred to as Lead Offices ("LOs").

When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by

FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the

investigation.  Using the file number "46-CG-111171," as an example, an explanation of the

UCFN is as follows:  "46" indicates the classification for the specific type of investigation, i.e.,

"Fraud Against the Government; "CG" is the abbreviated form used for the OO of the

investigation, which in this case is the Chicago Field Office; and "111171" denotes the individual

case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository

_____

[4](...continued)
manual search for records that pre-dated the implementation of ACS on October 16, 1995.

for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 99.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(18)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., plaintiff Vernon Bonner and Virginia Bonner.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(18)    In response to plaintiff's FOIA requests, the FBI initiated a search of its CGFO general indices to identify all potentially responsive main files. The FBI used the general indices

-7-

to search the CRS for files concerning plaintiff's specific request for the "Chicago Social Security Fraud Investigation." A search was conducted using the name "Vernon Bonner." For example, this search would locate records which have similar phonetic sounds of each last and first name: "Bonner, Vernon," "Bonner, V," and "Bonner, Vernon, R." The FBI also used plaintiff's date of birth and social security number to facilitate the identification of the requested records. This search located one main investigatory file from the Chicago Field Office responsive to plaintiff's request.

(19)    This file is identified as 46-CG-111171, and is classified as a "Fraud Against the Government; Social Security Administration Investigation."[5]

## STATUS OF PLAINTIFF'S REQUEST

(20)    As stated earlier, on two separate occasions the FBI released free of charge 105 pages of documents to plaintiff, and advised plaintiff that he needed to indicate a willingness to pay for the remaining pages in order for the FBI to continue its processing. At this time, the FBI estimates that approximately 1450 pages remain to be processed. As of the date of this declaration, plaintiff has not indicated his willingness to pay the additional fees associated with the pages which remain to be processed. In the absence of a further response from plaintiff, including payment of the outstanding duplication fees, the FBI will consider this matter resolved, and proceed to close this request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

---

[5]    As noted earlier, plaintiff's initial FOIA request form was addressed to the FBI office in Gary, Indiana. The subsequent notation on the form indicating that the request was "remailed on 3/1/06" to the Chicago Field Office led the FBI to interpret the request as a Chicago Field Office request. See Exhibit A. If plaintiff's intent was to make a request for FBI records in two different offices – [Gary, Indiana is a Resident Agency (satellite office) of the Indianapolis Field Office], the searches the FBI conducted revealed two main files in the Indianapolis Field Office which may be responsive. If plaintiff is interested in obtaining these files, the FBI will review and process these files once plaintiff has rendered the outstanding payment for the Chicago Field Office file.

and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this _____10th_____ day of August, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2051 (EGS) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# EXHIBIT   A

### FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

*Remailed on:*

*3-01-06*

**DATE:**  February 17, 2006

**AGENCY:**  FEDERAL BUREAU OF INVESTIGATION (FBI)

**ADDRESS:**  610 Connecticut Street

**CITY, STATE**  Gary, Indiana  46402

*F B I*
*219 So. Dearborn St.*
*Chicago IL 60604*
*VS*
*Vernon Bonner*

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  Vernon Bonner & Maria Magana-Bonner (Wife)

**ADDRESS:**  P.O. Box 1000; FPC; Dorm 208-103

**CITY, STATE, ZIP:**  DuLuth, MN 55814.1000

**BIRTHDATE:**  Vernon, April 1,      Maria, April 25,

**BIRTHPLACE:**  Vernon, St. Louis, MO/ Maria, Mexico

**SOCIAL SECURITY NUMBER:** Vernon,              Maria,

**FBI NUMBER:**  Maybe; OI File No. C-98-00227-F

**MARSHAL'S SERVICE NUMBER:**  Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record. <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Chicago Social Security Fraud Investigation" a 200 page Report starting at Bates Stamp Number 000201-000400.  File # C-98-00227-F.

Agent Ron Carver, FBI

Special Agent Norene S. Williams, SSA/OIG/OI

Reports from United States Embassy in Mexico, for the Birth Certificate of "Virginia Bonner" name on Birth Certificate as the Father "Vernon Bonner."

The name and reports of any Private Investigators/ Government's Investigators that were used on this case, and any other case.

Any and all 302 Reports concerning this case and any other case concerning Vernon and Maria; wife of Vernon Bonner.

MAILING ADDRESS for MARIA:

Maria Magana-Bonner, # 10009-041; Federal Prison Camp; A03-271

P.O.  Box A ; Alderson, W. VA.  24910

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

VERNON BONNER
        Requestor Signature

*Remailed on: 3-1-06, VB*

*Remailed Again on: 3-31-06, VB*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
        Plaintiff,                      )
                                        )
              v.                        )        Civil Action No. 06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
et al.,                                 )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 15, 2006

Mr. Vernon Bonner
**06300027
Federal Prison Camp
Dorm 208-103
Post Office Box 1000
DuLuth, MN 55814-1000

Dear Mr. Bonner:

      Your Freedom of Information-Privacy Acts (FOIPA) request forwarded from the Chicago Field Office is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: *Vernon Bonner*

Current Address: *P.O. Box 1000; FPC*

Date of Birth: *4-1-50*    Place of Birth: *St. Louis, MO*

Daytime Telephone Number: _____

      You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek.

*NA*

      Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.**

Signature _____    Date *3-31-06*

      To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

*Dave M Hardy/dd*

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
        Plaintiff,                      )
                                        )
              v.                        )        Civil Action No. 06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
et al.,                                 )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT  C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

April 18, 2006

MR VERNON BONNER
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814-1000

Request No.: 1044401- 000
Subject: BONNER, VERNON

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request has been forwarded to FBI Headquarters from the Chicago Field Office.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VERNON BONNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2051 (EGS) |
| SOCIAL SECURITY ADMINISTRATION, et al., | ) |
| Defendant. | ) |

# EXHIBIT D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR VERNON BONNER                                                    June 1, 2006
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

Request No.:  1044401- 000
Subject: BONNER, VERNON

Dear Mr. Bonner:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately ___1500___ pages which appear to relate to your request. Under Title 28, Code of Federal Regulations (CFR), Sections 16.11 and 16.49, there is a duplication fee of ten cents per page for every page released over 100. These regulations require us to notify requesters when anticipated charges exceed $25, and if all the pages are released, you will owe $__140__ in duplication costs. Please remember this is only an estimate; and if some of the pages are withheld or are not identifiable with your subject, the actual charges could be less.

You may want to consider reducing the scope of your request. This would allow you both to lower your costs and hasten the receipt of your information. To streamline our operation, we divide our requests into three tracks based on the amount of material to be processed: small (1-500 pages); medium (501-2500 pages) and large (2501 or more pages), with the small track having the fastest rate of processing. To accelerate the processing of your request, you must reduce the pages to be processed to 500 pages or less. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request or if you are willing to pay the estimated duplication cost indicated in the above paragraph. Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. to 5:00 p.m., EST. You may fax your response to the following number:202-324-3752, Attention: Request Management Unit. You must include the FOIPA request number in any communication regarding this subject.

As stated previously, the cost indicated is only an estimate; therefore, no payment should be made at this time. Unless advised to the contrary, we are assuming that you are willing to pay fees.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                            )
                                          )
        Plaintiff,                        )
                                          )
            v.                            )    Civil Action No. 06-2051 (EGS)
                                          )
SOCIAL SECURITY ADMINISTRATION,           )
et al.,                                   )
                                          )
        Defendant.                        )
                                          )

# EXHIBIT E



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR VERNON BONNER
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

August 31, 2006

Subject: BONNER, VERNON

FOIPA No. 1044401

Dear Mr. Bonner:

 The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | | |
|---|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) | |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) | |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) | |
| _____ | ☐(b)(7)(D) | ☐(k)(2) | |
| _____ | ☒(b)(7)(E) | ☐(k)(3) | |
| _____ | ☐(b)(7)(F) | ☐(k)(4) | |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) | |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) | |
| ☐(b)(6) | | ☐(k)(7) | |

**Section 552a** (header over third column)

 **109** pages were reviewed and **105** pages are being released.

 ☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

   ☐  referred to the OGA for review and direct response to you.

   ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

 ☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Enclosed is an excised copy of Chicago file 46-CG-111171, which is responsive to your Freedom of Information/ Privacy Acts request.

Enclosed are 100 free pages from the file responsive to your request. There are approximately 2000 pages remaining to be processed in this file. If you wish to receive the rest of this file, please remit a payment of $200.00 by money order, payable to the FBI.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
          Plaintiff,                    )
                                        )
                v.                      )       Civil Action No. 06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
et al.,                                 )
                                        )
          Defendant.                    )
                                        )

# EXHIBIT  F

October 16, 2006

U.S. Department of Justice
Federal Bureau of Investigation
ATTN:  David M. Hardy
Washington, DC 20530

Re:  Request No. 1044401-000 (FOIPA)

Dear Mr. Hardy:

As of this date 10-09-06, I have not received the "Information", that I requested.  I would like to know what is the Status of my request.  Please bill me.

If there is a problem, please advise.

Sincerely,

Vernon Bonner
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

CC:  File Copy

See Attached:  Your letter's dated 6-01-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
        Plaintiff,                      )
                                        )
             v.                         )        Civil Action No. 06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
et al.,                                 )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT G



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR VERNON BONNER
***06300027
FPC
DORM 208-103
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

November 28, 2006

Subject: BONNER, VERNON

FOIPA No. 1044401

Dear Mr. Bonner:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

__109__ pages were reviewed and __105__ pages are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Enclosed is an excised copy of Chicago file 46-CG-111171, which is responsive to your Freedom of Information/ Privacy Acts request.

Enclosed are 100 free pages from the file responsive to your request. There are approximately <u>2000</u> pages remaining to be processed in this file. If you wish to receive the rest of this file, please remit a payment of <u>$200.00</u> by money order, payable to the FBI.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.  06-CV-2051-(EGS) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| ET AL. | ) | |
| Defendants. | ) | |

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include: acting

as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to

requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552

(1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review  of FOIA/PA requests

for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the

case files arising therefrom; the review of correspondence related to requests; the review of searches

conducted in response to requests; the location of responsive records; and preparation of responses

thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records

are in accordance with the provisions of both the FOIA and the PA, as well as the Department of

Justice regulations (28 C.F.R. §§16.3 et. seq.  and §16.40 et. seq.).

2)  As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or

withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions

brought under these Acts.  The statements I make hereinafter are made on the basis of my review of

1

the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

    3)  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Vernon Bonner (hereinafter referred to as "Mr. Bonner ").

    4) By letter dated February 20, 2006, Mr. Bonner submitted a FOIA request asking for specific records in the USAO for the Northern District of Indiana; see Exhibit A for a copy of this letter.

    5) EOUSA notified Mr. Bonner that he had not included a certificate of identification as required by DOJ regulations and that he must submit one. After receiving the certificate of identification from Mr. Bonner, EOUSA opened up a new request, assigned number 06-1704 to the request,  and on June 14, 2006 forwarded the request to the USAO for the Northern District of Indiana for a search. The USAO found no records.

    6) By letter dated October 16, 2006, EOUSA responded to request no. 06-1704 stating that there were no records found in the Northern District of Indiana; see Exhibit B for a copy of this letter.

    7)  Mr. Bonner filed an administrative appeal of the "no records" response with the Office of Information and Privacy ("OIP").  By letter dated June 15, 2007, OIP ruled on his appeal on request no. 06-1704 stating  that it had determined that EOUSA had conducted an adequate search, and, thereby was affirming EOUSA's action; see Exhibit C for a copy of OIP's letter.


    I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 9 2007.

                                    _____
                                      John Kornmeier

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:**    February 20, 2006

**AGENCY:**    **UNITED STATES ATTORNEY**

**ADDRESS:**    5400 Federal Plaza, Suite 1500

**CITY, STATE**    Hammond, Indiana 46320

RECEIVED
FEB 2 4 2006
HAMMOND

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**    Vernon Bonner

**ADDRESS:**    P.O. Box 1000; FPC; Dorm 208-103

**CITY, STATE, ZIP:**    DuLuth, MN 55814.1000

**BIRTHDATE:**    April 1,

**BIRTHPLACE:**    St. Louis, MO

**SOCIAL SECURITY NUMBER:**

**CASE ~~DOCK~~ NUMBER:**    Docket No. 2: 00-CR-55-(1)RL

**MARSHAL'S SERVICE NUMBER:**    Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed
favor of disclosure and its exemptions are to be narrowly constr

GOVERNMENT
EXHIBIT
A

1

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

Docket No. 2: 00-CR-55-(I) RL

"Veterans Administration Fraud Investigation" Report File No. 24-896-511/10.

Bates Stamp Number Starting at **000101**. Special Agent Bryant Penton, VA/OIG.

Any and all Telephone Records.

The names and Reports of any Private Investigators/ Government's Investigators that were used on this case.

Any and all 302 reports concerning this Case.

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack V.
Department of Justice, 49 F.3d 115, cert. denied, 116 S.Ct. 130, 133 L.Ed.
2d 78.

I respectfully thank you for your assistance in obtaining copies of
the records requested.

    Vernon Bonner
        Requestor Signature
        Dated:  2-20-06

15A



**U.S. Departm    of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **06-1704**          Date of Receipt: **04-06-06**

Requester: **Vernon Bonner**

Subject: **Self(specific records)/INN**

Dear Requester:                                                        Jul 16

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [   ]   A search for records located in EOUSA – _____ has revealed no responsive records regarding the above subject.

2.   **[ X ]**   A search for records located in the United States Attorney's Office(s) for the **Northern District of Indiana** has revealed no responsive records regarding the above subject. **Additionally, there are no private investigators.**

3.   [   ]   After an extensive search, the records which you have requested cannot be located.

4.   [   ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have received or will receive a separate response:_____.

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                       Sincerely,

                       William G. Stewart II
                       Acting Assistant Director

Enclosure(s)

Form No. 005 - 2/06



**U.S. Department . ʳJustice**

Office of Information and Privacy

RECEIVED

Telephone: (202) 514-3642            *Washington, D.C. 20530*

2007 JUN 20 AM 11: 14

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

**JUN 1 5 2007**

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp          Re:    Appeal No. 07-1281
Post Office Box 1000                 Request No. 06-1704    JWK
Duluth, MN 55814-1000               JTR:SRO

Dear Mr. Bonner:

You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to copies of certain investigative records pertaining to your
criminal case.

After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA informed you that it could locate no records responsive to your request in its files. I
have determined that EOUSA's response was correct, and that it conducted an adequate,
reasonable search for records responsive to your request. The investigative records pertaining to
your criminal case likely have been returned to the government agencies from which they
originated. If you have not already done so, I suggest that you make new requests for records
directly to those agencies.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

EOUSA



GOVERNMENT
EXHIBIT
C



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| U.S. DEPARTMENT OF JUSTICE et.al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DIANE L. BERKOWITZ

I, Diane L. Berkowitz, declare the following to be a true and correct statement of facts:

1)      This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Vernon Bonner.

2)      I am an Assistant United States Attorney in the Criminal Division of the United States Attorney's Office ("USAO"), Northern District of Indiana.   I have held this position for approximately 14 years.

3)      In June 2006, I received a FOIA Request from Vernon Bonner asking for the following items: VA file, report No. 24-896-511/10, from Special Agent Bryant Penton, any and all telephone records, the names and reports of private investigators/government investigators who were used in the case, and any and all 302 reports concerning the case.   It should be noted that Mr. Bonner was convicted on September 22, 2000 (2:00 CR 55) and his conviction affirmed on September 13, 2002 (01-2192 7th Circuit). His FOIA request was received by this office almost 4 years after the 7th Circuit affirmed his conviction and sentence.

4)      It is the standard practice and procedure of this office upon conclusion of an appeal to prepare a case for submission to the record center.   This process involves removing and shredding

all grand jury documents and investigative reports.   Evidence is typically returned to the investigative agency.   This is a district policy that has been in effect since 1987.

5)     The case of Vernon Bonner was no exception to the rule.   Other than court pleadings, trial subpoenas, and court transcripts all other material was removed from the file following the 7th Circuit's affirmation of Mr. Bonner's conviction.

6)     On June 27, 2006 I requested my secretary Barbara Ronciak search the Legal Information Network System ("LIONS") database. LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs").

7)     When I received EOUSA's request, Ms. Ronciak searched the LIONS database at my request and did not find any entries for Mr. Bonner in the LIONS database.

8)     Both Ms. Ronciak and I reviewed the file that had been prepared for shipping to the records center and find none of the materials Mr. Bonner seeks.

9)     On June 27, 2006, I notified EOUSA that I could not locate any records responsive to Mr. Bonner's request.

10)     On October 30, 2003, EOUSA requested that I make a statement regarding the searches my secretary and I conducted in June 2006. I declare under penalty of perjury that the foregoing is true and correct.

Executed this  16 day of August 2007

Hammond, Indiana

DIANE L. BERKOWITZ
ASSISTANT U.S. ATTORNEY
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

2



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Number 06-2051 EGS |
| v. | ) | |
| | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

## DECLARATION OF ETHEL BURROWS

## DECLARATION OF ETHEL BURROWS

I, ETHEL BURROWS, declare and say:

1. I am a Division Director in the Office of Public Disclosure (OPD) of the Social Security Administration (SSA). This Office is responsible for establishing policies and practices to administer the Freedom of Information Act (FOIA), 5 U.S.C. § 552; the Privacy Act, 5 U.S.C. § 552a; the Internal Revenue Code provision on disclosure, 26 U.S.C. § 6103, as it pertains to SSA; section 1106 of the Social Security Act, 42 U.S.C. § 1306; SSA regulations on disclosure, 20 C.F.R. Parts 401 and 402; and other disclosure issues. In addition, OPD is responsible for deciding whether to release or withhold records under the FOIA.

2. I have personal knowledge of procedures used in handling FOIA requests for information from SSA files pursuant to title 5 United States Code, section 552.

3. By letter dated February 13, 2006, the Office of the Inspector General (OIG) in SSA's Chicago Regional Office, received a letter from Vernon Bonner requesting his:

"Chicago Social Security Fraud Investigation" Report a 200 page document start at Bates Stamp Number 000201-0004000.

Special Agent Norene S. Williams, SSA/OIG/OI
Assistant Special Agent-In-Charge Thomas McCarter

Any and all information concerning this "Social Security Fraud Investigation" and Private Investigators/Government's Investigators used on this case.  Any and all reports concerning Vernon Bonner & Maria Magana-Bonner.

We would like this information that you "WithHeld" during our trial, this was a Brady v. Maryland, 373 US 83 (1963) and Jencks v. United States, 353 US 657 (1957) & Criven v. Roth, 172 F.3d 991, 996 (7th Cir. 1999).  Disclose evidence.

Attached hereto and marked as Exhibit A is a true and correct copy of Mr. Bonner's FOIA request of February 13, 2006.

4.  On March 27, 2006, the OIG, in Headquarters mailed a letter to Mr. Bonner, informing him that because he also requested information for his wife, Maria, SSA needed to have Maria's authorization for the release of her own records before the requested information could be released to him.  Upon receipt of Maria's authorization, OIG informed Mr. Bonner that SSA could release the requested records. Attached hereto and marked as Exhibit B is a true and correct copy of the letter sent by OIG on March 27, 2006.

5.  On May 5, 2006, OIG, Headquarters, received the authorization for release of information from Ms. Bonner.  Attached hereto and marked as Exhibit C is a true and correct copy of the letter received from Mr. and Mrs. Bonner on May 5, 2006.

6.  On May 23, 2006, OIG, Headquarters, faxed the February 13, 2006, FOIA request to OPD.

7. On June 12, 2006, OPD received a copy of the redacted investigative file from OIG.

8. On October 23, 2006, OPD sent a letter and released requested documents, as appropriate, to Mr. Bonner. Attached hereto and marked as Exhibit D is a true and correct copy of the letter sent to Mr. Bonner by SSA on October 23, 2006.

9. On November 2, 2006, Mr. Bonner Initiated a Complaint in the United States District Court for the District of Columbia. That complaint was filed by the Court on November 30, 2006. SSA was served on December 4, 2006. Mr. Bonner indicated in the complaint that he had not received a response from SSA regarding his February 13, 2006, FOIA request. Attached hereto and marked as Exhibit E is a true and correct copy of the Complaint filed by Mr. Bonner.

10. As indicated above, SSA responded to Mr. Bonner's February 13, 2006, FOIA request on October 23, 2006.

11. OPD has received no appeal from Mr. Bonner regarding its October 23, 2006, response to his FOIA.


I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 27th 2007.

By: _____

Ethel Burrows
Division Director
Office of Public Disclosure
Social Security Administration

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:** February 13, 2006

**AGENCY:** OFFICE OF THE INSPECTOR GENERAL.
OFFICE OF INVESTIGATION/ Social Security Administration

**ADDRESS:** 200 West Adams. Suite 2951

**CITY, STATE** CHICAGO, IL 60606

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** Vernon Bonner & Maria Magana-Bonner

**ADDRESS:** P.O. Box 1000; FPC; Dorm 208-103

**CITY, STATE, ZIP:** DuLuth, MN 55814.1000

**BIRTHDATE:** Vernon April 1,     / Maria April 25,

**BIRTHPLACE:** Vernon, St.Louis, MO / Maria, Mexico

**SOCIAL SECURITY NUMBER:** Vernon,          / Maria

**FBI NUMBER:** OI File No. C-98-00227-F

**MARSHAL'S SERVICE NUMBER:** Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

*A*

## Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
<u>Sears V. Goltschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Chicago Social Security Fraud Investigation" Report a 200 page document start-
ing at Bates Stamp Number 000201-000400.

Special Agent Norene S. Williams, SSA/OIG/OI

Assisant Special Agent-In-Charge Thomas McCarter

Any and all information concerning this "Social Security Fraud Investigation" and
Private Investigators/ Government's Investigators used on this case.  Any and all
reports concerning Vernon Bonner & Maria Magana-Bonner.

We would like this information that you "WithHeld" during our trial, this was
a Brady v. Maryland, 373 US 83 (1963) and Jencks v. United States. 353 US 657 (
1957) & Criven v. Roth, 172 F.3d 991, 996 (7th Cir. 1999). Disclose evidence.
  Mail address for Maria:

Maria Magaga-Bonner, # 10009-041, Federal Prison Camp; A03-271
  P.O. Box A ; Alderson, W. VA. 24910

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack V.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78.

I respectfully thank you for your assistance in obtaining copies of
the records requested.

Vernon Bonner
        Requestor Signature

3

MAR 27 2006



# SOCIAL SECURITY

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Vernon Bonner
P.O. Box 1000 FPC
Dorm 208-103
Duluth, MN 55814-1000

Dear Mr. Bonner:

This office is in receipt of the Freedom of Information Act request you sent to the Social Security
Administration, Office of Disclosure Policy, dated February 13, 2006.

In your letter you request any and all information, along with all reports, for both yourself as well as your
wife Maria Magana-Bonner, related to the "Chicago Social Security Fraud Investigation." Please note
that because you have also requested information for Maria, in order to accommodate your request we
also need to have her signature, indicating her authorization for the release of her own records. If you
will provide us with her signature and authorization, we will then be able to forward you the complete set
of records that you have requested at one time. A sample copy of a document containing language that
would suffice for this purpose is enclosed for your convenience.

Please obtain that authorization and send it to the address listed below:

<div align="center">

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235

</div>

If you have any questions regarding this request, please call Peter Johnson at
(410) 966-6142.

<div align="center">

Sincerely,

Peter W. Johnson

Peter W. Johnson
Staff Attorney

</div>

β

RECEIVED

MAY 0 5 2006

SSA OIG OCCIG

April 5, 2006

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to
the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235-0001

Dear Mr. Johnson:

Pursuant to 5 U.S.C. Section 552a(b), I authorize the Social Security
Administration, Office of the Inspector General to release any and and all
information relating to me to:

Vernon Bonner or Maria Magana-Bonner

Yours truly,

_____ & *Maria Magana Bonner*   28 U.S.C. § 1746
Vernon Bonner & Maria Magana-Bonner

Maria Magana-Bonner
10009-041; B4
Box A
Alderson, WV 24910-0990

April 5. 2006

Pursuant to 5 U.S.C Section 552a(b), I authorize the Social
Security Administration, Office of the Inspector General
to release any and all information, including reports to
my husband, Vernon Bonner.

Maria Magana Bonner

C

Bonner, Vernon;06300027
Federalprisoncamp
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814.1000

Mailed:

4-28-06

Social Security Administration
office of the Chief Counsel
to the Inspector General
ATTn: P.J. Johnson; 3-ME-1
6401 Security Boulevard
Baltimore, MD, 21235-6401





# SOCIAL SECURITY

October 24, 2006

Refer to:
S9H: PN0483

Mr. Vernon Bonner
P.O. Box 1000
FPC; Dorm 208-103
DuLuth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your February 13, 2006, request for information under the Freedom of Information Act (FOIA). Your request states that you want the information that was "withheld" during your trial regarding the Social Security Fraud Investigation and Private Investigation/Government's Investigators used in the case against you and your wife (Maria Magana-Bonner). We subsequently received the written consent of your wife to disclose information about her to you.

I have considered your request under the Privacy Act (5U.S.C. § 552a), the Freedom of Information Act (5U.S.C. § 552), and the Internal Revenue Code (IRC) (26 U.S.C. § 6103).

We have identified 260 pages of information responsive to your request, of which 234 pages are enclosed with this letter. I have, however, withheld 26 pages and deleted portions of 112 pages as portions of these pages and the pages withheld contain personal information about living individuals that would constitute a clearly unwarranted invasion of personal privacy. I have, therefore, determined that disclosure of this information would be a clearly unwarranted invasion of personal privacy, and that the information is exempt under the FOIA (5U.S.C. § 552(b)(6)),

Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."

Further, the FOIA exempts from mandatory disclosure personal information about living individuals that would constitute a clearly unwarranted invasion of personal privacy. We do not disclose personal information about living individuals from Social Security records under the circumstances of your request unless disclosure would serve the public interest to a degree the outweighs the individual's right to privacy (5 U.S.C. § 552(b)(6)).

D

There is no fee for processing this request.

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. Mark the envelope "Freedom of Information Appeal."

Sincerely,

Willie J. Polk
Freedom of Information Officer

Enclosure

FILED

NOV 30 2006

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VERNON BONNER,                                    )
# 06300-027                                       )
P.O.  BOX 1000                                    )
DULUTH, MN 55814,                                 )
                        Plaintiff,                )
VS.                                               )
                                                  )
SOCIAL SECURITY ADMINISTRATION                    )
6401 SECURITY BOULEVARD                           )      CASE NUMBER   1:06CV02051
BALTIMORE, MD MD 21235,                           )
                                                  )      JUDGE: Emmet G. Sullivan
DEPARTMENT OF VETERANS AFFAIRS                     )
1800 G STREET, N.W.,                              )      DECK TYPE: FOIA/Privacy Act
WASHINGTON, D.C.  20006,                          )
                                                  )      DATE STAMP:  11 30 /2006
UNITED STATES ATTORNEYS                           )
600 EAST STREET, N.W., ROOM 7300                  )
WASHINGTON, D.C.  20530,                          )
                                                  )
AND                                               )
                                                  )
FEDERAL BUREAU OF INVESTIGATION                    )
F.B.I., BLVD., 935 PENNSYLVANIA AVE.,             )
WASHINGTON, D.C.  20535-0001,                     )
                        DEFENDANTS.               )

COMPLAINT TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 5 USCS § 552 FREEDOM
OF INFORMATION ACT (FOIA)

Now comes, Plaintiff, Vernon Bonner, Pro Se, not an attorney but a lay-person

before this Honorable Court in the above Matter:

JURISDICTION

This federal Court has jurisdiction over this Matter.

VENUE

Venue lies in your district.

PLAINTIFF

Plaintiff, is a federal prisoner who was convicted in federal Court by a Jury for

fraud. Certain reports and documents were withheld by the Government.

RECEIVED

NOV 09 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

E

1

**DEFENDANTS**

Defendants are the Social Security Administration (SSA), Department of Veterans Affairs (VA), United States Attorneys (USA), and Federal Bureau of Investigation (FBI). These Agencys have certain reports and documents that were withheld from the Plaintiff.

**STATEMENT OF FACTS**

I

SOCIAL SECURITY ADMINISTRATION (SSA)

**A.** On or about February 13, 2006 I Plaintiff, mailed a FOIA form to the Social Security Administration Office of Inspector General (SSA/OIG) for a copy of the Chicago Social Security Fraud Investigation (CSSFI) report[s]. Case File No. C-98-00227-F, by Special Agent Norene S. Williams, SSA/OIG. Agent Williams testified at Plaintiff trial, the Prosecutors and Agent Williams never gave the defense the "CSSFI" reports.

**B.** Requesting reports of Private Investigators and Government Investigators.

**C.** On or about March 20, 2006 I Plaintiff, remailed a copy of the FOIA form to the "SSA/OIG."

**D.** On or about March 27, 2006 I Plaintiff, received a letter from the "SSA/OIG" related to the "CSSFI" reports and documents that I Plaintiff had requested. Mr. Peter W. Johnson staff attorney for the Office of the Chief Counsel to the Inspector General informed me that he Mr. Johnson would send the "Bonners" both of the "CSSFI" reports and that they needed Maria Magana-Bonner signature for approval.

**E.** On or about April 2006 Maria and I mailed an Affidavit to staff attorney Mr. Johnson with our signature to send the "CSSFI" reports to the "Bonners."

-2-

F.  On or about September 26, 2006 I Plaintiff, mailed a letter to "SSA/OIG" staff attorney Mr. Johnson informing him that the "Bonners" have not received the "CSSFI" reports.

<center>II</center>

### DEPARTMENT OF VETERANS AFFAIRS (VA)

A.  On or about February 20, 2006 I Plaintiff, mailed a FOIA form request to the "Department of Veterans Affairs Office of Inspector General (VA/OIG) for a copy of the "Veterans Affairs Fraud Investigation" report[s].  Case File No. 24-896-511-10, by Special Agent Brian Penton.  Agent Penton testified at Plaintiff trial, this report was never given to Plaintiff by Prosecutor or Agent Penton.

B.  A copy of the FOIA request form was also mailed to the "VA" in Washington, D.C., on or about February 24, 2006.

C.  On or about April 17, 2006 I Plaintiff, received a letter from the "VA" Mr. Lawrence J. Timko, Director of Opperational Support Division in Washington, DC.

D.  On or about October 10, 2006 I Plaintiff, mailed a letter to Mr. Timko, informing him that I have not received the Investigation report[s] that I had requested.

<center>III</center>

### UNITED STATES ATTORNEYS (USA)

A.  On or about February 20, 2006 I Plaintiff, mailed a FOIA request form to the United States Attorneys (USA) requesting the "Veterans Affairs Fraud Investigation" report[s], Case File No. 24-896-511-10, Special Agent Brian Penton testified at Plaintiff trial.

B.  Any and all telephone records.

C.  Requesting names of all Private Investigators and Government Investigators and their reports.

<center>-3-</center>

D. On or about October 16, 2006 I Plaintiff, mailed a Letter to the "USA" informing you that I have not received the reports and documents that I requested to Mr. Stewart II.

E. On or about October 20, 2006 I Plaintiff, received a letter from Mr. William G. Stewart II, USA office concerning Northern District of Indiana that their are no records.

F. On or about October 23, 2006 I Plaintiff, mailed a letter Appealing Mr. Stewart II decision concerning this Matter.

## IV

## FEDERAL BUREAU OF INVESTIGATION (FBI)

A. On or about February 17, 2006 I Plaintiff, mailed a FOIA request form to the ~~FBI requesting a copy of the Investigation report[s] and documents.~~

B. Requesting reports of Ron Carver. FBI Agent.

C. Requesting reports of Special Agent Norene S. Williams. SSA/OIG.

D. Reports on Virginia Bonner from the Country of Mexico and Diego Magana from the Country of Gautemala.

E. Requesting names of Private Investigators and Government Investigators and their reports concerning this case.

F. On or about April 18. 2006 Plaintiff received a letter from the FBI Mr. David M. Hardy.

G. On or about October 16, 2006 I Plaintiff, mailed a letter to the FBI, Mr. D. M. Hardy informing him that I have not received the report[s] and documents that I requested.

WHEREFORE, Plaintiff prays that the Court will GRANT him production of the requested reports and documents.

Under penalty of perjury the above is true and correct to the best of my belief and knowledge, 28 USCA § 1746.

Respecfully submitted,

Dated: 11-02-06

Vernon Bonner, # 06300-027
P.O. Box 1000, Duluth, MN 55814

-4-



**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER                )
                            )
                            )      Case No. 06-2051-EGS
         v.                 )
SOCIAL SECURITY             )
ADMINISTRATION, et.al.      )
                            )

## Declaration of Shirley J. Landes

I, Shirley J. Landes, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am currently assigned as Chief, Information Release Office, Office of Inspector General, Department of Veterans Affairs, Washington, D.C.

2.    As chief of this office, it is my responsibility to ensure that Freedom of Information Act (FOIA) requests from the public are promptly and properly processed. By law, we must respond to a requester within 20 workdays.

3.    According to the date stamp, this office received Mr. Vernon Bonner's February 20, 2006, FOIA request on March 21, 2006, in which he asked for "Veterans Administration Fraud Investigation Report File Number 24-896-511-10." Exhibit 1, attached hereto, is a true and correct copy of his initial request.

4.    In order to determine if the Office of Inspector General (OIG) had any responsive records, we conducted a search of the OIG's computerized Master Case Index (MCI). We determined that OIG case number 1996-01144-I2-0047, a criminal investigation, was responsive. That criminal investigation was initiated based upon a complaint that Mr. Bonner fraudulently obtained a veteran's widow's monetary VA benefits without her authorization. The MCI showed the case closed on April 30, 2001 by the OIG's Chicago Field Office. We made a request through the Headquarters Office of the Office of Investigations to have the Chicago office forward the file to Washington. Due to the age of the file, it had to be obtained from the Records Center and was subsequently sent to this office.

5.    On April 17, 2006, this office sent an acknowledgment letter to Mr. Bonner. Exhibit 2, attached hereto, is a true and correct copy of that letter.

6.    On May 2, 2006, this office received another copy of Mr. Bonner's February 20, 2006, FOIA request. Exhibit 3, attached hereto, is a true and correct copy of that letter.

7. On October 24, 2006, this office received Mr. Bonner's "status request" letter of October 9, 2006. On November 8, 2006, this office responded and advised him the request was in our queue to be worked. Exhibits 4 and 5, attached hereto, are true and correct copies of those letters.

8. On December 19, 2006, this office received Mr. Bonner's letter of December 1, 2006. On December 29, 2006, this office received Mr. Bonner's letter dated November 13, 2007. Exhibits 6 and 7, attached hereto, are true and correct copies of those letters.

9. On May 15, 2007, this office received Mr. Bonner's letter of May 7, 2007. On May 15, 2007, this office responded to Mr. Bonner and advised him the file was still in our queue to be worked. Exhibits 8 and 9, attached hereto, are true and correct copies of those letters.

10. On June 19, 2007, this office received Mr. Bonner's "note" of June 4, 2007, appended to our May 15th letter, requesting that his request be expedited. On June 28, 2007, this office advised him we did not believe his request met the Department of Justice standard for expedited processing. Exhibits 10 and 11, attached hereto, are true and correct copies of those letters.

11. On July 12, 2007, this office received Mr. Bonner's "note" of July 5, 2007, appended to our June 28th letter. Mr. Bonner continued to request expedited processing. Exhibit 12, attached hereto, is a true and correct copy of that letter with his appended note.

12. Upon review of the investigative file, this office determined that the closing investigative report was responsive to Mr. Bonner's request. The report consisted of 129 pages. On August 3, 2007, this office released 12 pages of documents from the responsive report to Mr. Bonner and withheld 117 pages of documents in accordance with FOIA exemptions 3, 6 and 7C (5 U.S.C. § 552(b)(3), (6) and (7C)). We segregated all releasable information and provided this information to Mr. Bonner.

13. Exemption 3 authorizes the withholding of information specifically exempted from disclosure by other confidentiality statutes, provided that such statutes require that the matters be withheld from the public in such a manner as to leave no discretion on the issue (Federal Grand Jury Title 18 Federal Rules of Criminal Procedure Rule 6(e)). Exemption 6 authorizes the withholding of information obtained from personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7C authorizes the withholding of records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

14. The VA OIG deleted names, social security numbers, the VA claim number of the complaint submitted by a third party, and identifying details regarding third party witnesses who were interviewed regarding the fraud investigation of plaintiff. Id. at ¶ 13. The 41 attachments were withheld in their entirety to protect personal information that pertains to third party witnesses interviewed as a part of the investigation, contain personal details about these private citizens, consist of applications from third parties for VA benefits, and contain the notes of investigators regarding personal or financial information of third parties revealed during the criminal investigation. This material was withheld pursuant to FOIA exemptions (b)(6) and (b)(7)(C). Id. To the extent the exhibits pertained to matters before a grand jury, those were also withheld pursuant to Fed. R. Crim. P 6(e) and FOIA exemption (b)(3).

15. The VA OIG segregated and released as much information in the investigative report as possible, making limited redactions to protect the personal privacy of third parties. The 117 pages of exhibits were not reasonably segregable. The little "factual" information contained in these documents is so intertwined with personal financial and other private information that to delete it and release the remaining information would render the release meaningless. Plaintiff proffered no compelling need which would override the personal privacy of the third parties in their records, the interview notes describing them and their candid comments, their applications for benefits and correspondence, and other documents withheld. Moreover, to the extent information in the exhibits reveals what matters were heard before a grand jury, release was deemed to be protected under Fed. R. Crim. P 6(e) and FOIA exemption (b)(3).

16. We advised Mr. Bonner of the proper procedures to follow if he wished to appeal our office's decision to withhold information pursuant to the cited FOIA exemptions. The appeal procedures are found in 38 C.F.R. § 1.557. Exhibit 13 , attached hereto, is a true and correct copy of our response.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.


_____
Shirley J. Landes
Office of Inspector General (50CI)
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

Executed this _____ day of August 2007 in Washington, D.C.



Page 2 of FOIA Request _____ 4/18

as set forth in Anderson v. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record.
Sears v. Gottschalk, 502 F.2d 122, cert. denied, once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. v. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Veterans Administration Fraud Investigation" Report File Number 24-996-511-

TO: Bates Stamp Number Starting at 000101. Special Agent Bryant Pentony.

Court Case No. 2: 00-CR-51(1)RL

Assistant U.S. Attorney, Diane L. Berkowitz

RECEIVED

MAR 21 2006

VA OIG FOIA

2

---

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE:    February 20, 2006

AGENCY:    DEPARTMENT of VETERANS AFFAIRS, OFFICE of INSPECTOR GENERAL

ADDRESS:    Office of Investigation
            575 North Pennsylvania Street

CITY, STATE    Indianapolis, Indiana 46204

Dear Agency Officials:

As pursuant to U.S.C. 58552 of FOIA, and U.S.C. 58552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

IDENTIFYING PERSONAL INFORMATION

NAME:    Vernon Bonner

ADDRESS:    P.O. Box 1000; FPC; Dorm 208-103

CITY, STATE, ZIP:   Duluth, MN 55814-1000

BIRTHDATE:

BIRTHPLACE:

SOCIAL SECURITY NUMBER:

FBI NUMBER:    24-996-511/10

MARSHAL'S SERVICE NUMBER:    Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and any funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 5552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 58552(iv)(II).

If your agency requires a certain form for Freedom of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, Please
advise me as quickly as possible.

REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

Bonner,V. 06300027
Federalprisoncamp
Dorm (208-103
P.O. Box 1000
DuLuth, MN 55814.1000

  

Mailed:   2-20-06

DEPARTMENT of VETERANS AFFAIRS
OFFICE of INSPECTOR GENERAL
Office of Investigation
575 N. Pennsylvania Street
INDIANAPOLIS, INDIANA 46204

LEGAL MAIL

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Polick V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.

I respectfully thank you for your assistance in obtaining copies of the records requested.

_____
Vernon Bonner
Requestor Signature
Date:  2-20-06

DV4

3



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

APR 17 2006

Mr. Vernon Bonner, #06300027
Federal Prison Camp
Dorm 208-103, POB 000
DuLuth, MN 55814-1000

Dear Mr. Bonner:

This refers to your February 20, 2006, Freedom of Information Act (FOIA) request, received in this office on March 21st. You are seeking information from Office of Inspector General investigative file number "24-896-511-10." We have assigned FOIA case number 2006-01709-FI-0108 to your request.

We are attempting to identify the responsive material. As soon as we are able to do so, we will respond further to your FOIA request. If you correspond further with this office, please reference your aforementioned FOIA number

Sincerely,

LAWRENCE J. TIMKO
Director, Operational Support Division



# Page 2 of FOIA Request

as set forth in Anderson v. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears v. Gottschalk, 502 F.2d 122, cert. denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

"Veterans Administration Fraud Investigation" Report File Number 24-896-511-101 Bates Stamp Number Starting at 000101. Special Agent Bryant Fenton.

Court Case No. 2: 00-CR-35(1)RL.

Assistant U.S. Attorney, Diane L. Berkowitz

RECEIVED
MAY -2 2006
VA OIG FOIA

2

# FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

DATE: February 20, 2006

AGENCY: DEPARTMENT of VETERANS AFFAIRS, OFFICE of INSPECTOR GENERAL
Office of Investigation
ADDRESS: 575 North Pennsylvania Street

CITY, STATE  Indianapolis, Indiana 46204

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

## IDENTIFYING PERSONAL INFORMATION

NAME: Vernon Bonner

ADDRESS: P.O. Box 1000; FPC; Form 208-103

CITY, STATE, ZIP: Duluth, MN 55814-1000

BIRTHDATE:

BIRTHPLACE:

SOCIAL SECURITY NUMBER:

VA FILE NUMBER: 24-896-511/10

MARSHAL'S SERVICE NUMBER: Unknown

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing that fees listed in D.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural FORMS L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

## REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

Bonner;V. 06300027
Federal prison camp
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000



Mailed: 2-20-06

DEPARTMENT of VETERANS AFFAIRS
OFFICE of INSPECTOR GENERAL
Office of Investigation
575 N. Pennsylvania Street
INDIANAPOLIS, INDIANA 46204

LEGAL MAIL

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(1), this agency has ten working days,
not including weekends and legal holidays, in either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack v.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 136, 133 L.Ed.
2d 78.

I respectfully thank you for your assistance in obtaining copies of
the records requested.

Vernon Bonner _____
                Requestor Signature
Date:    2-20-06

Remailed: 4-7-06; B

DV4

3

2007-00313-FI-0034
Suspense 11/22/06

October 9, 2006

RECEIVED
OCT 2 4 2006
VA OIG FOIA

Mr. Lawrence J. Timko
Director, Operational
Support Division
Department of Veterans
Affairs: Office of
Inspector General
Washington DC 20420

Re: FOIA # 2006-01709-FI-0108.
    Case File # 24-896-511-10.

Dear Mr. Timko:

   As of this date 10-9-06, I have not
received the "Investigation Report."
   I would like to know what is the
status of my request. See attached.

   Sincerely,
   VB
Vernon Bonner
#06300027; FPC
P.O. Box 1000
Duluth, MN 55814.1000



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

NOV – 8 2006

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your October 9, 2006, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

SHIRLEY J. LANDES
Chief, FOIA/PA Section



## FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

**DATE:** ___Dec. 1, 2006___

**AGENCY:** ___DEPARTMENT of VETERANS AFFAIRS OFFICE INSPECTOR GENERAL___  **RECEIVED**

**ADDRESS:** ___1800 G., Street, N.W.___

**CITY, STATE** ___WASHINGTON, D.C.  20006___    DEC 1 9 2006

VA OIG FOIA

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** ___Vernon Bonner, # 06300027___

**ADDRESS:** ___P.O. Box 1000, FPC, Dorm 208-103___

**CITY, STATE, ZIP:** ___DuLuth, MN 55814.1000___

**BIRTHDATE:** ___█████████___

**BIRTHPLACE:** ___█████████___

**SOCIAL SECURITY NUMBER:** ___████████___

**FBI NUMBER:** ___'VA' Case File # 24-896-511-10/ FOIA # 2006-01709-FI-0108___

**MARSHAL'S SERVICE NUMBER:** ___NA___

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

**VA 12-01-06**

Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services,</u> 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk,</u> 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.,</u> 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>DEPARTMENT OF VETERANS AFFAIRS (VA) OFFICE OF INSPECTOR GENERAL (OIG)</u> Case File #

<u>24-896-511-10/ FOIA # 2006-01709-FI-0108/ Court Case # 2:00-CR-55-1 Hammond, Indiana.</u>

1. Special Agent Bryant D. Penton, VA/OIG:  Video and Audio tapes concerning Vernon Bonner on or about April of 1998 in Hines, Illinois.  Names of Agents that were their from Social Securiyt Administration (SSA) and the Veterans Affairs (VA); and their reports.

2. Special Agent Daniel Marks:  Requesting report[s], documents and electronic computer messages concerning Vernon Bonner.

3. Theresa Davis, VA, Quality Specialist Traning Coordinator for Veterans Affairs:  Requesting report[s], documents and electronic computer messages concerning Vernon Bonner.

4. Mr. Farrell Tate, Dean Blake, Claudia Grahamm and Bonnie Kettles:  Requesting report[s], documents, recorded telephone conversation[s] and recorded conversation concerning Vernon Bonner that "VA" has.  They all testified at Mr. Bonner trial.

**Note:** I would like the reports and documents in Ten (10) days or a REPLY.

2

VA 12-01-06

## Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s) Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, I am indigent/ send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 USCA § 1746.

_____
Requestor Signature
Vernon Bonner                          Dec. 1, 2006

\# 06300027
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

3

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:**  Nov. 13, 2006

**AGENCY:**  DEPARTMENT of VETERANS AFFAIRS OFFICE INSPECTOR GENERAL

**ADDRESS:**  1800 G., Street, N.W.

**CITY, STATE**  WASHINGTON, D.C.  20006

**RECEIVED**

**DEC 2 9 2006**

**VA OIG FOIA**

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  Vernon Bonner, # 06300027

**ADDRESS:**  P.O. Box 1000, FPC, Dorm 208-103

**CITY, STATE, ZIP:**  DuLuth, MN 55814-1000

**BIRTHDATE:**  ████████

**BIRTHPLACE:**  ████████

**SOCIAL SECURITY NUMBER:**  ████████

**EBI NUMBER:**  'VA' CASE FILE # 24-896-511-10 & FOIA # 2006-01709-FI-0108

**MARSHAL'S SERVICE NUMBER:**  NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

### Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>Department of Veterans Affairs Office of Inspector General (VA/OIG) Case File #
24-896-511-10</u>

1.  Requesting report[s], documents and electronic computer messages of Special Agent Bryant D. Penton, VA/OIG; concerning the Social Security Administration (SSA) and the Veterans Affairs (VA) also Diane L. Berkowitz, AUSA (Prosecutor) in Hammond, Indiana and the Prosecutors in Chicago, Illinois; Vis-a-Vis. Court Case # 2:00-CR-55-1 Hammond, Indiana and Court Case # 01-CR-670 Chicago, Illinois; Special Agent Norene S. Williams, SSA/OIG and Agent Penton, VA/OIG Vis-a-Vis their Communications.

2.  <u>Requesting report[s], documents and electronic computer messages of SA Armando Lopez; concerning 'SSA and VA.'</u>

3.  Requesting report[s], documents and electronic computer messages of Agents in Washington, DC and New York City; concerning the 'SSA and VA' case.

4.  Requesting letter[s] and statement[s] of Angelita V. Kettles and her friends that were sent to or made to the 'VA or SSA.'

5.  James C. Kettles, SS# ████████, VA # ████████ is deceased: I am requesting the Official Investigation Case File concerning this case; A.V. Kettles testified at Mr. Bonner trial.

<u>Note:</u>  I would like the report[s] and Documents in Ten (10) days or a REPLY.

2

VA/OIG: 11-13-06

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V. Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78.  I am requesting a fee waiver, I am indegent or send report[s] and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief and knowledge, 28 USCA § 1746.

_____
    Requestor Signature
    Vernon Bonner                          Nov. 13, 2006

    # 06300027, FPC
    Dorm 208-103
    P.O. Box 1000
    DuLuth, MN 55814.1000

3

RECEIVED

MAY 1 5 2007

VA OIG FOIA

May 7, 2007

Department of Veterans Affairs
Office of Inspector General
**SHIRLEY J. LANDERS**
Chief, FOIA/PA Section
Washington DC 20420

Re:  FOIA # 2006-01709-FI-0108 / CIVIL ACTION # 06-2051-EGS.

Dear Ms. Landers:

   As of this date May 7, 2007 I have not received the FOIA information that I
requested.  See Letter Dated November 8, 2006; Also April 17, 2006.

   If there is a problem, please advise.

Sincerely,

Vernon Bonner,
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Inspector General**
**Washington DC 20420**

MAY 1 5 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your May 7, 2007, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

Shirley J. Landes

SHIRLEY J. LANDES
Chief, Information Release Office

9



**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Inspector General**
**Washington DC 20420**

MAY 1 5 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your May 7, 2007, letter, inquiring as to the status of your Freedom of Information Act request, case number 2006-01709-FI-0108.

We have placed your request and the responsive material in our queue and will process it as soon as possible. We are unable to advise you of an estimated completion date at this time.

Sincerely,

*Shirley J. Landes*

SHIRLEY J. LANDES
Chief, Information Release Office

June 4 , 2007
Dear Ms. Landers:

I, Vernon Bonner am requesting that this FOIA matter be "expedite" as soon as possible. Civil Action # 06-2051-EGS.

If there is a problem, please advise.

Sincerely,

Vernon Bonner

**RECEIVED**

JUN 1 9 2007

**VA OIG FOIA**



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

JUN 2 8 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your June 4, 2007, letter, received in this office on June 19th. You are asking us to "expedite" your Freedom of Information Act (FOIA) request of February 20, 2006. Your FOIA request sought all documents in "Veterans Administration Fraud Investigation Report File 24-896-511-10, Bates Stamp Number Starting at 000101."

Once we were able to identify the responsive material, we determined that because of the volume, it would take us some time to process it for release to you. Accordingly, we sent you an interim response on April 17, 2006 to let you know we placed your request in our queue for processing.

Please allow me to explain our procedures. We process requests for information on a first come, first served basis. We have numerous requests, including several for a voluminous amount of documents, in our queue, that were received before yours. It would be unfair to process your request ahead of others received before yours.

We do not believe your request for "expedited" processing meets the standards as stated in the Department of Justice, Freedom of Information Act Guide, March 2007 edition. Your request for "expedited" processing can be granted only if you demonstrate a "compelling need" in one of two ways: by establishing that your failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; or, if you are a "person primarily engaged in disseminating information," by demonstrating that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.

Accordingly, we are denying your request for expedited processing. If you are able to demonstrate a "compelling need" for expedited processing, please advise, and we will reconsider your request.

Sincerely,

Shirley J. Landes

SHIRLEY J. LANDES
Chief, Information Release Office

11



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

JUN 2 8 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This refers to your June 4, 2007, letter, received in this office on June 19th. You are asking us to "expedite" your Freedom of Information Act (FOIA) request of February 20, 2006. Your FOIA request sought all documents in "Veterans Administration Fraud Investigation Report File 24-896-511-10, Bates Stamp Number Starting at 000101."

Once we were able to identify the responsive material, we determined that because of the volume, it would take us some time to process it for release to you. Accordingly, we sent you an interim response on April 17, 2006 to let you know we placed your request in our queue for processing.

Please allow me to explain our procedures. We process requests for information on a first come, first served basis. We have numerous requests, including several for a voluminous amount of documents, in our queue, that were received before yours. It would be unfair to process your request ahead of others received before yours.

We do not believe your request for "expedited" processing meets the standards as stated in the Department of Justice, Freedom of Information Act Guide, March 2007 edition. Your request for "expedited" processing can be granted only if you demonstrate a "compelling need" in one of two ways: by establishing that your failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; or, if you are a "person primarily engaged in disseminating information," by demonstrating that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.

**RECEIVED**

Accordingly, we are denying your request for expedited processing. If you are able to demonstrate a "compelling need" for expedited processing, please advise, and we will reconsider your request.

JUL 1 9 2007

**VA OIG FOIA**

Sincerely,

*Shirley J. Landes*
SHIRLEY J. LANDES
Chief, Information Release Office

7-05-2007

Dear Ms. Landes:
    I, Vernon Bonner would like this FOIA expedited
You have had about Two(2) years to process this
FOIA request. ... Bonner

(12)



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

AUG – 3 2007

- Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is a final response to your February 20, 2006, Freedom of Information Act (FOIA) request, received in this office on March 21, 2006. You are seeking information from "Veterans Administration Fraud Investigation Report File Number 24-896-511-10, Bates Stamp Number Starting at 000101." We determined that Office of Inspector General investigative file number 1996-01144-I2-0047 is responsive to your request.

We have redacted some information from the enclosed report, in accordance with FOIA exemptions 3, 6, and 7C (5 U.S.C. §552 (b)(3), (b)(6), and (b)(7)(C)). Exemption 3 authorizes the withholding of information specifically exempted from disclosure by other confidentiality statutes, provided that such statutes require that the matters be withheld from the public in such a manner as to leave no discretion on the issue (Federal Grand Jury Title 18 Federal Rules of Criminal Procedure Rule 6(e)). Exemption 6 authorizes the withholding of information obtained from personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7C authorizes the withholding of records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you do not agree with our decision to withhold the specific information mentioned above, you may appeal to the Office of General Counsel, as provided in Title 38, Code of Federal Regulations, Section 1.557. You should include your specific objection(s) as they pertain to the withheld information and reference FOIA case number 2006-01709-FI-0108. The address is: Office of General Counsel (02), Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420.

Sincerely,

SHIRLEY J. LANDES
Chief, Information Release Office

Enclosure

13



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                  )
Vernon Bonner,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      Civil Action No.
                                  )          06-2051
Department of State et al.,       )
                                  )
          Defendants.             )
                                  )
                                  )
                                  )
```

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

      1.  I am the U.S. Department of State's (Department's)
Information and Privacy Coordinator and the Director of the
Department's Office of Information Programs and Services (IPS).
In these capacities, I am the Department official immediately
responsible for responding to requests for records under the
Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy
Act (PA), 5 U.S.C. § 552a, and other applicable records access
provisions.  I have been in the employ of the Department of

2

State since 1974, and have served with the Department's
Information Access Program for most of my tenure with the
Department. I am authorized to classify and declassify national
security information pursuant to Executive Order (E.O.) 12958,
as amended, and Department of State regulations set forth in
22 C.F.R. §§ 9.7, 9.14. I make the following statements based
upon my personal knowledge, which in turn is based on a personal
review of the records in the case files established for the
processing of the subject requests, and upon information
furnished to me in the course of my official duties. I have
read the complaint filed by the plaintiff in the above-captioned
matter, and I am familiar with the efforts of Department
personnel to process the subject requests.

2. The core responsibilities of IPS include: records
access requests made by the need-to-know community, the public
(under the FOIA, Privacy Act and mandatory classification review
requirements of E.O.12958, as amended, or the Ethics in
Government Act), members of Congress, other government agencies,
and those that have been made pursuant to judicial processes,
such as subpoenas, court orders, and discovery requests; records
management; privacy protection; national security classification
management and declassification review; corporate records
archives management; research; the Department's Library; and the
technology that supports these activities.

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

3.  The purpose of this declaration is to address the
Department's handling of plaintiff's requests for Department of
State records pertaining to two children and possibly other
individuals as well.

I.  <u>**ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST**</u>

4.  By letter dated January 16, 2007 (Exhibit 1),
plaintiff sent the Department of State a list of six numbered
paragraphs under the heading "record(s) requested." The first
paragraph requested "report[s], documents, faxes and electronic
computer messages that were sent to the Federal Bureau of
Investigation or Ron Carver, FBI Agent concerning Child Virginia
Bonner . . . and Child Diego Magana." (Brackets in original.)
Plaintiff stated that the Social Security Administration and the
United States Attorney in Chicago, Illinois said the children
did not exist. In the second and third numbered paragraphs,
plaintiff provided the children's dates of birth and places
(perhaps also of birth). In the remaining three numbered
paragraphs, plaintiff provided information concerning three
other individuals: "Special Agent Norene S. Williams, SSA/OIG:
Chicago, Illinois," in "[t]he year 2000 to 2003;" "Special Agent
Ron Carver, FBI: Chicago, Illinois," 2000-03; and "AUSA's

4

Chanen, Chang: United States Attorney, Case #01-CR-670: Chicago, Illinois," 2000-03. Plaintiff requested a waiver of fees.

5. By letter dated May 29, 2007 (Exhibit 2), IPS acknowledged receipt of plaintiff's request and assigned it case control number 200700638. Plaintiff was advised that an agreement to pay fees and additional information and clarification was needed before IPS could proceed with the processing of his request. Plaintiff was advised that by making a FOIA request, he was considered to have agreed to pay all applicable fees up to $25.00 unless a fee waiver had been granted. Plaintiff was advised that he could specify his willingness to pay a greater or lesser amount and that he could set a limit of the maximum amount that he wished to pay. Plaintiff was informed that he had been placed in the "other requester" category for fee purposes and that his request for a fee waiver had been denied. He was provided with the right to appeal the fee waiver denial decision within 30 days. In light of the confusing nature of plaintiff's description of events, plaintiff was advised that more information would be needed to identify the records he was requesting before IPS could begin processing his case. Specifically, plaintiff was informed that the Department consists of hundreds of offices and overseas posts, with many different filing systems, and that his request

should be specific, detailed, and include as much of the
following as might be relevant:

>--time frame of plaintiff's request;

>--type of record, subject matter, countries
>  and/or organization involved;

>--full description of incidents, meetings,
>  events, persons involved, etc., pertaining to
>  the documents requested;

>--any information on specific filing systems.

Plaintiff was advised that his request had been closed and that
if he wished to pursue his request, he should submit an
agreement to pay fees and the additional information needed to
identify the records he was seeking.  The IPS letter noted that
22 C.F.R. Part 171 (the Department's regulations setting the
requirements of a proper FOIA request) was enclosed.

    6.  By letter dated June 5, 2007 (Exhibit 3), plaintiff
requested that IPS send him the FOIA information sought in
request number 200700638 and bill him, stating that he would
pay.  A copy of page 2 of plaintiff's January 16, 2007 FOIA
request was enclosed (containing the six numbered paragraphs
described above).  Plaintiff stated that this page had all the
information that IPS needed and requested expeditious handling
of his request.  Additionally, on August 8, 2007 IPS received a
note from plaintiff dated July 23, 2007 (Exhibit 4), again

requesting expeditious handling of his request, and enclosing a copy of page 2 of his January 16, 2007 FOIA request.

    7.  By letter dated August 10, 2007 (Exhibit 5), IPS acknowledged receipt of plaintiff's June 5 and July 23 letters and assigned his request a new case control number, 200703612. Plaintiff was advised that he still had not provided all of the information requested in the IPS letter to him of May 29, 2007. Plaintiff was advised that his request concerned multiple individuals but insufficient information about them for IPS to know where to search for potentially responsive records, and therefore, IPS could not begin processing the request. Plaintiff was asked to provide detail about the circumstances under which the requested records would have been generated, and as much information as he could about the type of record, subject matter, countries and/or organizations involved. Plaintiff was also asked to provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested and any information on specific filing systems that were likely to contain the requested records.  IPS also advised that plaintiff should clarify whether he was seeking records only about the children or whether he was also seeking records pertaining to the other individuals mentioned in his request.  Furthermore, IPS advised that, under 22 C.F.R. §§ 171.12 and 171.32, access to information about

private individuals generally could not be given to unauthorized
third parties absent the individuals' written consent.
Plaintiff was informed that the State Department requires that
written consent be in the form of a signed, notarized statement
from the individual(s), authorizing the Department to release
information to the other party.  Further, plaintiff was advised
that the statement should bear the original signature of the
individual and original seal of the notary.  Plaintiff was
advised that in lieu of notarization, the individual may provide
an original signature with a statement declaring "under penalty
of perjury under the laws of the United States of America that
the foregoing is true and correct."  Plaintiff was advised that,
alternatively, if he was a parent or legal guardian of a minor
child, he could present documentation of his relationship to the
minor and the Department may, in its discretion, disclose
records concerning the minor child to him.  Plaintiff was
advised that IPS does not understand his assertion about the
existence of the children subject to his request.  Plaintiff was
further advised that if these are real people, IPS needs an
authorization or documentation of parental status or
guardianship.  Plaintiff was advised that in accordance with the
Department's regulations, his June 5, 2007 letter would be
interpreted as an agreement to pay fees up to $25.00 and
confirmed he had been placed in the "all other requesters"

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

category for fee purposes. Plaintiff was advised that since IPS could not begin to process his request, it was a moot issue whether the request would be entitled to expedited processing and that he may ask for expedited treatment when he supplies the additional information necessary to make his request valid. IPS noted, however, that to merit expedited processing, a request must demonstrate a compelling need for the information, setting forth with specificity the facts on which the request is based. Plaintiff was advised that his June 5 and July 23 letters did not meet this standard. Plaintiff was informed that his request had been closed, and that, if he wished to pursue his request, he should send a new FOIA request to IPS which would include the additional information needed to process it.

8. In summary, plaintiff's request has been closed because it could not be processed without third-party authorization or documentation of parental relationship and the additional information necessary to make it valid.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _19th_ day of August 2007

_Margaret P. Grafeld_ (signature)

Margaret P. Grafeld

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:** Jan. 16, 2007

**AGENCY:** DEPARTMENT OF STATE

**ADDRESS:** 2201 C Street, N.W.

**CITY, STATE** Washington, D.C. 20520

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** Vernon Bonner

**ADDRESS:** P.O. Box 1000, FPC, Dorm 208-103

**CITY, STATE, ZIP:** DuLuth, MN 55814.1000

**BIRTHDATE:** April 1,

**BIRTHPLACE:** St. Louis, MO

**SOCIAL SECURITY NUMBER:**

**FBIX NUMBER:** NA

**MARSHAL'S SERVICE NUMBER:** NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

GRAFELD DECLARATION               '07 JAN 26 PM3:41
Civil Action No. 06-2051
Exhibit 1

JAN. 16, 2007
Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

#### DEPARTMENT OF STATE

1. Requesting report(s), documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990: Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary. This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or 2002.

2. Child: Virginia Bonner, DOB:          Matehuala, San Luis Potosi, MEXICO.

3. Child: Diego Magana, DOB:          Chiquimula, CHIQUIMULA, GUATEMALA.

4. Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois. The year 2000 to 2003.

5. Special Agent Ron Carver, FBI: Chicago, Illinois. The year 2000-03.

6. AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

<u>Note</u>: I would like this information:Ten (10) days or a REPLY.

2

Page 3 of FOIA Request: DEPARTMENT OF STATE

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack V.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78. I am requesting a fee waiver or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of
the records requested. Under penalty of perjury the above is true and correct to
the best of my belief, 28 USCA § 1746.

X _Maria Magana Bonner_ S VB
         Requestor Signature
Maria Magana Bonner & Vernon Bonner


MARIA MAGANA-BONNER                    JAN. 16, 2007
5072 CAROLINA ST.
GARY, INDIANA 46409
DOB: 4-25-52 (MEXICO)
SSN: 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

3



**United States Department of State**

*Washington, D.C. 20520*

May 29, 2007
Case Number: 200700638

Mr. Vernon Bonner
Number 06300027
Post Office Box 1000
FPC, Dorm 208-103
Duluth, MN   55814-1000

Dear Mr. Bonner

This is in response to your Freedom of Information Act (FOIA) request
dated January 16, 2007 for all documents concerning your child, Virginia
Bonner and another child, Diego Magana.

Before we can proceed with the processing of your request, we need an
agreement to pay fees as described below and additional information and
clarification as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of
processing requests, unless a fee waiver has been granted.

By making a FOIA request, the requester shall be considered to have agreed to
pay all applicable fees up to $25.00 unless a fee waiver has been granted. You
may specify a willingness to pay a greater or lesser amount. If the estimated
fees will exceed this limit, you will be notified.

---

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
        *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 2

-2-

Based upon the information that you have provided, we have placed you in the other requester category. This category requires us to assess search time after 2 hours/duplication costs after the first 100 pages. (see 22 CFR 171, enclosed)

Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay.

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

**Information to Identify Records:** The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of Department employees.

As the Department of State consists of hundreds of offices and overseas posts, with many different filing systems, your request should be specific, detailed, and include as much of the following as might be relevant:

      --time frame of your request;

      --type of record, subject matter, countries and/or organizations
        involved;

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-3-

--full description of incidents, meetings, events, persons
    involved, etc., pertaining to the documents requested;

--any information on specific filing systems.

Please be advised your request has been closed in our system.  If, after noting
the information cited above, you wish to pursue this request, please send us a
new FOIA request, which would include an agreement to pay fees and
additional information needed, as described above.

For further communications, please note our contact information at the bottom
of this page.  We can provide faster service if you include the case number of
your request in your communications with us.

We are pleased to be of service to you.

                            Sincerely,


                            Anne T. Baker
                            Requester Communications Branch


Enclosures:
 As stated.


*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
        *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261-8579*
*email:  FOIAStatus@state.gov*

June 5, 2007


Anne T. Baker
Request Communications Branch
Office of Information Programs
and Servives
U.S. Department of State SA-2(RM 8006)
515 22nd Street NW
Washington DC 20520

Re:  Case # 200700638

Dear Ms. Baker:

    Please send me the FOIA information and Bill me, I will pay.  I am sending
you a Copy of page 2 of the FOIA that was sent to you on January 16, 2007 it
has all the information you need.  Please "expedite" this for me.

    If there is a problem, please advise.


Sincerely,

Vernon Bonner
06300027; FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

CC: Mrs. Bonner

Enclosures: As stated


'07 JUN 20


GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 3

JAN. 16, 2007
Page 2 of FOIA Request.

as set forth in Anderson V. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

DEPARTMENT OF STATE

1.  Requesting report[s], documents, faxes and electronic computer messages that
were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concern-
ing Child Virginia Bonner, DOB:          ) Country of MEXICO and Child Diego
Magana, DOB:          0: Social Security Administration and the United
States Attorney in Chicago, Illinois said these Children do not exist, therefore
their signature is not necessary.  This information was given by the United States
Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or
2002.

2.  Child: Virginia Bonner, DOB:          Matehuala, San Luis Potosi, MEXICO.

3.  Child: Diego Magana, DOB: :          Chiquimula, CHIQUIMULA, GUATEMALA.

4.  Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois.  The year 2000
to 2003.

5.  Special Agent Ron Carver, FBI: Chicago, Illinois.  The year 2000-03.

6.  AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il.
The year 2000-03.

Note:  I would like this information;Ten (10) days or a REPLY.

2

7-23-2007

Please expedite
this FOIA For
Me.
   devonBonner
    V3

'07 AUG 8 AM 11:17

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 4

*FOIA # 2007-00638*

as set forth in <u>Anderson V. Department of Health and Human Services,</u> 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk,</u> 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.,</u> 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>DEPARTMENT OF STATE</u>

1.  Requesting report[s], documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990:  Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary.  This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 Or 2002.

2.  Child:  Virginia Bonner, DOB:          Matehuala, San Luis Potosi, MEXICO.

3.  Child:  Diego Magana, DOB:          Chiquimula, CHIQUIMULA, GUATEMALA.

4.  Special Agent Norene S. Williams, SSA/OIG:  Chicago, Illinois.  The year 2000 to 2003.

5.  Special Agent Ron Carver, FBI:  Chicago, Illinois.  The year 2000-03.

6.  AUSA's Chanen, Chang: United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

Note:  I would like this information;Ten (10) days or a REPLY.

*Remailed July 23-2007: Please expedite.*



**United States Department of State**

*Washington, D.C. 20520*

AUG 1 0 2007

Case Number: 200703612

Mr. Vernon Bonner
06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your renewed Freedom of Information Act (FOIA) request dated June 5, 2007 (as well as your note re-mailing it on July 23, 2007), for copies of documents concerning various individuals including two children, Virginia Bonner and Diego Magana. Unfortunately, you still have not provided all of the information asked for in our letter to you of May 29, 2007. Please note that we have assigned your case a new number (200703612).

Your request concerns multiple individuals but insufficient information about them for us to know where to search for potentially responsive records, and accordingly we cannot begin processing your request.

As we noted in our earlier letter to you, the Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so your request should be specific, detailed, and include as much information as possible to allow us to locate any responsive records with a reasonable amount of effort. For example, please provide detail about

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

```
GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 5
```

the circumstances under which the records you seek would have been generated, and as much information as you can about the type of record, subject matter, countries and/or organizations involved. Please provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested. Please provide any information on specific filing systems that are likely to contain the records you seek, and please clarify whether you are seeking records only about the children mentioned in your request or whether you are also seeking records pertaining to the other individuals mentioned.

**Third Party Requests**

Furthermore, access to information about private individuals generally cannot be given to unauthorized third parties absent the individuals' written consent. As required by the regulations we provided with our earlier letter (and which we enclose again with this letter), requests for records pertaining to third parties must be accompanied by a written authorization from each individual about whom records are sought. See 22 C.F.R. sections 171.12 and 171.32.

The State Department requires that written consent be in the form of a signed, notarized statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **original signature of the individual and original seal of the notary**, and be dated within six months of the date of the request.

In lieu of notarization, the individual may make the following statement: "I [declare, certify, verify, or state] under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct." Such a statement must be forwarded to us **with a current date and an original signature** (faxed photocopies cannot be accepted).

For deceased individuals, unless the death has been widely reported, please provide proof of death (e.g., newspaper obituary or a copy of a death certificate), or advise us that none will be forthcoming.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 3 -

The authorization, and your request for information from the State Department, **should not be submitted on a Department of Justice (G-28) or Department of Homeland Security (G-639) form, or a form from any other agency,** but rather on your letterhead or plain bond. Please be advised that these forms do not authorize the State Department to release privacy-protected information, rather they authorize the Departments of Justice and/or Homeland Security, respectively, to release privacy-protected information.

Alternatively, if you are the parent or legal guardian of a minor child, you can present documentation of your relationship to the minor, and the Department may, in its discretion, disclose records concerning the minor to you as appropriate. See 22 C.F.R. Section 171.32(c).

We do not understand your assertion about the existence of the children subject to your request. If these are real people, as appears from your provision of dates and places of birth, we need an authorization or documentation of parental status or guardianship as discussed above. Your allegations concerning what other parties may have said about the existence of these children is not controlling. If in fact these children do not exist, you should provide us with supporting documentation for that assertion and explain the circumstances so that we can better understand the privacy interests implicated in your request.

**Fees**

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted. In accordance with our regulations, we would interpret your June 5, 2007 letter as an agreement to pay fees up to $25.

As noted in our earlier letter, you are in the "all other requesters" category. The fee schedule designated for that category requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the records sought, after the first 100 pages of duplication and the first two hours of search time.

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

**Expedited Processing**

Due to the fact that we cannot begin processing your request at this time, it is a moot issue whether your request would be entitled to expedited processing. If you wish to pursue this request, you may ask for expedited treatment when you supply the additional information necessary to make your request valid. We note, however, that to merit expedited processing, a request must demonstrate a compelling need for the information, setting forth with specificity the facts on which the request is based. (See 22 C.F.R. Section 171.12(b), enclosed.) Your June 5 letter and your July 23 note do not meet this standard.

Please be advised that your request has been closed in our system. If, after noting the information cited above, you wish to pursue this request, please send us a new request, which would include the additional information noted above.

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Anne T. Baker
Requester Communications Branch

Enclosure:
22 C.F.R. Part 171

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
     *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*