UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RECEIVED

OCT 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VERNON BONNER,                       )
        PLAINTIFF,                   )
VS.                                  )

SOCIAL SECURITY ADMINISTRATION,      )   **Civil Action No. 06-2051-EGS**
  et al.,                            )
        DEFENDANTS.                  )

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Vernon Bonner, Pro Se move to **deny** summary judgment on the grounds that there does exist a genuine dispute about the material facts and that the disputed facts demonstrate that defendants are **not** entitled to judgment as a matter of law.

The Court is respectfully referred to the accompanying statement of material facts that are in genuine dispute; the Plaintiff's motion and exibits; and, Plaintiff's memorandum of points and authorities in support of his motion.

**THEREFORE,** Plaintiff's pray that this motion be granted.

Respectfully submitted,
Vernon Bonner, Pro Se              Dated:   **October 12, 2007**
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,
       PLAINTIFF,             )

VS.                       )  **Civil Action No. 06-2051-EGS**

SOCIAL SECURITY ADMINISTRATION,
 et al.,                 )
       DEFENDANTS.

                       )

**PLAINTIFF'S RESPONSE TO DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES**

    Plaintiff's states; the defendants Social Security Administration (SSA), Federal Bureau of Investigation (FBI), Executive Office for United States Attorneys (EOUSA), Veterans Administration (VA), and the Department of State (DOS), move to **deny** summary judgment in this case on multiple grounds. First, with regard to the SSA, FBI, EOUSA, VA and DOS, Plaintiff's did exhaust his administrative remedies. Defendants did not respond to Plaintiff's FOIA request within the twenty (20) days as required. The FBI sent Plaintiff's Cherry-picked documents that were non-responsive but withheld exculpatory evidence the "CHICAGO SOCIAL SECURITY FRAUD INVESTIGATION" Report(s) (CSSFI) Case File # C-98-00227-F, Bates Stamps Numbers (BSN) 000201-000400 by Special Agent Norene S. Williams, SSA/OIG/OI and Agent Ron Carver, FBI. And Plaintiff's said that he would pay fee and to bill him. Plaintiff's filed FOIA request with SSA on or about February 13, 2006 and seven (7) months later after Plaintiff's filed his Complaint Plaintiff's received Cherry-picked documents that was non-responsive that was on or about November 8, 2006. And Plaintiff's did filed an administrative appeal of the SSA redactions. The SSA should have sent the CSSFI reports C-98-00227-F, BSN 000201-000400 that SSA/OIG admitted to in a letter dated 3-27-06 from Staff Attorney Peter W. Johnson that is still being withheld (CSSFI) report(s). Plaintiff's did appeal VA decision of August 7, 2007 concerning redactions and the non-responsive documents that were sent. The VA did not send response before Plaintiff's filed his Complaint. And the defendants have not addressed the merits of the claims exemptions in there motion.

1

Plaintiff's did provide the **new** information to the DOS on or about August 20, 2007; **Re:** FOIA Case # 2007-0312 / 2007-00638, see letter 8-20-2007.

Second, summary judgment is not warrented in favor of the EOUSA and the VA **documents** were withheld. There was no adequate search by the U.S. Attorney's Office for the Northern District of Indiana. The VA and the U.S. Attorney's had no right to withhold exculpatory evidence the documents the VA sent has no Bates Stamps Numbers (BSN), it seems what the VA sent was Cherry-picked documents. The VA and the EOUSA should have sent the "Official VA Investigation Report(s) that has BSN's. Agent Penton, VA/OIG, testified at Mr. Bonner trial.

The facts are set forth in detail in the statement of material facts that accompanies this motion. In short, for the reasons set forth above, the defendants are not entitled to judgment in their favor.

## I. PLAINTIFF'S RESPONSE TO DEFENDANTS STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Plaintiff's agrees with the Government about the standard of review; but the defendants do not meet the standard of review in this case. The defendants deliberately withheld exculpatory evidence the Official "CHICAGO SOCIAL SECURITY FRAUD INVESTIGATION" Report(s)(CSSFI), Case File # C-98-00227-F, Bates Stamps Numbers(BSN's) 000201-000400, Court Case # 01-CR-670-2 by Special Agent Norene S. Williams, SSA/OIG; Agent Ron Carver, FBI. The withholding of exculpatory evidence and not correcting it is a **Brady/Jencks** violation; **Banks v. Dretke,** 157 L Ed 2d 1166, 1169, 1170 (2004); **Levin v. Katzenbach,** 363 F.2d 287 (D.C. Cir. 1966).

AUSA Chang - Closing Argument inferred the Bonners never tells SSA that Maria had been to College... See **Tr.969at 11-12;TR. 991 at 24-25.** See Ex. AA The Bonners tells Agent Williams in March of 1998 that Maria had been in School in MEXICO; See BSN 000218. The Government knew that the trial testimony of Alan Pryka a "Social Security Staff Specialist" for "Disability Matters", was false; See TR. 374 at 11-13. See Ex. AA

2

## II. PLAINTIFF'S DID NOT FAIL TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

### A. PLAINTIFF'S DID NOT FAIL TO ADMINISTRATIVELY APPEAL THE EXEMPTION EXEMPTION DECISIONS OF THE SSA AND VA

Plaintiff's did exhaust his administrative remedies with the SSA and the VA; See VA appeal letter dated August 13, 2007 and See SSA appeal letter dated November 8, 2006 also letter to SSA dated July 9, 2007. Mr. Bonner sent a FOIA request to VA on or about February 17, 2004 concerning my Case # 2:00-CR-55-1 records. Mr. Bonner sent SSA a FOIA request on or about June 8, 2004 concerning Case File # C-98-00227-F; And received a letter from SSA on or about July 22, 2004 from SSA on December 26, 2005 to SSA/OIG in Chicago, Illinois. Plaintiff's for the last several years have been requesting the Official Investigations Reports from SSA and VA that has Bates Stamps Numbers(BSN's), SSA and VA have shown bad faith by misusing the administrative process by sending documents that have no BSN's (Cherry-picked documents). See **United States v. Lloyd,** 71 F.3d 408 (D.C. Cir. 1995); **Criven v. Roth,** 172 F.3d 991, 996-999 (7th Cir. 1999). Agent Williams, SSA/OIG testified at the Bonners trial and Agent Penton, VA/OIG testified at Mr. Bonner trial and other Government witnesses testified; therefore their is no FOIA exemptions or privacy issuses concerning those who testified in open Court the Government should not have redacted their names and given documents that were Cherry-picked but should have sent the Official Investigation Reports that have BSN's. Plaintiff's did not fail to appeal. See Ex. AA & DD

### B. PLAINTIFF'S DID NOT FAIL TO EXHAUST BY NOT PAYING THE PROCESSING FEES ASSESSED BY THE FBI

Plaintiff's did not fail to comply with FBI request for payment of processing fees Plaintiff's said that he would pay and to bill him, and did exhaust his administrative remedies, see letter dated May 22, 2007. Plaintiff's sent several FOIA request reducing his request on or about November 7, 2006. Plaintiff's received a letter from the FBI dated September 30, 2004 concerning the FOIA request sent by Plaintiff's around or about the last week of July of 2004. On or about March 14, 2005 Plaintiff's received a letter from the FBI saying: "If you are dissatisfied with my action on your appeal, you may seek **judicial** review in accordence with 5 U.S.C. § 552 (a) (4) (B)." Plaintiff's did use the administrative remedies and the FBI is not entitle to judgment. See Ex. CC

3

**C.  PLAINTIFF'S DID NOT FAIL TO COMPLY WITH DOS REGULATIONS FOR
FRAMING A PROPER "FOIA" REQUEST AND DID EXHAUST HIS
ADMINISTRATIVE REMEDIES**

Plaintiff's , again did not fail to exhaust his administrative with DOS and
did comply with the agency regulations that specify how to file a proper FOIA
request, and Plaintiff's did file a proper FOIA request; See 5 USCS § 552(a)(3).

Plaintiff's did comply with DOS regulations found at 22 CFR part 171, See
letter(s) dated June 5, 2007 and August 20, 2007.  Plaintiff's did send the DOS
all necessary information in his original FOIA request dated January 16, 2007.

The Children have no Privacy because the Government said they do not exist.
Ron Carver, FBI Agent testified at the Bonners trial in Chicago, Illinois that
the DOS (Embassy) gave him information that Child/Children do not exist.

Plaintiff's did exhaust his administrative remedies with the DOS and again,
Mr. Bonner did comply with the regulatory requirement and this is a basis to
**deny** summary judgment to the DOS.  See Ex. EE

**III.  SUMMARY JUDGMENT IS NOT WARRANTED BECAUSE DOCUMENTS HAVE BEEN AND
IS BEING UNLAWFULLY WITHHELD BY THE GOVERNMENT**

Plaintiff's agrees the FOIA confers jurisdiction upon the District Court to
enjoin an agency from **(1)** "improperly"; **(2)** "withholding"; **(3)** "agency records".
5 USCS § 552(a)(4)(B); Yet the Supreme Court case **Kissinger v. Reporters Com-
mittee for Freedom of the Press,** 445 US 136, 150 (1980), does not apply to the
defendants (VA, SSA, EOUSA, and FBI) the defendants withheld exculpatory evidence
the CSSFI report(s) SSA Case File # C-98-00227-F, BSN's 000201-000400 a 200 page
report, Court Case 01CR-670-2.  And VA Case File # 24-896-511-10, the VA Case has
BSN's, Courtt:Case # 2:00-CR-55-1.  The defendants sent documents that have no BSN's
(Cherry-picked documents).  Plaintiff's did not fail to exhaust his administrative
remedies in regards to the documents (Report(s)) requested.  The defendants are not
entitled to judgment as discussed above on this basis alone. See Ex. AA & DD

4

## A. PLAINTIFF'S RESPONSE EOUSA's HAS RECORDS

On July 26, 2006 in Court Case # 01-CR-670-2, in Chicago, Illinois before Judge George W. Lindberg, AUSA Nancy L. Miller showed Special Agent Norene S. Williams, SSA/OIG a copy of the entire 200 page Report the **"Chicago Social Security Fraud Investigation"** Report Case File # C-98-00227-F, Bates Stamps Numbers 000201-000400, Agent Williams, SSA/OIG; authenticated the entire report.

AUSA Miller then said: "This is an Official Report, Mr. Bonner should not have it, how did he get it?"

Agent Williams, and AUSA Miller confirmed what Mr. Bonner had been saying and that the Report(s) was never given to the Bonners by AUSA Chanen and Chang in the Chicago, Illinois Court Case # 01-CR-670-2 before trial, during trial and after trial a **Brady/Jencks** violation occurred.  See Plaintiff's Response To Defendants Motion To Compel Production Of Records... Page 4 at G., Dated 3-07-2007.

The EOUSA's has the records this FOIA request has been going on back and forth from Chicago, Illinois and Hammond, Indiana since the year 2004 see letter(s) dated September 20 and 28 of the year 2004.  See page 5 at H. Also Ex. AA & BB

Plaintiff's is entitled to more under the FOIA and has a claim against EOUSA under these facts. See Ex. BB

## B. PLAINTIFF'S RESPONSE THE VA HAS NOT PROPERLY ASSERTED FOIA EXEMPTIONS

The VA Office of The Inspector General withheld from Plaintiff's the Official **"Veterans Administration Fraud Invertigation Report"** a BRADY/JENCKS violation has occurred.  See Plaintiff's Response To Defendants Motion To Compel Production Of Records... Page 4 at E., dated 3-07-2007.

Plaintiff's sent Defendants (SSA, VA and Agents) Interrogatorits on or about May of 2007 and sent Request For Admissions on or about June of 2007; the defendants/agents chose to remain silent.  See Ex. AA & DD

The defendants and agents who testified at trial; disclosure of these named, individuals are already part of the public record, would not invade their privacy at all,  much less constitute a "clearly unwarranted invasion of personal privacy." 5 USCS § 552(b)(6).  Since they testified at trial these witnesses are not protected by Exemption 6.  See **Irons** & **Sears**, 606 F.2d at 1219(1979).

Special Agent, VA/OIG and other witnesses who testified at trial this would not constitute an unwarranted invasion of personal privacy." 5 USCS § 552 (b)(7). Plaintiff's does not want their Social Security Numbers or their addresses. No public interest would be harmed by knowing that Agent Penton withheld Exculpatory evidence the "VA Fraud Investigation Report" that has BSN's. Also it would not harm the Public to know that Special Agent Norene S. Williams, SSA/OIG withheld Exculpatory evidence the "CSSFI" Report(s) that has BSN's. See **Stern v. F.B.I.**, 737 F.2d at 92 (1984).

### C. PLAINTIFF'S RESPONSE TO SEGREGABILITY

The VA OIG cannot withhold Exculpatory evidence the "VA Fraud Investigation Report" that has BSN's that was never give to Mr. Bonner. When Plaintiff's requested (FOIA) the Report Plaintiff's was sent a Cherry-picked documents that has no BSN's. The withholding of Exculpatory evidence was a **Brady/Jencks** violation. The withholding of the entire Report(s) by SSA and VA should not have occurred. See **Mead Data Center., INC**, 556 F.2d 260 at [32] (1977). Agent Williams,SSA/OIG and Agent Penton,VA/OIG testified at trial so did other Government's witnesses. Plaintiff's is not asking for personal information addresses/social security numbers. See Plaintiff's Response To Defendants Motion To Compel Production Of Records... Page 4 at E; Pg. 5 at H.

### CONCLUSION

The defendants put their interest above the interets of the Justice Department and withheld **Brady/Jencks** evidence the official "CSSFI" Reports and the official "VA Fraud" Report, and sent Plaintiff's non-responsive redacted Cherry-picked documents that has no **BSN's**, Agent Williams,SSA/OIG and Agent Penton,VA/OIG testified at Plaintiff's trial. Plaintiff's did complete the administrative appeal process.

The defendants were also sent Interrogatories and Request For Admissions the defendants chose to remain silent and not respond. THEREFORE, for the above reasons defendants should be **denied** Summary Judgment.

(28 USCA Sec. 1746)

Respectfully submitted,

Vernon Bonner, Pro Se                     Dated: October 12, 2007

6

# CERTIFICATE OF SERVICE

### Court Case No. 06-2051-EGS

I certify, under penalty of perjury, that I have today placed a copy of the attached document(s) into an envelope and deposited the same, with first-class postage affixed thereto, into the mailbox provided for the mailing of legal and special mail, located within the Federal Prison Camp, Duluth, Minnesota. The envelope is addressed to the following person(s) at the address(s) following their name(s) below:

Dated: ___10-12-2007___     Signature: _____

     Print Name: ___VERNON BONNER___

     Reg. No.: ___06300 027___

U.S. ATTORNEY         Dorm: __208__   Room: __103__
JUDICIARY CENTER
555 4TH ST., NW       P.O. Box 1000
WASHINGTON DC 20001
                      Federal Prison Camp

                      Duluth, MN 55814

**EXIBITS: AA**
SOCIAL SECURITY ADMINISTRATION

# Chicago Social Security
# Fraud Investigation

000201

**SURVEILLANCE SHEET**

OFFICE: __CHICAGO__

CASE NUMBER: CHI-98-00227-F

DATE: 11/04/99
WEATHER: Clear
TIME: 9:00am-12:50pm
INITIALS: _Wilma_

PHOTO    PHYSICAL

_____

**Details:** On Thursday, November 4, 1999, Maria Magana-Bonner was scheduled to appear for a hearing convened by the Social Security Administration, Office of Hearings and Appeals regarding her disability benefits. She is claiming to be paranoid schizophrenic and has been receiving benefits from SSA since the 1980's. SSA believes that she is not actually disabled but is faking the condition. Two teams consisting of four agents, Ron Carver and David Bray, Special Agents, FBI (TEAM 1); Jerome Mason, Postal Inspection Service and the Reporting Agent (TEAM 2) arranged to surveil Bonner from her residence at 5072 Carolina Street, Gary, IN to her hearing which was held at the Federal Building, 610 Connecticut, Gary, IN to obtain evidence that Bonner is faking her condition.

TEAM 1 was assigned to observe and videotape Bonner when she arrived at the Federal Building.

TEAM 2 was assigned to observe and videotape Bonner at her residence.

SURVEILLANCE WAS CONDUCTED IN THE VICINITY OF:    GARY, IN

AT WHICH TIME THE FOLLOWING OBSERVATIONS WERE NOTED:

At approximately 9:20am on Thursday, November 4, 1999, Maria Magana-Bonner left her residence along, neatly dressed in a turquoise blue short jacket and slacks. She was driving a purple cherry coup with license plate #96 A K312. This occurrence was videotaped. TEAM 2 informed TEAM 1 of the time Bonner left her residence, driving alone, and of what she was wearing. TEAM 2 proceeded to follow her as she drove north on Georgia St. which was in the direction of the Federal Building. TEAM 2 turned off Georgia St. onto 15th Ave. and continued to the Federal Building on Connecticut Street. TEAM 2 parked about 2 blocks from the Federal Building in a location where Bonner could be seen approaching the Building.

TEAM 1 telephoned TEAM 2 and stated Bonner had arrived but she was accompanied by an Unidentified Black Male (UBM) and she was wearing a large blue plastic bag on her head. This occurrence was videotaped. TEAM 2 acknowledged the citing but informed TEAM 1 that was not the way she left her residence. TEAM 2 realized that between the time they turned off Georgia St. and her arrival at the Federal Building she had stopped off to pickup the UBM.

000233

**SURVEILLANCE SHEET**

OFFICE: __CHICAGO__

CASE NUMBER: CHI-98-00227-F

DATE: 11/04/99
WEATHER: Clear
TIME: 9:00am-12:50pm
INITIALS: _Wilma_

PHOTO    PHYSICAL

_____

**Details:** On Thursday, November 4, 1999, Maria Magana-Bonner was scheduled to appear for a hearing convened by the Social Security Administration, Office of Hearings and Appeals regarding her disability benefits. She is claiming to be paranoid schizophrenic and has been receiving benefits from SSA since the 1980's. SSA believes that she is not actually disabled but is faking the condition. Two teams consisting of four agents, Special Agents, FBI (TEAM 1); Postal Inspection Service and the Reporting Agent (TEAM 2) arranged to surveil Bonner from her residence at 5072 Carolina Street, Gary, IN to her hearing which was held at the Federal Building, 610 Connecticut, Gary, IN to obtain evidence that Bonner is faking her condition.

TEAM 1 was assigned to observe and videotape Bonner when she arrived at the Federal Building.

TEAM 2 was assigned to observe and videotape Bonner at her residence.

SURVEILLANCE WAS CONDUCTED IN THE VICINITY OF:    GARY, IN

AT WHICH TIME THE FOLLOWING OBSERVATIONS WERE NOTED:

At approximately 9:20am on Thursday, November 4, 1999, Maria Magana-Bonner left her residence along, neatly dressed in a turquoise blue short jacket and slacks. She was driving a purple cherry coup with license plate #96 A K312. This occurrence was videotaped. TEAM 2 informed TEAM 1 of the time Bonner left her residence, driving alone, and of what she was wearing. TEAM 2 proceeded to follow her as she drove north on Georgia St. which was in the direction of the Federal Building. TEAM 2 turned off Georgia St. onto 15th Ave. and continued to the Federal Building on Connecticut Street. TEAM 2 parked about 2 blocks from the Federal Building in a location where Bonner could be seen approaching the Building.

TEAM 1 telephoned TEAM 2 and stated Bonner had arrived but she was accompanied by an Unidentified Black Male (UBM) and she was wearing a large blue plastic bag on her head. This occurrence was videotaped. TEAM 2 acknowledged the citing but informed TEAM 1 that was not the way she left her residence. TEAM 2 realized that between the time they turned off Georgia St. and her arrival at the Federal Building she had stopped off to pickup the UBM.

Social Security Administration
Office of the Inspector General

# MEMORANDUM OF INVESTIGATION

Reporting Office: Chicago Field Office

Case Number:
C-98-00227-F

On Friday, March 20, 1998, I received a message on my voice mail from SA Bryant Penton, Veterans Affairs Administration, who is also conducting an investigation against Vernon Bonner informing me that Vernon and his wife, Maria is expected to come into the Pullman Bank on Monday or Tuesday of the following week.

SA Penton and I waited at the bank but they did not show.

On March 26, 1998, I received a telephone call from Glen Ruff, Sergeant of Security at the Pullman Bank and Trust Company, Chicago, informing me that Vernon Bonner and his wife Maria were in the bank.

I telephoned SA Bryant Penton and asked him to FAX me a copy of the subpoena he needed served on Vernon. SA Penton stated that he would FAX the subpoena and meet me at the bank as soon as possible.

SA Armando Lopez and I arrived at the bank, served the subpoena on Vernon and asked the Bonners to remain there until SA Bryant Penton arrived.

Maria Bonner stated that she and Vernon had been in Mexico for the past six months while she was attending school. She further stated that they had recently returned because they missed their family and to take care of business.

I informed Vernon and Maria that I would be contacting them later with questions regarding their social security benefits.

Upon leaving the bank Glen Ruff informed me that he knew Vernon and Maria Bonner. Mr. Ruff stated that he has worked at Pullman Bank for 25 years and the Bonner's have been regular customer there for many of those years. He would talk to them on most visits. He knew from talking to Maria that she had attended classes at Chicago State University. He further stated that in all the years he has known them he has never noticed any type of disability (physical or mental).

Observations of the Bonners: Very intelligent; cooperative; neat in appearance. There were no visible signs of mental or physical disabilities.

Special Agent Name and Signature: Norman J. Williams

Date: March 27, 1998

000223

This document contains neither recommendations nor conclusions of the IG. It is the property of the IG and is loaned to your agency; it and its contents are not to be distributed outside your agency.

OI3 (9/24/96)

Social Security Administration
Office of the Inspector General

MEMORANDUM OF INVESTIGATION

Reporting Office: Chicago Field Office

Case Number:
C-98-00227-F

On Friday, March 20, 1998, I received a message on my voice mail from SA Bryant Penton, Veterans Affairs Administration, who is also conducting an investigation against Vernon Bonner informing me that Vernon and his wife, Maria is expected to come into the Pullman Bank on Monday or Tuesday of the following week.

SA Penton and I waited at the bank but they did not show.

On March 26, 1998, I received a telephone call from Glen Ruff, Sergeant of Security at the Pullman Bank and Trust Company, Chicago, informing me that Vernon Bonner and his wife Maria were in the bank.

I telephoned SA Bryant Penton and asked him to FAX me a copy of the subpoena he needed served on Vernon. SA Penton stated that he would FAX the subpoena and meet me at the bank as soon as possible.

SA Armando Lopez and I arrived at the bank, served the subpoena on Vernon and asked the Bonners to remain there until SA Bryant Penton arrived.

Maria Bonner stated that she and Vernon had been in Mexico for the past six months while she was attending school. She further stated that they had recently returned because they missed their family and to take care of business.

I informed Vernon and Maria that I would be contacting them later with questions regarding their social security benefits.

Upon leaving the bank Glen Ruff informed me that he knew Vernon and Maria Bonner. Mr. Ruff stated that he has worked at Pullman Bank for 25 years and the Bonner's have been regular customer there for many of those years. He would talk to them on most visits. He knew from talking to Maria that she had attended classes at Chicago State University. He further stated that in all the years he has known them he has never noticed any type of disability (physical or mental).

Observations of the Bonners: Very intelligent; cooperative; neat or physical appearance. There were no visible signs of mental disabilities.

Special Agent Name and Signature:

Date: March 27, 1998

This document contains neither recommendations nor conclusions of the IG. It is the property of the IG and is loaned to your agency; it and its contents are not to be distributed outside your agency.

OI3 (9/24/96)

NUMBER HOLDER SSN: 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

5.  IF THERE HAS BEEN NO MEDICAL IMPROVEMENT OR MEDICAL IMPROVEMENT HAS OCCURRED WHICH IS NOT RELATED TO THE ABILITY TO DO WORK, DO ANY OF THE EXCEPTIONS TO THE MEDICAL IMPROVEMENT STANDARD APPLY?
[X] Yes    ☐ No

These exceptions are classified in 20 CFR 404.1594, 20 CFR 416.994(b). If none of the exceptions applies, the person will be found disabled. If an exception does apply, the hearing officer will continue to the next review step.

EXPLAIN:
20 CFR 404.988(c)(1) and 20 CFR 404.1594(e)(1) apply. The claimant was convicted on 8/1/02 of defrauding the Social Security Administration, therefore, all previous decisions awarding and continuing his disability benefits are reopened and reversed due to a cessation.

6.  DOES THE CLAIMANT HAVE A SEVERE IMPAIRMENT?    ☐ Yes    ☐ No

If a person's impairment(s) is a slight abnormality or a combination of slight abnormalities which has no more than a minimal effect on a person's ability to do basic work activities, the hearing officer will determine that the person does not have a severe impairment. Examples of work activities include walking, standing, sitting, lifting, carrying, pushing, or handling. Also involved are capacities for seeing, hearing, speaking, understanding, and carrying out simple instructions. If medical improvement does not apply and the person does not have a severe impairment(s), he/she will be determined not to be disabled. If medical improvement applies and is shown to be related to the ability to work, the hearing officer will determine whether all current impairments, singly or in combination, are severe. [20 CFR 404.1520-1523, 1594; 20 CFR 416.920-923; 994(b), SSR 85-28)

EXPLAIN:
Not applicable.

FORM SSA-1207-SUP 1 (5/92)

000232

---

NUMBER HOLDER SSN: 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

5.  IF THERE HAS BEEN NO MEDICAL IMPROVEMENT OR MEDICAL IMPROVEMENT HAS OCCURRED WHICH IS NOT RELATED TO THE ABILITY TO DO WORK, DO ANY OF THE EXCEPTIONS TO THE MEDICAL IMPROVEMENT STANDARD APPLY?
☐ Yes    [X] No

These exceptions are classified in 20 CFR 404.1594, 20 CFR 416.994(b). If none of the exceptions applies, the person will be found disabled. If an exception does apply, the hearing officer will continue to the next review step.

EXPLAIN:
No exceptions apply.

6.  DOES THE CLAIMANT HAVE A SEVERE IMPAIRMENT?    ☐ Yes    ☐ No

If a person's impairment(s) is a slight abnormality or a combination of slight abnormalities which has no more than a minimal effect on a person's ability to do basic work activities, the hearing officer will determine that the person does not have a severe impairment. Examples of work activities include walking, standing, sitting, lifting, carrying, pushing, or handling. Also involved are capacities for seeing, hearing, speaking, understanding, and carrying out simple instructions. If medical improvement does not apply and the person does not have a severe impairment(s), he/she will be determined not to be disabled. If medical improvement applies and is shown to be related to the ability to work, the hearing officer will determine whether all current impairments, singly or in combination, are severe. [20 CFR 404.1520-1523, 1594; 20 CFR 416.920-923; 994(b), SSR 85-28)

EXPLAIN:
Not applicable.

FORM SSA-1207-SUP 1 (5/92)

NUMBER HOLDER SSN: 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

ARE THERE OTHER ISSUES RELATING TO THIS DETERMINATION?

No.

EXPLAIN:

## CONCLUSION

THE CLAIMANT IS FOUND TO BE:

Not disabled, due to fraud.

OTHER CONCLUSION

This decision reopens and reverses all previous claims awarding or continuing the claimant's disability benefits. This includes the original decision of 12/10/86, when claimant was first granted his disability benefits.

DISABILITY HEARING OFFICER'S SIGNATURE                DATE

*Karen E. Dugas*                                      3/19/03

FORM SSA-1207 (5/92)

---

NUMBER HOLDER SSN: 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

ARE THERE OTHER ISSUES RELATING TO THIS DETERMINATION?

No.

EXPLAIN:

## CONCLUSION

THE CLAIMANT IS FOUND TO BE:

Disabled.

OTHER CONCLUSION

DISABILITY HEARING OFFICER'S SIGNATURE                DATE

*Karen E. Dugas*                                      2/2/00

006237

FORM SSA-1207 (5/92)

374
Pryka - redirect by Chang

1  BY MR. CHANG:

2  Q    Mr. Pryka, you were asked some questions by Mr. Fennerty

3  regarding whether there is any automatic ban on receiving

4  disability benefits if you go to college.  Do you recall that

5  line of questioning?

6  A    Yes.

7  Q    Although there's no automatic ban on receiving disability

8  benefits if you're going to college, is going to college

9  something that the SSA would want to know in making its

10 disability determination?

11 A    If you were receiving disability benefits and you went to

12 college, you should report that to Social Security.  I think

13 they would want to know it, yes.

14 Q    Is that because it's pertinent to the determination of

15 whether someone has -- can engage in substantial gainful

16 activity?

17 A    It could be pertinent when we conduct the continuing

18 disability review.  It might indicate some evidence of medical

19 improvement.

20 Q    Mr. Fennerty asked you some questions about Government

21 Exhibit 22.  Can you turn to that for a moment, in Binder 1.

22 Can you turn to it's the third page in the exhibit, and on the

23 bottom it refers to the consultative psychiatric evaluation

24 that was completed by Dr. Thanpy on April 24th, 1986.  Do you

25 see that reference?

969

Chang - closing argument

1   CLOSING ARGUMENT ON BEHALF OF THE GOVERNMENT
2   MR. CHANG: Thank you, Judge.
3   Good morning.
4   THE JURY: Good morning.
5   MR. CHANG: Welcome to the world of Vernon and Maria
6   Bonner. It's a world built on lie after lie after lie. It's a
7   world where they claim to have severe and chronic disabilities,
8   but the signs of those disabilities only show up when they
9   apply for benefits in the Social Security office or in the
10  office of a psychiatrist.
11      It's a world where Maria Bonner tells Social Security
12  that she's never been to college, but she's an honors Ph.D.
13  student. It's a world where Maria Bonner takes the identity of
14  her sister, Hilda Castillo, and puts her up as a representative
15  payee so that she can receive Social Security benefits. And
16  it's a world where Maria Bonner takes her cousin's Social
17  Security number in order to apply for financial aid.
18      It's a world where Vernon Bonner tells Social Security
19  he's blind, and yet he drives. He owns two cars. He gives
20  rides on his motor vehicle.
21      It's a world where the defendants claim they coke care
22  of Walter Bonner, but he's never lived with them, and he was
23  raised by his mother, all in order to get Social Security
24  benefits.
25      The defendants told those lies, they built this world

---

991

Chang - closing argument

1   focus on the concealment of activities, okay, because we're not
2   suggesting for a moment that someone who suffers from mental
3   illness cannot attend school or cannot work. That is not what
4   we're suggesting for a moment. It's not true. It's absolutely
5   not true. It's just the opposite. Someone with mental
6   illness, as Dr. Knoll explained, does not necessarily have
7   intellectual deficits at all. That's not what we're saying.
8   But what the mental illness doesn't cause is the concealment
9   and the lies of various activities to the Social Security
10  Administration.
11      Maria Bonner is an honor student in the University of
12  Minnesota and at Chicago State, but she conceals that. On her
13  financial aid application to Chicago State she -- every year on
14  that FAFSA form -- and you know what that stands for. That
15  FAFSA form, "Annual Social Security benefits?" No, zero,
16  blank, leaves it blank. Concealment.
17      Vernon Bonner is passing his driver's license vision
18  tests with flying colors, and no one has ever seen any mental
19  disability, and he visits with Zsa Zsa Morris three or four
20  times a week, all of that, not a word to the Social Security
21  Administration about any of that. His application -- his
22  purported application to Amtrak and to buy a farm, none of that
23  is in the Social Security records because they concealed it.
24  And Maria Bonner concealed from the administrative law judge.
25  "School, why in Minnesota?" "Friends."

To:  **SOCIAL SECURITY ADMINISTRATION**          DATE:  June 8 , 2004

            6401 Security Boulevard                       Second Notice

            Baltimore, MD  21235

            **Freedom of Information Act (FOIA)**

            **OFFICE OF PUBLIC INQUIRIES (FOIA)**

Dear Sir: SSA;

      This is a request under the Freedom of Information Act.

      I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in any
way connected to, related to, or even remotely in reference to my name.

      In addition, the following particulars may assist you in your search
of information:

**Re:** Vernon Bonner, SSN: 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 & Maria Magana-Bonner, SSN: 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
OI File No. C-98-00227-F. Both files please.
My biographical data is as follows:

**FULL NAME:** Vernon Bonner & Maria Magana-Bonner

**Alias':**    N/A

**DATE OF BIRTH:**  Vernon: April 1, 1950; Maria: April 25, 1952.

**PLACE OF BIRTH:** Vernon: St. Louis, MO; Maria: Nuevo Laredo, MX.

**SOCIAL SECURITY NUMBER:** Vernon: 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; Maria: 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

      I declare under the penalty of perjury that the aforementioned
biographical data is that pertaining to my person, and that the signatures
below is my true and correct signature.

Executed this    8   day of   June   ,   2004   .

                              By   _VB_   Vernon Bonner; Without prejudice
                                          Requester-Affiant

                              Photo-copy good as **original**.

                              

                              Maria Magana-Bonner
                              # 10009-041
                              PO Box 5000, FPC
                              **PEKIN, Il 61555.5000**

(28 USC Section 1746)

_Vernon Bonner_

Prison Number: 06300 027
PO Box 1000, FPC
**DULUTH, MN 55814.1000**

CC: Bonner

---

BONNER/ 06300 027
FederalPrisonCamp
PO Box 1000
DULUTH, MN 55814.1000

**legal mail**

OFFICE of PUBLIC
INQUIRIES.
Freedom of Information Act
**(FOIA)**
Mailed:  6-08-04

**SOCIAL SECURITY ADMINISTRATION**

6401 Security Boulevard

BALTIMORE, MD  21235

# SOCIAL SECURITY

July 22, 2004

Refer to:
S9H: PA7895

Mr. Vernon Bonner, #06300 027
P.O. Box 1000, FPC
Duluth, MN 55814-1000

Dear Mr. Bonner:

You requested access to records about you maintained by the Social Security Administration. Because we have many different systems of records, we need more information to know where to search.

You sent in consent to disclose your records, but it does not meet our requirements. To authorize disclosure of Social Security records, the individual to whom the records pertain must **sign and date the consent. The consent must specify that the Social Security Administration may disclose the records, what records should be disclosed, and to whom they should be disclosed**

If you want information about your Social Security earnings and future benefits, complete and mail the enclosed Request for Social Security Statement. If you have applied for Social Security benefits and want information from your claim file, write to the program service center or other office that has your records. You can call our toll-free number, 1-800-772-1213, to find the appropriate office.
If you want something else, you need to give us more information. You must identify the systems of records you would like us to search. Our regulations provide that an individual requesting information from our records must specify which systems we are being asked to search and must, on request, verify his or her identity.

You may contact your local Social Security office to review a list of the systems of records

2

we maintain. Our "Privacy Act Notices of Systems of Records" is also available on our web site at http://www.socialsecurity.gov.

Sincerely,

Jonathan R. Cantor

Jonathan R. Cantor
Freedom of Information Officer

Enclosure



BONNER/ 06300 027
Federalprisoucamp
PO Box 1000
Duluth, MN 55814.1000

OFFICE of THE INSPECTOR GENERAL
U.S. DEPARTMENT of JUSTICE
950 Pennsylvania Avenue, NW
Room 4322
WASHINGTON, D.C. 20530

LEGAL MAIL
Mailed: 8-03-04

Civil Rights &
Civil Liberties
Complaint:

BONNER/ 06300 027
Federalprisoncamp
PO Box 1000
Duluth, MN 55814.1000

---

SOCIAL SECURITY
Inspector General
23rd Floor
105 West Adams St.

CHICAGO, IL 60603

LEGAL MAIL

MAILED: 8-03-04/

---

To:   SOCIAL SECURITY ADMINISTRATION        DATE:  August 3    , 2004

      Inspector General                            Second Notice

      23rd Floor

      105 West Adams Street

      CHICAGO, IL  60603

Dear Sir: Office of the Inspector General:

      This is a request under the Freedom of Information Act.USC 5 § 552

      I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in any
way connected to, related to, or even remotely in reference to my name.

      In addition, the following particulars may assist you in your search
of information: Re: OI File No. C-98-00227-F.

Ms. Norene S. Williams, Special Agent (SSA/OIG/OI); Thomas McCarter, Assistant Special
Agent-in-Charge.
My biographical data is as follows:

FULL NAME:  Vernon Bonner and Maria Magana-Bonner

Alias':  N/A

DATE OF BIRTH:  Vernon 4-01-50 and Maria 4-25-52

PLACE OF BIRTH: Vernon St. Louis, MO & Maria, Mexico

SOCIAL SECURITY NUMBER: Vernon 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 & Maria 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

      I declare under the penalty of perjury that the aforementioned
biographical data is that pertaining to my person, and that the signature
below is my true and correct signature.

Executed this _03_ day of _August_ , 2004

                        By  _Vernon Bonner_
                            Requester-Affiant

                            Maria Magana-Bonner

(28 USC Section 1746)

Vernon Bonner

Prison Number: _# 06300 027_                # 10009-041

PO Box 1000, FPC                            PO Box 5000
Duluth, MN 55814.1000                       Pekin, IL 61555.5000 .

CC: OIG's, Washington, D.C. 20530

Re:no.!

Mailed: 8-30-04

SOCIAL SECURITY ADMINISTRATION
130 W. Superior Street
DULUTH, MN 55802

BONNER/ 06300 027
FEDERALPRISONCAMP
PO Box 1000
Duluth, MN 55814



To: __SOCIAL SECURITY ADMINISTRATION__    DATE: August 3, 2004

    Inspector General                          Second Notice

    23rd Floor              C/O: **Social Security Administration**

    105 West Adams Street        130 W. Superior St.

    CHICAGO, IL 60603            DULUTH, MN 55802

                                 AUGUST 30, 2004

Dear Sir: Office of the Inspector General;

   This is a request under the Freedom of Information Act. USC:5 §.552

   I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

   In addition, the following particulars may assist you in your search of information: Re: OI File No. C-98-00227-F.

Ms. Norene S. Williams, Special Agent (SSA/OIG/OI); Thomas McCarter, Assistant Special Agent-In-Charge.
My biographical data is as follows:

FULL NAME: Vernon Bonner and Maria Magana-Bonner

Alias': ___N/A___

DATE OF BIRTH: ___Vernon 4-01-50 and Maria 4-25-52___

PLACE OF BIRTH: Vernon St. Louis, MO & Maria, Mexico

SOCIAL SECURITY NUMBER: Vernon 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 & Maria 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

   I declare under the penalty of perjury that the aforementioned biographical data is that pertaining to my person, and that the signature below is my true and correct signature.

Executed this ___03___ day of ___August___, 2004.

                        By ___Vernon Bonner___      8-18-04
                             Requester-Affiant

                             Maria Magana-Bonner

(28 USC Section 1746)

Vernon Bonner

Prison Number: # 06300 027      # 10009-041

PO Box 1000, FPC                PO Box 5000

Duluth, MN 55814.1000           Pekin, IL 61555.5000.

CC: OIG's, Washington, D.C. 20530

TO: **SOCIAL SECURITY ADMINISTRATION**
**OFFICE OF THE INSPECTOR GENERAL**
C/O; SOCIAL SECURITY ADMINISTRATION
1401 EAST 84th PLACE
MERRILLVILLE, INDIANA 46410

FROM: **MARIA MAGANA-BONNER**
10009-041; FPC
PO Box 5000
Pekin, IL 61555-5000

PURSUANT TO TITLE 5, UNITED STATES CODE, SECTIONS 552, 552(a), I THE UNDERSIGNED, IDENTIFIED AS ABOVE, RESPECTFULLY REQUEST THE ACCESS TO, THE DISCLOSURE OF, THE RELEASE OF, AND THE OPPORTUNITY TO CORRECT AND AMEND, THE FOLLOWING RECORDS MAINTAINED BY YOUR AGENCY:   Re: Maria Magana-Bonner, SSN: 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 & **Vernon Bonner**, SS#: 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
OI File No. **C-98-00227-F**. Both files please.

SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE INSPECTOR GENERAL, CHICAGO, ILLINOIS.

Agent Norene S. Williams, SSA (OIG). Assistant Agent Thomas McCarter; Phone **(312) 353-5707**.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

I AM ALSO REQUESTING A COPY OF THE APPLICABLE RULES & REGULATIONS FOR YOUR AGENCY AS PROVIDED FOR BY THE FOI/PA, AS AMENDED BY PUBLIC LAW 93-502, 88 STAT. 1561.

IF FOR ANY REASON, ANY OF THE ABOVE-REQUESTED RECORDS ARE DEEMED TO BE NON-DISCLOSABLE, OR NON-RELEASABLE. PLEASE SPECIFY THE REGULATORY & STATUTORY EXEMPTION RELIED UPON, AND STATE WHETHER THE ENTIRE DOCUMENT OR ONLY A PORTION THEREOF, IS DEEMED NON-DISCLOSABLE, AND FURNISH THE NAME AND TITLE OF THE PERSON MAKING THE DECISION.

REQUESTER IS AN INDIGENT INMATE AT <u>Federal Prison Camp</u> AND REQUESTS THAT ANY SEARCH, AND/OR DUPLICATION FEES BE WAIVED, OR IN THE ALTERNATIVE, THAT ACCESS BE PROVIDED BY ALLOWING REQUESTER TO VIEW AND TAKE NOTES OF THE RECORDS RATHER THAN BE PROVIDED WITH COPIES.

THE FOI/PA PROVIDES FOR A REPLY TO THIS REQUEST IN TEN(10) WORKING DAYS. REQUESTER HEREBY INVOKES THIS PROVISION FOR A RESPONSE TO THIS REQUEST WITHIN TEN(10) WORKING DAYS.

Respectfully submitted Vernon Bonner & Maria Magana- Bonner; Without prejudice
_____
(requester)

Dated this <u>28</u> day of <u>October</u>, <s>19</s> <u>2004</u>

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.

FULL NAME OF REQUESTER: Vernon Bonner & Maria Magana-Bonner

CURRENT ADDRESS: PO Box 1000; PO Box 5000

DATE OF BIRTH: April 1, 1950; April 25, 1952

PLACE OF BIRTH: St. Louis, MO; Mexico

EMPLOYEE I.D. NUMBER: 06300-027; 10009-041, Maria

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five(5) years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3), by a fine of not more than $5,000

Dated this <u>28</u> day of <u>October</u>, <s>19</s> <u>2004</u>

Signature: Vernon Bonner & Maria Magana-Bonner
_____
Without prejudice

# SOCIAL SECURITY
## Office of the Inspector General

Office of Investigations
23rd Floor
105 West Adams Street
Chicago IL 60603

Dear OIG;

Please send Vernon & Maria a copy of both "Reports" that you Withheld during our trial (Brady Violation & Jencks Violation).

VB 10-26-05

Vernon Bonner 1-25-06

March 27, 1998

CAROLINE AVANT
Administrative Assistant
Overdraft Collections
Pullman Bank and Trust Company
1000 E. 111th Street
Chicago, Illinois 60628

Re: Vernon Bonner, SSN: 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 & Maria Magana-
Bonner, SSN: 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
OI File No. C-98-00227-F

Dear Ms. Avant:

Pursuant to our conversation of today, we are requesting that the freeze be removed from the accounts of the above referenced individuals.

If you need additional information and/or assistance please contact me at (312) 353-5707.

Thank you

Norene Williams
Special Agent

000210

Bonner; 06300027
federalprisoncamp
Dorm 208-103
P.C. Box 1000
DuLuth, MN 55814



Mailed:

12-26-05

Legal Mail

**OFFICE OF THE INSPECTOR GENERAL**
OFFICE OF INVESTIGATION
Social Security Administration

200 West Adams.  Suite 2951
CHICAGO, IL  60606



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

OCT 0 3 2005

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp                   Re:  Appeal No. 05-0886
Post Office Box 1000                       Request No. 04-3661
Duluth, MN  55814                          RLH:JGM:JTR

Dear Mr. Bonner:

     You appealed from the Executive Office for United States
Attorneys' denial of your request for a waiver of the fees associated
with your request for records concerning you and a report prepared by
an Agent of the Social Security Administration.

     The EOUSA has administratively separated your Freedom of
Information Act request dated September 20, 2004, into two files.
This appeal concerns EOUSA Request No. 04-3661, which is your request
for records concerning you and a report prepared by an Agent of the
Social Security Administration.  The EOUSA separately processed
Request No. 04-3662, which relates to your request for records
concerning your daughter, Virginia Bonner.  I note that you have
already appealed the EOUSA's action in Request No. 04-3662, and that
by letter dated July 5, 2005 (Appeal No. 05-0908), this Office
affirmed the EOUSA's refusal to confirm or deny whether it had any
records on your daughter.

     The statutory standard for evaluating fee waiver requests
provides that fees shall be waived or reduced "if disclosure of the
information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or
activities of the government and is not primarily in the commercial
interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  In
determining whether you have satisfied this statutory standard, I
considered the six factors set out in the Departmental regulation
that puts this statutory standard into effect.  See 28 C.F.R.
§ 16.11(k) (2004) Requirements for waiver or reduction of fees (copy
enclosed).

-2-

On the basis of all of the information available to me, I have concluded that your request for a waiver of fees was properly denied. Although the records you seek concern in part the operations or activities of the government, and you do not appear to have an overriding commercial interest in the records, you have not satisfied other relevant factors.

First, to qualify for a fee waiver, you must make an adequate showing that release of the information to you is in the public interest. See Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). You have made no such showing. Further, your particular financial situation is not a proper basis for granting a fee waiver. This is well-supported by case law. See, e.g., Ely v. United States Postal Serv., 753 F.2d 163, 165 (D.C. Cir. 1985). Congress considered but ultimately rejected a statutory fee waiver provision for indigents. Id. And last, you have not demonstrated that you have both the intent and the ability to disseminate the requested information to the general public. This in itself is a sufficient basis on which to deny a fee waiver request. See Larson v. CIA, 843 F.2d 1481, 1483 & n.5 (D.C. Cir. 1988). Accordingly, your appeal is denied.

As you may know, the Freedom of Information Act entitles you to the first two hours of search time and up to 100 pages of duplication at no cost. See 5 U.S.C. § 552(a)(4)(A)(iv)(II). The EOUSA has processed your request up to the two-hour search limit. If you wish to pursue your request, please write to the EOUSA directly and follow the instructions it provided you by letter dated October 26, 2004. For your convenience, I am attaching a copy of that letter.

With regard to the action taken by the EOUSA, the components of the Department of Justice may require a requester to make an advance payment of FOIA processing fees if the component estimates that the total fee to be charged will be more than $250.00. See 28 C.F.R. § 16.11(i)(2)(2004). Inasmuch as the EOUSA estimated that the total fee for processing your request will be well in excess of that amount, the EOUSA properly required you to pay it in advance.

As noted by the EOUSA in the above-mentioned letter, you may wish to make a FOIA request directly to the Social Security Administration (SSA) for some of the records you seek. Additionally, I note that your request letter mentions the Federal Bureau of Investigation, as well as U.S. embassies and consulates, which are part of the Department of State. If you have not done so already, you may wish to make new FOIA requests to the SSA, FBI, and Department of State. Respectively, the addresses are:

-3-

Social Security Administration
Office of Public Disclosure
3-A-6 Operations Building
6401 Security Boulevard
Baltimore, MD  21235

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue NW.
Washington, DC  20535-0001

Margaret P. Grafeld
Director, Office of IRM Programs and Services, SA-2
5th Floor
Washington, DC  20522-6001

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

Enclosures

MAR 27 2006



# SOCIAL SECURITY

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Vernon Bonner
P.O. Box 1000 FPC
Dorm 208-103
Duluth, MN 55814-1000

Dear Mr. Bonner:

This office is in receipt of the Freedom of Information Act request you sent to the Social Security
Administration, Office of Disclosure Policy, dated February 13, 2006.

In your letter you request any and all information, along with all reports, for both yourself as well as your
wife Maria Magana-Bonner, related to the "Chicago Social Security Fraud Investigation." Please note
that because you have also requested information for Maria, in order to accommodate your request we
also need to have her signature, indicating her authorization for the release of her own records. If you
will provide us with her signature and authorization, we will then be able to forward you the complete set
of records that you have requested at one time. A sample copy of a document containing language that
would suffice for this purpose is enclosed for your convenience.

Please obtain that authorization and send it to the address listed below:

<div align="center">

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235

</div>

If you have any questions regarding this request, please call Peter Johnson at
(410) 966-6142.

<div align="center">

Sincerely,

Peter W. Johnson

Peter W. Johnson
Staff Attorney

</div>

Mailed: 9-26-06

Mr. Peter W. Johnson, Esq.
Social Security Administration
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235-0001



Bonner, Vernon
#06300027
Dorm 211-209
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

---

September 26, 2006

Mr. Peter W. Johnson

Social Security Administration

Room 3-ME-1

6401 Security Boulevard

Baltimore, MD 21235

Re: "Chicago Social Security Fraud Investi-
gation" Reports (CSSFI).

Dear Mr. Johnson:

As of this date 9-26-06 the "Bonners"
have not received the "CSSFI Reports"
File No. C-98-00227-F. I would like a
status update. Maria Magaña-Bonner SS#
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; Vernon Bonner SS# 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.

Yours truly          P.S: see attached "SSA"
VB                   letter dates 3-27-06.
Vernon Bonner
#06300027
P.O. Box 1000; FPC
Duluth, MN 55814

November 8, 2006

Mr. Willie J. Polk
Mr. Peter W. Johnson
For: Executive Director
of the Office of Public
Disclosure, Social
Security Administration
6401 Security Boulevard
Baltimore, Maryland 21235

Re: S9H: PN0483            "FOIA APPEAL"

Dear Mr. Polk & Mr. Johnson:

Please consider this an "appeal" of no responsive records to my request.
I requested the Official "Chicago Social Security Fraud Investigation"
(CSSFI) report by Special Agent Morene S. Williams, SSA/OIG; File Case No. C-
98-0227-F (Vernon Bonner & Maria Magana-Bonner). I don't agree with you de-
leting portions of 112 pages and withholding 26 pages. The "Bonners" would
like both reports. Agent Williams, SSA/OIG, testified at trial. Ron Carver,
FBI agent also testified at the Bonners trial.

Sincerely,

Vernon Bonner, # 06300027
Dorm 208-103
P.O. Box 1000, FPC
DuLuth, MN 55814.1000

Enclosure

Bonner, Vernon
06300027
Dorm 208-103
Federalprisoncamp
P.O. Box 1000
DuLuth, MN 55814.1000



Mailed: 11-8-06

"FOIA APPEAL"

Mr. Willie J. Polk
Mr. Peter W. Johnson
For: Executive Director
of the Office of Public
Disclosure, Social
Security Administration

6401 Security Boulevard
BALTIMORE, MARYLAND 21235

BONNER, VERNON
06300027
D208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH  MN 55814 1000

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to
the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
BALTIMORE, MD  21235

MAILED:

12-12-06

---

December 12, 2006

Social Security Administration
Office of the Inspector General
Office of the Chief Counsel to the Inspector General
ATTN: Peter W. Johnson
Room 3-ME-1
6401 Security Boulevard
Baltimore, MD 21235

Dear Mr. Johnson:

Response to your letter of December 6, 2006:

1. I am requesting Agent Williams, SSA/OIG Memorandum report[s] to her super-
visor concerning what happen in Court on July 26, 2006. Judge Lindberg gave
permission to the prosecutor Ms. Nancy Miller to speak to Agent Williams, SSA/
OIG concerning the Case File # C-98-00227-F.

2. I have not been provided with the Official Case File # C-98-00227-F, the
investigator was Agent Williams, SSA/OIG.

3. I will assume you have sent me the subpoenas and warrants.

4. The Social Security Administration and the prosecutor said that Virginia
Bonner does not exist, therefore no signature is necessary.

5. Since Agent Williams, SSA/OIG testified at the "Bonners" trial you cannot
redact her name or withhold Agent Williams report[s].

I hope this letter clarify your questions, if there is a problem please advise.

Sincerely,

Vernon Bonner, # 06300027
Dorm 208-103
P.O. Box 1000, FPC
DuLuth, MN 55814.1000

CC:  Maria Magana-Bonner, 5072 Carolina St.,
     Gary, Indiana 46409

Social Security Administration: Office of Hearing & Appeals,
Winnie J. Whiting, Information Specialist
March 14, 2007

Page 2

Requester realizes there is no clear requirement in the FOIA/PA for such itemization at the administrative level, but since courts now uniformly require such a showing under Vaughn I and Vaughn II, requester should be provided with the itemization to avoid costly litigation. Vaughn V. Rosen (I) 484 F.2d. 820 (D.C. Cir. 1973) cert. denied; 415 US 977 (1974); Vaughn V> Rosen (II) 523 F.2d. 1136 (D.C. Cir. 1975).

Under the terms of the FOIA/PA appeal process, I demand a response from your agency within twenty days. See 5 U.S.C. (a)(6)(A)(ii). Since your agency has already taken more than ten working days, no extensions are available. See 5 U.S.C. 552 (a)(6)(B).

Note 1. Maria Magana-Bonner: SS# 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; 5072 Carolina St., Gary, Indiana 46409.

(28 USCA § 1746)     Respectfully submitted,

_____  Vernon Bonner: Without Prejudice

Enclosures:
"Chicago Social Security Fraud Investigation,"
Bates Stamp Numbers 000201 and 000218 By Special
Norene S. Williams,SSA/OIG Case File C-98-0027-F.

---

APPEAL OF DENIAL OF F.O.I.A./PA REQUEST: Social Security Administration

DATE: March 14, 2007

NAME, LAST, FIRST, MIDDLE  Bonner, Vernon  (SS# 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)

INMATE NUMBER: 06300-027

ADDRESS: DORM 208  ROOM 103  P.O. BOX 1000, DULUTH, MN 55814

ORIGINAL REQUEST: 11-20-06: SSA/OIG: OI File # C-98-0027-F/RE:591:PN 0483.

AGENCY DENIAL: Non-Responsive: 3-09-07

Dear Sir: Or Madam: Winnie J. Whiting, Information Specialist:

Please construe this correspondence as an appeal from an agency denial of my recent FOIA/PA request pursuant to 5 U.S.C. Section 552.

On November 20, 2006 , I made a request for materials pursuant to the FOIA/PA. The FOIA/PA provides that an initial determination must be made within ten working days. 5 U.S.C. Section 552 (a)(6)(B). Since there has been no request for an extension of this ten day period requirement, your action (or non-action) will be treated as a denial, and this letter constitutes a formal appeal from that denial.

I demand a complete list of documents covered by the request, and a specific indication of what material (s) is (are) being withheld, and what exemptions are being claimed:

"The objective of the Vaughn requirements, to permit the requesting party to present its case effectively is equally applicable to proceedings within this agency."

Mead Data Central Inc. V. Department Of The Air Force
402 F.Supp. 460, (D.D.C. 1974)

on Bonner
06300-027
Dorm 208-103
Federal Prison Camp
P.O. Box 1000
DuLuth, MN 55814.1000

Mailed: 3-14-2007

Winnie J. Whiting,
Information Specialist
Social Security Administration
Office of Disability, Adjudication & Review

5107 Leesburg Pike, Suite 1704
FALLS CHURCH, VA 22041 - 3255

'FOIA APPEAL'

---

## SOCIAL SECURITY

Office of Disability, Adjudication and Review
5107 Leesburg Pike, Suite 1704
Falls Church, VA 22041-3255

MAR - 9 2007

Mr. Vernon Bonner
#0630027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814-1000

Re: Vernon Bonner, SSN: 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

Dear Mr. Bonner:

I am responding to your request dated November 20, 2006, for materials from the above referred client's file because of my responsibility for processing requests under the Freedom of Information Act and the Privacy Act (a copy of your letter is enclosed for ready reference).

Enclosed are the records, which you requested.

Sincerely yours,

Winnie J Whiting
Winnie J. Whiting
Information Specialist

Enclosures

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,
    Plaintiff,
    )
    )
v.    )
    )
SOCIAL SECURITY ADMINISTRATION, et al., )  Civil Action No. 06-2051-EGS
    Defendants.    )

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT[S]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, Vernon Bonner, Pro Se, requests Defendant[s] Social Security Administration (SSA), Specifically Special Agent Morene S. Williams, SSA/OIG to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definitions and instructions set out below:

DEFINITIONS AND INSTRUCTIONS

1. "You" and "your" means the Defendant[s] Social Security Administration (SSA), its agents, employees, attorneys and any person[s] acting on its behalf.

2. "Document[s]" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations, telephone calls, meeting or other communications; all graphic or oral records or representations of any kind; and mechanical or electronic records or representations of any kind, including E-mail[s], tapes cassettes, disks or records.

3. Identity Means:

A. In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

B. In the case of a document[s]; to state its date, its author, its recipient or the person[s] for whom it was prepared, the type of document[s] (e.g. letter[s], memorandum[s], chart[s] or there category), its present location or custodian, a summary of its contents, and any other information necessary to render the document[s] distinguishable from all others and subject to ready location.

C. In the case of a communication or act, to identify the person[s] present when the communication or act occurred, the date and location of such communication or act, and all documents which record[s], refer to, or otherwise concern such communication of act.

4. "Describe" means to provide a full, and accurate detailed description of the matter inquired of.

5. Privilege or Immunity. To the extent that any documents are not identified on the basis of Privilege or Immunity:

A. Submit a list identifying each such document[s];

B. Identify the nature of the privilege (including work product) which is being claimed; and

C. Identify each person having knowledge of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document[s], to state the document[s] date, its author, its recipient or the person for whom it was prepared, the type of document[s] (e.g. letter[s], memorandum[s], chart, or other category its present location or custodian, a summary of its contents, and any other information necessary to render the document[s] distinguishable from all others and subject to ready location.

6. Destroyed document[s]. If any documents identified herein have been lost, discarded or destroyed, the document[s] so lost, discarded or destroyed shall be identified as completely as possible, including, without limitations, the following information: Date of disposal, manner of disposal, reason for disposal, person authoring the disposal, and the person disposing of the document[s].

2

**INTERROGATORIES**

1. State your full name, current employment and business address.

**RESPONSE:**

2. Please identify, with specificity, all correspondence, E-mail, communications, documents, reports or memorandums, with internal agency Vernacular or Nomenclature, prepared or received concerning the following:

a. The "Chicago Social Security Fraud Investigation" (CSSFI) Reports, Case File # C-98-00227-Y by Special Agent Norene S. Williams, SSA/OIG, Bates Stamp Numbers 000201-000400; Court Case # 01-CR-670-2, Chicago, Illinois; on Maria and Vernon Bonner.

**RESPONSE:**

3. Please identify the location[s] that you sent completed correspondence, E-mail, communications, reports or memorandums concerning item[s] in paragraph 2.(a).

**RESPONSE:**

4. Please identify each person or agency whom you believe has knowledge or information of a "CSSFI" Report on Maria Megenna-Bonner.

**RESPONSE:**

5. Please identify each person or agency whom you believe has knowledge or information of a "CSSFI" Report on Vernon Bonner.

**RESPONSE:**

6. Please identify any document[s], report[s] or memorandum[s] that will show that Maria Bonner told "SSA" she was in School or told any agent she was in School.

**RESPONSE:**

7. Please identify any document[s], report[s] or memorandum[s] that will show when "SSA" or its Agents first contacted the School[s] concerning Maria Bonner.

**RESPONSE:**

8. Please identify any Agent or "SSA" employee whom has knowledge or information or documents concerning when Maria first told "SSA" or its Agent she was in school.

3

9. Please identify any report[s], document[s] or memorandum[s] for the first time "SSA" received or its Agents requested concerning Vernon driving record from the State of Indiana and the State of Illinois.

**RESPONSE:**

10. Please identify any report[s], document[s] or memorandum[s] concerning any "SSA" Agent being in the Court room in Chicago, Illinois on July 26, 2006 at Vernon Bonner sentencing in Judge George W. Lindberg Court room, Court Case # 01-CR-670-1.

**RESPONSE:**

11. Please identify any report[s], document[s] or memorandum[s] concerning any "SSA" Agent speaking to AUSA Nancy Miller on July 26, 2006 in Judge George W. Lindberg Court room in Chicago, Illinois, Court Case # 01-CR-670-1.

**RESPONSE:**

12. Please identify each person or agency that has contacted you regarding any responsive material or document[s] responsive to Plaintiff's Freedom of Information Request[s].

**RESPONSE:**

13. Please identify all persons who provided information or participated in preparing the answers to these interrogatories.

**RESPONSE:**

Dated: This 9th day of April, 2007.

Respectfully submitted,

Vernon Bonner, Pro Se
P.O. Box 1000
Duluth, MN 55814.1000

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has this date been served upon the parties, by depositing a copy of same in the United States Mail in Duluth, MN., FPC, sufficient postage prepaid, addressed to Defendant[s] Counsel as follow:

Madelyn E. Johnson, AUSA
Room E. 4114
555 4th Street, NW
Washington, DC 20530

Dated: April 9, 2007

Vernon Bonner

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,
PLAINTIFF

v.                      Civil Action # 06-2051-EGS

SOCIAL SECURITY ADMINISTRATION, et al.,
   Defendant.

REQUEST FOR ADMISSION

Pursuant to Rule 36 and 26(b)(1) Federal Rules of Civil Procedure, the Plaintiff, VERNON BONNER, hereby requests Defendant[s] SOCIAL SECURITY ADMINISTRATION (SSA), specifically Norene S. Williams, SSA/OIG/OI to answer the following Question[s], in writing and under oath, within thirty (30) days from the date of service, in accordance with the definition and the instructions set out below:

DEFINITIONS AND INSTRUCTIONS

1. "You" means: The defendant[s] SOCIAL SECURITY ADMINISTRATION (SSA) its agent[s], employee[s] and any person[s] or attorney[s] acting on its behalf.

ADMISSION

1. State your full name, current employment and business address.
RESPONSE

2. Please admit or deny all of the following Question[s] concerning:
   a. The "Chicago Social Security Fraud Investigation" (CSSFI) Report[s], Case File # C-98-00227-F by Special Agent Norene S. Williams, SSA/OIG/OI, Bates Stamps Numbers 000201-000400; Court Case # 01-CR-670-2, Chicago, Illinois; on Marta Magana-Bonner, SS# 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 and Vernon Bonner, SS# 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.
RESPONSE

3. Please admit or deny Agent Williams that you are the author of the CSSFI Report[s] in paragraph 2. (a).
RESPONSE

4. Please admit or deny that you gave the Prosecutor[s] in Chicago, Illinois the CSSFI Report[s] concerning Marta and Vernon Bonner.
RESPONSE

5. Please admit or deny that you gave the CSSFI Report[s] to the Bonners defense Mr. Fennerty and Mr. Edwards.
RESPONSE

6. Please admit or deny that you were at Vernon Bonner re-sentencing on July 26, 2006 in Chicago, Illinois in Judge George W. Lindberg Court room, Court Case # 01-CR-670-2.
RESPONSE

7. Please admit or deny that you spoke to AUSA Nancy L. Miller at Vernon re-sentencing on July 26, 2006 in Chicago, Illinois in Judge George W. Lindberg Court room.
RESPONSE

8. Please admit or deny that you told AUSA Miller that the CSSFI Report[s] was an Official Report and that Vernon should not have it, on July 26, 2006 in Chicago, Illinois in Judge Lindberg Court room.
RESPONSE

9. Please admit or deny that AUSA Miller said that you were/had been investigated concerning the CSSFI Report[s] on July 26, 2006 in Chicago, Illinois in Judge Lindberg Court room.
RESPONSE

10. Please admit or deny that the definition of "withholding of exculpatory evidence" is against the law (Brady/Jencks violation).
RESPONSE

11. Please identify each person[s] or agency that contacted you regarding the answer[s] to these Questions.
RESPONSE

12. Please identify all person[s] who provided information or participated in preparing the answers to these admit or deny Questions.

Dated: This 4th day of June, 2007

Respectfully submitted,

Vernon Bonner, Pro Se; 06300027, FPC, P.O. Box 1000, Duluth, MN 55814

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has this date been served upon the parties by depositing a copy of same in the U.S. Mail in Duluth, MN., FPC, mail-box sufficient postage prepaid, addressed to defendant[s] Counsel and Defendant[s] as follow:

Madelyn E. Johnson, AUSA
Room E 4114
555 4th Street, NW
Washington, DC 20530

Social Security Administration
Office of Inspector General
Office of Manager For Defendant[s]
6401 Security Boulevard
Baltimore, MD 21235

Sincerely,

Vernon Bonner, Pro Se          Dated: 6-04-2007

2







Madelyn E. Johnson, AUSA
Room E. 4114
555 4th Street, NW
WASHINGTON, DC 20530

Office Manager for:
SOCIAL SECURITY ADMINISTRATION
OFFICE OF INSPECTOR GENERAL
Roger W. Thomas,SSA/ALJ,
Karen E. Dugas,SSA/DHO
Alan Pryka,SSA/Staff Specialist

6401 Security Blvd.
BALTIMORE, MD 21235

Bonner, Vernon
06300027
Dorm 208-103
FederalPrisonCamp
P.O. Box 1000
DuLuth MN 55814.1000

Mailed:

May 11, 2007

Bonner, Vernon
06300027
Dorm 208-103
FederalPrisonCamp
P.O. Box 1000
DuLuth MN 55814.1000

Mailed:

May 11, 2007

BONNER, VERNON
06300 027
DORM 208-103
FEDERAL PRISON CAMP
P.O. BOX 1000
DULUTH, MN 55814.1000




MAILED: 5 - 24 - 2007

ATTN: SSA Case File # C-98-00227-F
      Civil Action # 06-2051-EGS

      "Interrogatories"

SOCIAL SECURITY ADMINISTRATION
OFFICE OF INSPECTOR GENERAL

Office Manager For:

Dennis Niezoda, SSA/OIG/OI; Thomas McCarter, SSA/OIG/OI
J.F. Martin, SSA/Regional Commissioner
J. Nicholson, SSA/Disability Reviewer
J. Schnaus, SSA/Disability Reviewer
J. Barnes, SSA/Disability Reviewer
Brenda Bearden, SSA/Field Manager
Donna Ogrentz, SSA/Branch Manager
Charlotte Allslatt, SSA/DQS; Jo Ellen Juscombe, SSA/DPA
Scott Krumwied, SSA/ASD; Irene Rose, SSA/Service Rep.
Irene Wood, SSA/ADM

6401 SECURITY BOULEVARD
BALTIMORE, MD 21235

---

Madelyn E. Johnson, AUSA
Room E 4114
555 4th Street NW
Washington, DC 20530

"Interrogatories"
06-2051-EGS
Civil Action #
C-98-00227-F
SSA Case File #

Mailed 5-24-07

Duluth, MN 55814,1000
P.O. Box 1000
Federal Prison Camp
Dorm 208-103
# 06300 027
Bonner, Vernon






BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH, MN 55814.1000

MAILED:
6-18-2007
SSA Case File # C-98-00227-W
Civil Action # 06-2051-EGS

"Interrogatories"
For Defendants

MADELYN E. JOHNSON, AUSA
ROOM E 4114
555 4TH STREET  NW
WASHINGTON  DC  20530






BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH, MN 55814.1000

MAILED:
6-18-2007
SSA Case File # C-98-00227-W
Civil Action # 06-2051-EGS

"Interrogatories"
For Defendants

SOCIAL SECURITY ADMINISTRATION
OFFICE OF INSPECTOR GENERAL
Office Manager
6401 Security Boulevard
BALTIMORE  MD  21235

---

June 18, 2007

Madelyn E. Johnson, AUSA
Room E 4114
555 4th Street, NW
Washington, DC 20530
For Defendants

Re: Interrogatories (Civil Action # 06-2051-EGS)

Dear AUSA Ms. Johnson:

I, Vernon Bonner as of this date (6-18-2007) have not received a reply concerning my interrogatories, that were mailed to you, Social Security Administration and the Department of Veterans Affairs.

If there is a problem, please advise.

Sincerely,

Vernon Bonner,
# 06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814.1000

Enclosures: As stated (4-09-07,4-11-07, 5-11-07, 5-24-07,5-25-07)

CC: Mrs. Bonner



# SOCIAL SECURITY

May 22, 2007

Refer to:
S9H: PS3628

Mr. Vernon Bonner
P.O. Box 1000, FPC, Dorm 208-103
Duluth, MN 55814-1000

Dear Mr. Bonner

Thank you for your Freedom of Information Act (FOIA) request of November 6, 2006. In your request you seek the following:

1. A copy of the Memorandum Reports by Agent Norene S. Williams, SSA/OIG concerning sentencing of Vernon Bonner on July 26, 2006 in the Federal Court of Judge Lindberg in Chicago, Illinois;
2. SSA/OIG Case File #C-98-00227-F;
3. Copies of Subpoenas and Warrants;
4. Copies of report(s) from Mexico concerning Virginia Bonner, from any Government Agency American or Mexican; and
5. Agent Williams, SSA/OIG testified at the Bonner trial in Chicago.

**Response to Number 1:**
Special Agent Norene Williams retired in May of 2005, and, therefore, no such "Memorandum Report" by her exists. Further, SSA has no documents related to any hearing or sentencing involving you on July 26, 2006, in federal court in Chicago.

**Response to Number 2-4:**
On October 24, 2006, (copy attached) we responded to a February 13, 2006, FOIA request from you, in which we sent you SSA documents with redactions from the subject investigative file. No documents have been added to the file since that time.

**Response to Number 5:** SSA did not obtain transcripts of the trial testimony.

---

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. Mark the envelope "Freedom of Information Appeal."

Sincerely,

*Willie J. Polk*

Willie J. Polk
Freedom of Information Officer

Enclosure

---

June 4 , 2007                    **"FOIA APPEAL"**

Re: Refer to: S9H: PS3628/ Case File # C-98-00227-F /Civil Action # 06-2051-EGS

Dear Mr. Polk:

**IN RESPONSE TO # 1:** Special Agent Norene S. Williams, SSA/OIG/OI, was in Court on July 26, 2006 and through the AUSA Nancy L. Miller in Judge Lindberg Court room in Chicago, Illinois Court Case # 01-CR-670-2 at Mr. Bonner re-sentencing Agent Williams and AUSA Ms. Miller spoke and looked at the "Chicago Social Security Fraud Investigation" (CSSFI) Report, Bates Stamps Numbers (BSN) 000201-000400, and confirmed the "CSSFI" Report was authentic and an Official Report and that "I should not have it, how did I get it." This was spoken by AUSA Ms. Miller in open Court. Please send the "BONNERS" a copy of the Official CSSFI Reports Case File # C-98-00227-F both copies (Maria & Vernon) BSN's 000201-000400 by Agent Williams, SSA/OIG/OI.

**IN RESPONSE TO # 2-4:** The October 24, 2006 FOIA Cherry-Picked 260 pages of information was non-responsive to my request of February 13, 2006. The "BONNERS" requested the Official CSSFI Reports Case File # C-98-00227-F, BSN's 000201-000400, and the Official CSSFI Report on Maria not a misleading Cherry-Picked version of the Official Report[s].

**IN RESPONSE TO # 5:** The "BONNERS" are not requesting from the Social Security Administration (SSA) the Court trial transcripts only the Official CSSFI Reports that were withheld by Agent Williams and the Prosecutors before, during and after trial. The "BONNERS" do not want the Cherry-Picked version.

Sincerely,

*Vernon Bonner*

Vernon Bonner                    **Note:** If you like I will return the 260
CC: Mrs. Bonner                           pages as non-responsive FOIA material.

Bonner, Vernon
06300027
Dorm 208-103
Federalprisoncamp
P.O. Box 1000
DuLuth MN 55814.1000





Mailed: **6-04-2007**

Refer: **S9H: PS3628**
Case File # **C-98-00227-F**
Civil Action # **06-2051-EGS**

**"FOIA APPEAL"**

Willie J. Polk, FIO

**SOCIAL SECURITY ADMINISTRATION**
OFFICE OF PUBLIC DISCLOSURE
EXECUTIVE DIRECTOR
6401 Security Boulevard

**Baltimore MaryLand 21235**





WILLIE J. POLK
FREEDOM OF INFORMATION OFFICE
SOCIAL SECURITY ADMINISTRATION
6401 SECURITY BLVD
BALTIMORE MD 21235 6401

MAILED:
7-09-2007
S9H: QA033A
Case File # C-98-00227-F

BONNER, VERNON
06300027
FEDERAL PRISON CAMP
DORM 208-103
P.O. BOX 1000
DULUTH MN 55814.1000

# SOCIAL SECURITY

June 28, 2007

Refer to:
S9H: QA0334

Mr. Vernon Bonner
#06300027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814-1000

Dear Mr. Bonner:

I am writing to you about your Freedom of Information Act (FOIA) request dated November 20, 2006, concerning copies of documents regarding yourself and Maria Bonner. Your request is very important to us. We are working diligently to process it, but because the Social Security Administration receives an extremely high number of FOIA requests, there are times when we cannot respond in twenty days.

We do need additional time to prepare our response and we will respond to you as soon as we can. If at any time you would like to check on the status of your request, you may call our voice messaging system at 410-965-1727, or you may email us at FOIA.PA.Officers@SSA.gov. Please refer to case number QA0334. Someone will return your call as soon as possible.

We assure you that we are making every effort to respond fully to your request. Please contact us if you think that you might clarify your request in a way that may facilitate a speedier response.

Sincerely,

Willie J. Polk
Freedom of Information Officer

July 9, 2007
Re: SSA Case File # C-98-00227-F

Dear Mr. Polk:
On July 26, 2006 Special Agent Norene S. Williams, SSA/OIG/IO "SPOKE" to Ms. Nancy L. Miller, AUSA in Chicago, Illinois Court Case # 01-CR-670-2 and "AUTHENTICATED" the: "Chicago Social Security Fraud Investigation" (SSFI) Report, SSA Case File # C-98-00227-F by Special Agent Williams, Bates Stamps Numbers 000201-000400, Court Case # 01-CR-670, Chicago, Illinois, Concerning Vernon Bonner, SS# 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 and Maria Magana-Bonner, SS# 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. Court Civil Case # 06-2051-EGS.

Sincerely,
Vernon Bonner

cc: Mr. Vernon Bonner, 5602 Carolina Street, GARY, INDIANA 46409-2832.

**EXHIBITS: BB**

EXECUTIVE OFFICE for UNITED STATES ATTORNEYS

February 26, 2004

Office of Professional                    Case No. 01 CR 670
Responsibility; U.S.
Department of Justice
950 Pennsylvania Ave.,
NW, Room 3335
Washington, DC 20530
Tel: (202) 514.3365

Re:  "Chicago Social Security Fraud Investigation" (CSSFI) 000201.

The United States Attorney Mr. Stuart Chanen and Mr. Edmond E. Chang,
Agent Ms. Norene S. Williams from Social Security Administration With-Held
exculpatory evidence "CSSFI" file a 200 page document starting at front
page 000201 to page 000400, a Brady violation and Prosecutorial Misconduct.

This exculpatory evidence "CSSFI" file should have been given well in ad-
vance of the trial to the defense Mr. Fennerty and Mr. Edwards in its en-
tirety and not disassemble by the prosecutors.

By the prosecutors not giving this Material to the defense this denied the
Bonner's a fair trial.  Mr. Fennerty and Mr. Edwards could not properly
cross-examine the prosecutor witnesses and could not properly prepare a
defense because of this Brady violation.

Had the Jury known about this "CSSFI" file it would have created Reasonable
Probability that the suppressed evidence would have produced a different
verdict.

The prosecution in a criminal matter has a Constitutional obligation to dis-
close exculpatory evidence to the defendants, yet Mr. Fennerty and Mr. Edwards
were denied this information.

Please see copies from "Chicago Social Security Fraud Investigation"(CSSFI)
file pages, 000201, 000208, 000216, 000218, 000286, 000289 and 000297.
Letter dated 2-08-04 and Motion dated 2-18-04.

Please investigate this Matter for me.

Yours truly,

Vernon Bonner
# 06300 027
PO Box 1000, FPC
Duluth, MN 55814.1000


CC:  Bonner




BONNER/ 06300 027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814.1000



LEGAL MAIL

Office of Professional
Responsibility; U.S.
Department of Justice
950 Pennsylvania Ave.,
NW,-Room 3335
Washington, DC 20530 .

March 14, 2004

Patrick J. Fitzgerald
United States Attorney
219 So. DearBorn St.
Chicago, IL 60604

Dear Mr. Fitzgerald:

Re: **Brady** violation: "Chicago Social Security Fraud Investigation" (CSSFI) 000201.

The Assistant United States Attorney Mr. Stuart Chanen and Mr. Edmond E. Chang, and Agent Norene S. William from the Social Security Administration **Hid (With-Held)** exculpatory evidence "CSSFI" file a 200 page document strating at front page 000201 to page 000400; a **Brady** violation and **Prosecutorial Misconduct.**

This exculpatory evidence "CSSFI" file should have been given well in advance of the trial to the defense Mr. Fennerty and Mr. Edwards in its entirety and not PieceMeal by the Prosecutors.

By the Prosecutors not giving this exculpatory evidence to the defense this denied the Bonner's a fair trial. Mr. Fennerty and Mr. Edwards could not Properly Cross-Examine the Prosecutor witnesses and could not Properly Prepare a defense because of this **Brady** violation and **Prosecutorial Misconduct** at its WORST.

The Prosecution in a criminal matter has a Constitutional obligation to disclose exculpatory evidence to the defendants; Yet Mr. Fennerty and Mr. Edwards were **denied** this exculpatory evidence.

Had the Jury known about this "CSSFI" file it would have created Reasonable Probability that the suppressed evidence would have produced a different verdict.

Yours truly,

*VS*

Vernon Bonner
# 06300 027
PO Box 1000
Duluth, MN 55814

PS: Mr. Fitzgarald I am requesting that you **notify** the U.S. District Court Judge Hart and the Appeals Court about this **Brady** violation; and that you file a **Brady** Motion, asking for the Bonner's **Immediate Release.**



Bonner, 06300 027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814

LEGAL MAIL

Office of Prosessional
Responsibility; U.S.
Department of Justice

950 Pennsylvania Ave.,
NW, Room 3335

WASHINGTON, DC 20530

Mailed: 3-14-04



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₍₎

| | | |
|---|---|---|
| Postage | $ 0.37 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 2.67 | |

Sent To
Patrick J. Fitzerald, USA
Street, Apt. No.; or PO Box No. 219 So. DearBorn St.
City, State, ZIP+4 Chicago, IL 60604

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0002 8828 8978

---

Bonner/ 06300 027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814

LEGAL MAIL

Mr. P.J. Fitzergald
U.S. Attorney
219 So. DearBorn St.

CHICAGO, IL 60604

Mailed: 3-14-04

April 26, 2004

Office of Professional
Responsibility; U.S.                          Case No. 01 CR 670
Department of Justice
950 Pennsylvania Ave.,
NW, Room 3335              Re:  DISCOVERY: **Brady** violation "Chicago Social Security
Washington, DC 20530            Fraud Investigation" **(CSSFI)** file 000201.
Tel: (202) 514.3365

Dear O of P.S.:

The AUSA, **Mr. Stuart Chanen** and **Mr. Edmond E. Chang,** AUSA in Chicago, IL; placed
their personal interest over the interests of the Justice Department; by secretly
**Hiding (With-Holding) Brady** evidence "CSSFI" exculpatory evidence file.  This file
was never given by the Prosecutor's **Mr. Chanen** and **Mr. Chang** to the Bonner's de-
fense **Mr. Fennerty** and **Mr. Edwards,** this strikes at the heart of the integrity of
the justice system; justice delayed is justice denied.


**Mr. Chanen,** AUSA and **Mr. Chang,** AUSA have continued in this Scheme to **Hid** this
serious **Brady** violation and to come forward and notify the U.S. District Court
(Judge William Hart) about the Government's **Brady** violation or notify the Appeals
Court.


Constitutional duty of Federal Prosecutor to disclose **Brady** evidence favorable to
accused, 152 A.L.R. Fed. 401.


**Citizen Protection Act of 1998, Title 28 U.S.C. § 350:**
**Title II of this act,** makes it criminal, punishable conduct for any Department of
Justice Employee to:  * impede a defendants right to DISCOVERY.


See letter (copy) sent to you on **2-26-04.**

Please investigate this Matter for me.

Yours truly,

Vernon Bonner
# 06300 027
PO Box 1000, FPC
Duluth, MN 55814.1000


CC:  Patrick J. FitzGerald, USA
     Bonner

CERTIFIED MAIL RECEIPT:

     7003 2260 0002 8828 8985



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Po Box 1000, Duluth, MN 55814

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.67 |

Sent To
Office of Professional Responsibility;US
Street, Apt. No.;
or PO Box No. DOJ, 950 Pennsylvania Ave.,
City, State, ZIP+4
NW,Room 3335,Washington,DC 20530

PS Form 3800, June 2002            See Reverse for Instructions

May 7, 2004

Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room 4322
Washington, D.C. 20530
Tel: (202) 616-9898

Case No. 01-CR-670

**AFFIDAVIT**

**DECLARATION OF VERNON BONNER**

Re: DISCOVERY: Brady violation "Chicago Social Security Fraud Investigation" (CSSFI) file; No. 000201 to 000400 pages.

1. The AUSA, Mr. Stuart Chanen and Mr. Edmond E. Chang, AUSA in Chicago, IL, placed their personal interest over the interests of the Justice Department; by secretly Hiding (With-Holding) Brady evidence "CSSFI" exculpatory evidence file. This file a 200 page document was never given by the Prosecutor's Mr. Chanen and Mr. Chang to the Bonner's defense Mr. Fennerty and Mr. Edwards; this strikes at the heart of the integrity of the Justice System; Justice delayed is Justice denied.

2. Mr. Chanen, AUSA and Mr. Chang, AUSA have continued in this Scheme to Hide this serious Brady violation and to come forward and notify the U.S. District Court about the Government's Brady violation or notify the Appeals Court.

3. Constitutional duty of Federal Prosecutor to disclose Brady evidence to accused, 158 A.L.R. Fed. 401.

4. Citizen Protection Act of 1998, Title 28 U.S.C. § 350:

**Title II of this act, makes it criminal, punishable conduct for any Department of Justice Employee to: * impede a defendant rights to DISCOVERY.**

See attach.

Please investigate this complaint for me.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 7 day of May 2004, in Duluth, Minnesota.

Vernon Bonner
# 06300 027
PO Box 1000, FPC
Duluth, MN 55814

Bonner/ 06300 027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814.1000

Legal Mail

Mailed: 5-07-04



Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room 4322

WASHONGTON, D.C. 20530

Bonner; 06300027
Federal Prison Camp
Po Box 1000
Duluth, MN 55814



Legal Mail

Mailed: 5-14-04

MR. J. Ashcroft, AG
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Bonner; 06300027
Federal Prison Camp
Po Box 1000
Duluth, MN 55814



Legal mail

Mailed: 5-14-04

U.S. Department of Justice
Office of Professional
Responsibility
20 Massachusetts Ave, NW
Suite 5100
Washington, D.C. 20530

---

May 14, 2004

U.S. Department of Justice
OFFICE OF PROFESSIONAL RESPONSIBILITY
20 Massachusetts Avenue, NW, Suite 5100
Washington, D.C. 20530

**AFFIDAVIT**

**DECLARATION OF VERNON BONNER**

Re: DISCOVERY: Brady violation: "Chicago Social Security Fraud Investigation" (CSSFI) file; 000201 to 000400 pages.

1. The AUSA, Mr. Stuart Chanen and Mr. Edmond E. Chang, AUSA in Chicago, IL; placed their personal interest over the interest of the Justice Department; by secretly Hiding (With-Holding) Brady evidence "CSSFI" exculpatory evidence file. This file a 200 page document was never given by the Prosecutor's Mr. Chanen and Mr. Chang to the Bonner's defense Mr. Fennerty and Mr. Edwards; this strikes at the heart of the integrity of the Justice System; Justice delayed is Justice denied.

2. Mr. Chanen and Mr. Chang, AUSAs have continued in this SCHEME to Hide this serious Brady violation and to come forward and notify the U.S. District Court about the Government's Brady violation or notify the Appeals Court.

3. Constitutional duty of Federal Prosecutor to disclose Brady evidence to accused, 158 A.L.R. Fed. 401.

4. Citizen Protection Act of 1998, Title 28 U.S.C. § 350:

Title II of this act, makes it criminal, punishable conduct for any Department of Justice Employee to: * impede a defendant rights to DISCOVERY.

See attach.

Please investigate this Complaint for me.

Pursuant to the provision of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of May 2004; in Duluth, Minnesota.

VB

Vernon Bonner
# 06300 027
Po Box 1000, FPC
Duluth, MN 55814

Bonner, 06300-027
Federal Prison Camp
PO Box 1000
Duluth, MN 55814

Legal Mail
Mailed: 9-20-04

Mr. Patrick J. Fitzgerald
United States Attorney
219 So. Dearborn St.
Chicago, IL 60604

Bonner, 06300-027
Federal Prison Camp
PO Box 1000
Duluth, MN 55814

Legal Mail
Mailed: 9-20-04

Federal Bureau of Investigation
F.B.I., Bldg.,
950 Pennsylvania Ave., N W
Washington, DC 20535-0001

---

# FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

TO: **MR. PATRICK J. FITZGERALD**
United States Attorney
219 So. Dearborn St.
CHICAGO, IL 60604

FROM:    VERNON BONNER
#06300-027, FPC
P.O. BOX 1000
DULUTH, MN 55814-1000

PURSUANT TO TITLE 5, UNITED STATES CODE, SECTIONS 552, 552(a), I THE UNDERSIGNED, IDENTIFIED AS ABOVE, RESPECTFULLY REQUEST THE ACCESS TO, THE DISCLOSURE OF, THE RELEASE OF, AND THE OPPORTUNITY TO CORRECT AND AMEND THE FOLLOWING RECORDS MAINTAINED BY YOUR AGENCY: "Chicago Social Security Fraud investigation FILE, Case No. _____, By Your Agent Norene Williams of the Social Security Administration (Office of Inspector General)

a 200 page document, 0U0201-000400. Any Government agency of Mexico sending information to the U.S. Consulate/Embassy concerning: VERNON BONNER of VIRGINIA BONNER (CHILD), any Federal agency of the U.S. Government (FBI) requesting information on the above names. Virginia Bonner: DOB: June 20, 1998 Maceuula, San Luis Potosí, Mexico.
═════════════════════════════════════════

I AM ALSO REQUESTING A COPY OF THE APPLICABLE RULES & REGULATIONS FOR YOUR AGENCY AS PROVIDED FOR BY THE FOI/PA, AS AMENDED BY PUBLIC LAW 93-502, 88 STAT. 1561.

IF FOR ANY REASON, ANY OF THE ABOVE-REQUESTED RECORDS ARE DEEMED TO BE NON-RELIABLE, OR NON-RELEASABLE, PLEASE SPECIFY THE REGULATORY & STATUTORY EXEMPTION RELIED UPON, AND STATE WHETHER THE ENTIRE DOCUMENT OR ONLY A PORTION THEREOF, IS DEEMED NON-DISCLOSABLE, AND FURNISH THE NAME AND TITLE OF THE PERSON MAKING THE DECISION.

REQUESTER IS AN INDIGENT INMATE AT Federal Prison Camp AND REQUESTS THAT ANY SEARCH, AND/OR DUPLICATION FEES BE WAIVED. OR IN THE ALTERNATIVE, THAT ACCESS BE PROVIDED BY ALLOWING REQUESTER TO VIEW AND TAKE NOTES OF THE RECORDS RATHER THAN BE PROVIDED WITH COPIES.

THE FOI/PA PROVIDES FOR A REPLY TO THIS REQUEST IN TEN(10) WORKING DAYS. REQUESTER HEREBY INVOKES THIS PROVISION FOR A RESPONSE TO THIS REQUEST WITHIN TEN(10) WORKING DAYS.

Respectfully submitted, Vernon Bonner, Without prejudice
                         _____
                            (requester)

Dated this _____20_____ day of _____September, 2004_____ , 19____

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.

FULL NAME OF REQUESTER: ____Vernon Bonner_____

CURRENT ADDRESS: __PO Box 1000, FPC, Duluth, MN 55814_____

DATE OF BIRTH: __April 1, 1950____

PLACE OF BIRTH: __St. Louis, MO____

EMPLOYEE I.D. NUMBER: __N/A____

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five(5) years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3), by a fine of not more than $5,000

Dated this __20__ day of __September, 2004___ , 19__

Signature: __Vernon Bonner, Without prejudice__

CC: Washington, DC, Handelsman, Esq.
     Cullen, Esq.

**U.S. Department of Justice**

Office of the Inspector General

September 20, 2004

Vernon Bonner
06300-027
P.O. Box 1000 FPC
Duluth, Minnesota 55814-1000

Subject: Freedom of Information/Privacy Act Request [04-OIG-206]

Dear Mr. Bonner:

As stated to you my August 17, 2004 letter for access to records maintained by this office. After a thorough search, please be advised that the Department of Justice Office of the Inspector General has no responsive documents relating to your request. However, I suggest you contact the Social Security Administration Office of the Inspector General for the records you seek.

Sincerely,

Adrienne Owens
Paralegal Assistant
Office of the General Counsel

---

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

*Everett McKinley Dirksen Building*                    (312) 353-5300
*219 South Dearborn Street, 5th Floor*
*Chicago, Illinois 60604*

*Sharon Getty*
*Paralegal Specialist*

September 28, 2004

Vernon Bonner
P.O. Box 1000
FPC - #06300-027
Deluth, MN 55814

Dear Mr. Bonner:

This letter is to acknowledge the receipt of your F.O.I.A. request. A copy of your request has been sent to the Executive Office for U.S. Attorneys for processing. If you have any questions regarding your request you may wish to contact Ms. Marie A. O'Rourke, Assistant Director. The address is: Freedom of Information/PA Unit, Executive Office for the U.S. Attorneys, Room 7100, 600 E. Street, N.W. Washington, D.C. 20530. The telephone number is 202-616-6757.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

BY: Sharon E. Getty
Sharon E. Getty
Paralegal Specialist

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                     Washington, D.C. 20530

JAN 2 8 2005

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
P.O. Box 1000
Duluth, MN 50814

Re: Request No. 04-3662

Dear Mr. Bonner:

This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 24, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number 05-0908. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Administrative Specialist

---

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                     Washington, D.C. 20530

JAN 2 8 2005

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
P.O. Box 1000
Duluth, MN 50814

Re: Request No. 04-3661

Dear Mr. Bonner:

This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 24, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number 05-0910. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Administrative Specialist



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 0 3 2005

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp                    Re:  Appeal No. 05-0886
Post Office Box 1000                        Request No. 04-3661
Duluth, MN  55814                           RLH:JGM:JTR

Dear Mr. Bonner:

    You appealed from the Executive Office for United States
Attorneys' denial of your request for a waiver of the fees associated
with your request for records concerning you and a report prepared by
an Agent of the Social Security Administration.

    The EOUSA has administratively separated your Freedom of
Information Act request dated September 20, 2004, into two files.
This appeal concerns EOUSA Request No. 04-3661, which is your request
for records concerning you and a report prepared by an Agent of the
Social Security Administration.  The EOUSA separately processed
Request No. 04-3662, which relates to your request for records
concerning your daughter, Virginia Bonner.  I note that you have
already appealed the EOUSA's action in Request No. 04-3662, and that
by letter dated July 5, 2005 (Appeal No. 05-0908), this Office
affirmed the EOUSA's refusal to confirm or deny whether it had any
records on your daughter.

    The statutory standard for evaluating fee waiver requests
provides that fees shall be waived or reduced "if disclosure of the
information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or
activities of the government and is not primarily in the commercial
interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).  In
determining whether you have satisfied this statutory standard, I
considered the six factors set out in the Departmental regulation
that puts this statutory standard into effect.  See 28 C.F.R.
§ 16.11(k) (2004) Requirements for waiver or reduction of fees (copy
enclosed).

-2-

On the basis of all of the information available to me, I have concluded that your request for a waiver of fees was properly denied. Although the records you seek concern in part the operations or activities of the government, and you do not appear to have an overriding commercial interest in the records, you have not satisfied other relevant factors.

First, to qualify for a fee waiver, you must make an adequate showing that release of the information to you is in the public interest. See Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). You have made no such showing. Further, your particular financial situation is not a proper basis for granting a fee waiver. This is well-supported by case law. See, e.g., Ely v. United States Postal Serv., 753 F.2d 163, 165 (D.C. Cir. 1985). Congress considered but ultimately rejected a statutory fee waiver provision for indigents. Id. And last, you have not demonstrated that you have both the intent and the ability to disseminate the requested information to the general public. This in itself is a sufficient basis on which to deny a fee waiver request. See Larson v. CIA, 843 F.2d 1481, 1483 & n.5 (D.C. Cir. 1988). Accordingly, your appeal is denied.

As you may know, the Freedom of Information Act entitles you to the first two hours of search time and up to 100 pages of duplication at no cost. See 5 U.S.C. § 552(a)(4)(A)(iv)(II). The EOUSA has processed your request up to the two-hour search limit. If you wish to pursue your request, please write to the EOUSA directly and follow the instructions it provided you by letter dated October 26, 2004. For your convenience, I am attaching a copy of that letter.

With regard to the action taken by the EOUSA, the components of the Department of Justice may require a requester to make an advance payment of FOIA processing fees if the component estimates that the total fee to be charged will be more than $250.00. See 28 C.F.R. § 16.11(i)(2) (2004). Inasmuch as the EOUSA estimated that the total fee for processing your request will be well in excess of that amount, the EOUSA properly required you to pay it in advance.

As noted by the EOUSA in the above-mentioned letter, you may wish to make a FOIA request directly to the Social Security Administration (SSA) for some of the records you seek. Additionally, I note that your request letter mentions the Federal Bureau of Investigation, as well as U.S. embassies and consulates, which are part of the Department of State. If you have not done so already, you may wish to make new FOIA requests to the SSA, FBI, and Department of State. Respectively, the addresses are:

-3-

Social Security Administration
Office of Public Disclosure
3-A-6 Operations Building
6401 Security Boulevard
Baltimore, MD  21235

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue NW.
Washington, DC  20535-0001

Margaret P. Grafeld
Director, Office of IRM Programs and Services, SA-2
5th Floor
Washington, DC  20522-6001

If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

Enclosures

APPEAL

U.S. DEPARTMENT OF JUSTICE: Office of Information and Privacy &
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
Freedom of Information & Privacy Staff
Request # 07-472  Subject: Self (Communication).

Page 2

Requester realizes there is no clear requirement in the FOIA/PA for such itemization at the administrative level, but since courts now uniformly require such a showing under Vaughn I and Vaughn II, requester should be provided with the itemization to avoid costly litigation. Vaughn V. Rosen (I) 484 F.2d. 820 (D.C. Cir. 1973); cert. denied, 415 US 977 (1974); Vaughn V) Rosen (II) 523 F.2d. 1136 (D.C. Cir. 1975).

Under the terms of the FOIA/PA appeal process, I demand a response from your agency within twenty days. See 5 U.S.C. (a)(6)(A)(ii). Since your agency has already taken more than ten working days, no extensions are available. See 5 U.S.C. 552 (a)(6)(B).

(Pursuant to 28 USCA § 1746)

Respectfully submitted,

March 20, 2007
Vernon Bonner, # 06300 027

Note 1.  Social Security Administration Office of Inspector General File Case # C-98-00227-Y, Bates Stamp Numbers 000201-400, by Special Agent Norene S. Williams,SSA/OIG; Court Case # 01-CR-670, Chicago, Illinois. AUSA Channen and Chang.

Note 2.  Department of Veterans Affairs, Report File # 24-896-511-10, by Special Agent Bryant Fenton,VA/OIG; Court Case # 2:00-CR-55(1)RL, Hammond, Indiana. AUSA Diane L. Berkowitz.

---

U.S. DEPARTMENT OF JUSTICE:Office of Information and Privacy &
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
Freedom of Information & Privacy Staff
Request # 07-472  Subject: Self (Communication).

APPEAL OF DENIAL OF F.O.I.A./PA REQUEST

DATE:  March 20, 2007

NAME, LAST, FIRST, MIDDLE    Bonner, Vernon (SS# 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)

INMATE NUMBER:  06300-027

ADDRESS: DORM 103  ROOM 208  P.O. BOX 1000, DULUTH, MN 55814

ORIGINAL REQUEST:  Feb. 20, 2006

AGENCY DENIAL    This letter dated 3-12-2007; W.G. Stewart II

Dear Sir:

Please construe this correspondence as an appeal from an agency denial of my recent FOIA/PA request pursuant to 5 U.S.C. Section 552.

On  or about 2-20-06; after I made a request for materials pursuant to the FOIA/PA. The FOIA/PA provides that an initial determination must be made within ten working days, 5 U.S.C. Section 552 (a)(6)(B). Since there has been no request for an extension of this ten day period requirement, your action (or non-action) will be treated as a denial, and this letter constitutes a formal appeal from that denial.

I demand a complete list of documents covered by the request, and a specific indication of what material (s) is (are) being withheld, and what exemptions are being claimed:

"The objective of the Vaughn requirements, to permit the requesting party to present its case effectively is equally applicable to proceedings within this agency."

Mead Data Central Inc. V. Department Of The Air Force 402 F.Supp. 460, (D.D.C. 1974)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

MAR 12 2007

Requester: Vernon Bonner          Request Number: 07-472

Subject: Self (Communications)

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request. The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

Some of the information you requested originates with another Federal agency, rather than EOUSA or the U.S. Attorneys offices. For this information, please contact the following agencies directly at their addresses:

Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, DC 20420

We are continuing to process those portions of your request which pertain to records in the possession of the EOUSA or U.S. Attorneys' offices.

You may appeal my decision on this request by writing within 60 days from the date of this letter to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001. Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Assistant Director

Form No. 042A - 3/07

Vernon Bonner
# 06300 027
Dorm 208-103
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814-1000

Mailed: 3-20-07
Request # 07-472
FOIA APPEAL
Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
WASHINGTON, D.C. 20530 0001





**U.S. Departm**    **of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **06-1704**            Date of Receipt:   **04-06-06**

Requester: **Vernon Bonner**

Subject: **Self(specific records)/INN**

Dear Requester:                                                          OCT 16 2006

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [   ]   A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.   [ X ]   A search for records located in the United States Attorney's Office(s) for the **Northern District of Indiana** has revealed no responsive records regarding the above subject. **Additionally, there are no private investigators.**

3.   [   ]   After an extensive search, the records which you have requested cannot be located.

4.   [   ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have received or will receive a separate response:_____.

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                    Sincerely,


                    William G. Stewart II
                    Acting Assistant Director


Enclosure(s)

Form No. 005 - 2/06



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757 FAX: 616-6478 (www.usdoj.gov/usao)*

Requester: __Vernon Bonner__

Request Number: __06-4052__          Date of Receipt: __December 28, 2006__

Subject of Request: __AUSA's Chanen, Chang (investigation)__          DEC 2 8 2006

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§ 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

    We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

    Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. **Please send your new request to the address above.**

[  ] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
**NOT SPLIT** _____

This is our final action on this above-numbered request. You may appeal my decision in this matter by writing within 60 days from the date of this letter, to the **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.**  Both the envelope and the letter of appeal should be marked "FOIA Appeal."  If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642    Washington, D.C. 20530

APR - 6 2007

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
Post Office Box 1000
Duluth, MN 55814-1000

Re:  Appeal Nos. 07-0843 and 07-0844
     Request Nos. 06-1704 and 06-4052
     JTR:CH

Dear Mr. Bonner:

You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your requests for access to records.

EOUSA responded to your requests by letters of October 16, 2006 and December 28, 2006 (copies enclosed). Because EOUSA responded to your requests, your appeals from EOUSA's failure to respond to your request are moot. Accordingly, I am closing your appeal files in this Office.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure

---

April 12, 2007

Dear Ms. McLeod:

I Vernon Bonner, disagree with your letter dated 4-06-2007, and wish to go on with my "APPEAL" Nos. 07-843 & 07-844: Request Nos. 06-174 & 06-4052,JTR:CH.

Mr. William G. Stewart II, Acting Assisant Director stated in his letters dated (04-06-2006,10-16-2006) and(12-28-2006) that Mr. Bonner could appeal these decision.

Note:  Civil Action No. 06-2052-EGS

Sincerely,

Vernon Bonner

---



Bonner, Vernon
06300027
Dorm 208-103
Federal Prisoncamp
P.O. Box 1000
DuLuth  MN  55814.1000

Mailed:

4-12-07
"FOIA Appeal"
#07-0843 & 07-0844
#06-1704 & 06-4052

Janice G. McLeod
United States Department
of Justice: Suite 11050
1425 New York Avenue
Washington DC 20530 0001



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff

*Suite 7300, Bicentennial Building*          (202) 616-6757
*600 E Street, N.W.*                    FAX (202) 616-6478
*Washington, DC 20530*

Requester: Vernon Bonner

APR 1 1 2007

Request Number: 07-584

Dear Mr. Bonner:

In your original letter you indicated that you were impoverished and could not pay for your FOIA request. We have treated your statement as a request for a fee waiver. I regret to inform you that your request for a fee waiver is denied. Federal regulation 28 CFR 16.11(k) sets forth the requirements for a waiver or reduction of fees. After carefully considering your FOIA request in the context of 28 CFR 16.11(k), I have determined that your request does not meet the requirements for the reasons listed below.

Your request must demonstrate that disclosure of the information you have requested is "in the public interest", and disclosure is not primarily for a commercial purpose. Your request is obviously not for a commercial purpose, but neither is disclosure in the public interest. For disclosure of information to be in the public interest, disclosure must be "likely to contribute significantly to the public understanding of the operations or activities of the government".

28 CFR 16.11(k) requires that the subject of the requested records must concern identifiable operations or activities of the federal government, but in your case, you yourself are the subject of the request. In addition, 28 CFR 16.11(k) requires: "The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester." In your case, your request contributes to your individual understanding as opposed to the understanding of a broad audience of persons.

Finally, it is well settled that indigence alone, without a showing of a public benefit, is insufficient to warrant a fee waiver. Accordingly, your request is denied.

In searching for documents responsive to your FOIA/PA request, the Northern District of Illinois has reached the 2 hours provided to you at no charge. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Search time in this case is $28.00 per hour after the first 2 hours. The district estimates that an additional 50 hours of search would be required to complete your request, to go through 25 boxes of records in this case. Therefore, the search fee would be $1400. Also, a box of records contains between 2,000 and 4,000 pages normally. We do not know prior to a complete search how many pages responsive to your request would be found. Although not all these pages are likely to be released to you pursuant to the Freedom of Information Act, you should note that we charge $0.10 per page released to you after the first 100 pages, which are free.



"For A Appeal"
Re: 07-584

Mailed:

Bonner, Vernon
06300027
Form 208-103
Federalprisoncamp
P.O. Box 1000
Duluth MN 55814,1000

U.S. Department
of Justice: Suite 11050
1425 New York Ave.
Washington DC 20530-0001

Accordingly, an advance payment of $1400.00, in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. Please indicate on the face of the check the above request number and mail it to the above address.

Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days from the date of this letter, or this matter will be closed. If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

William G. Stewart II
Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

"FOIA APPEAL"

April 19, 2007

I Vernon Bonner, "wish to "APPEAL" this decision. I don't need 2000 to 4000 Pages.
I am requesting the Official "Chicago Social Security Fraud Investigation"
Reports by Special Agent Norene S. Williams, SSA/OIG; Case File # C-98-00227-F,
Bates Stamp Numbers 000201-000400; Court Case # 01-CR-670-2, Chicago, Illinois;
Requesting Boths Files on Vernon and Maria Bonner.
You may bill me, if there is a problem, please advise.

Sincerely,
Vernon Bonner

Note:  Special Agent Norene S. Williams, SSA/OIG/IO
       Social Security Administration
       Office of Investigation
       200 West Adams Street
       Chicago, Illinois 60606
       Tel: (312) 353- 5707

Bonner, Vernon
06300027
Dorm 208-103
Federalprisoncamp
P.O. Box 1000
DuLuth MN 55814.1000

Mailed: 6-06-2007

Request # 07-584

Attn: W.G. Stewart II

**U.S. DEPARTMENT OF JUSTICE**
EXECUTIVE OFFICE FOR U.S. ATTORNEYS
FREEDOM OF INFORMATION ACT

600 E STREET, NW ROOM 7300

**WASHINGTON DC 20530**

---

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax: 202-616-6478

MAY 3 1 2007

Requester:        Vernon Bonner

Request Number:   07-584

Subject:          Self (specific records)

Dear Requester:

On April 11, 2007, we sent you a letter indicating an
estimate of the fees that would be charged for processing your
Freedom of Information Act request. We gave you 30 days to
respond with your advance payment or commitment to pay, whichever
is appropriate. Since we did not hear from you in that time,
your request file has been closed.

Sincerely,

William G. Stewart II
Assistant Director

---

June 6, 2007

Re: Request # 07-584

Dear Mr. Stewart II:

I, Vernon Bonner have wrote several times saying that I will pay.

Please send FOIA information and I will Pay.

If there is a problem, please advise.

Sincerely,

Vernon Bonner,
06300027, FPC
Dorm 208-103
P.O. Box 1000; DuLuth, MN 55814.1000

CC: Mrs. Bonner

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 1 9 2007**

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp                Re:    Appeal No. 07-1325
Post Office Box 1000                       Request No. 07-584
Duluth, MN 55814                           JGM:CAS

Dear Mr. Bonner:

    You appealed from the fee waiver determination made by the Executive Office for United
States Attorneys (EOUSA) on your request for access to specific records pertaining to your
criminal case.

    The statutory standard for evaluating fee waiver requests provides that fees shall be
waived or reduced "if disclosure of the information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or activities of the government
and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). In
determining whether you have satisfied this statutory standard, I considered the six factors set out
in the Department of Justice regulation that puts this statutory standard into effect. See 28 C.F.R.
§ 16.11(k) (2006) (copy enclosed). The first four of these factors concern the "public interest"
requirement; the fifth and six factors concern whether your interest in the records is primarily
commercial.

    On the basis of all of the information available to this Office, I have concluded that your
request for a waiver of fees was properly denied. Although the records you seek concern in part
the operations or activities of EOUSA, and you do not appear to have an overriding commercial
interest in the records, you have not satisfied other relevant factors.

    First, to qualify for a fee waiver, you must make an adequate showing that release of the
information to you is in the public interest. See Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C.
Cir. 1990). You have made no such showing. Further, you have not demonstrated that you have
both the intent and the ability to disseminate the requested information to the general public.
This in itself is a sufficient basis on which to deny a fee waiver request. See Larson v. CIA, 843
F.2d 1481, 1483 & n.5 (D.C. Cir. 1988).

    Finally, in your initial letter to EOUSA, you state that you impoverished and, therefore,
unable to pay fees associated with fulfilling your FOIA request. Please be advised that your
particular financial situation is not a proper basis for granting a fee waiver. This is
well-supported by case law. See, e.g., Ely v. U.S. Postal Serv., 753 F.2d 163, 165 (D.C. Cir.

BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH, MN 55814.1000

MAILED: 7-09-2007

  

U. S. DEPARTMENT OF JUSTICE

Janice Galli McLeod
Associate Director

OFFICE INFORMATION/PRIVACY

WASHINGTON DC 20530

---

Re: Appeal # 07-1325/Request # 07-584/JMG:CAS

-2-

1985). Congress considered but ultimately rejected a statutory fee waiver provision for indigents. Id.

Additionally, I am affirming EOUSA's fee estimate. EOUSA informed you that it has located 25 boxes of documents, containing roughly 2,000 to 4,000 pages per box, related to your criminal case. Based on the volume of potentially responsive records, EOUSA approximated that it will take 50 hours of search time to identify responsive records. Factoring a search rate of $28 per hour, EOUSA estimated that costs will total $1,400. This estimate takes into account the two free hours of search time to which you are entitled. I note that on appeal you have narrowed the scope of your request to include a single report authored by an FBI agent. However, modifying the scope of your request in such a manner will not alter the fee assessment. In order to fulfill your revised request, EOUSA would still need to perform the search outlined above. I further note that EOUSA has properly advised you that your request may be subject to duplication fees depending on the number of pages that are released to you. Accordingly, I have determined that EOUSA's fee assessment is correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

*Janice Galli McLeod*

Janice Galli McLeod
Associate Director

Enclosure

---

July 9, 2007

Re: Social Security Administration Case File # C-98-00227-F; and Department of
    Veterans Affairs Case File # 24-896-511-10.

Dear Ms. McLeod:

On July 26, 2006 Special Agent Norene S. Williams, SSA/OIG/IO "SPOKE" in the Court room to Ms. Nancy L. Miller, AUSA in Chicago, Illinois Court Case # 01-CR-670-2 and "AUTHENTICATED" the "Chicago Social Security Fraud Investigation" (CSSFI) Report SSA Case File # C-98-00227-F by Special Agent Williams; Bates Stamp Numbers 000201-000400, in Court Case # 01-CR-670, Chicago, Illinois in Judge George W. Lindberg Court room, Concerning Vernon Bonner, and Maria Magana-Bonner. Court Civil Case # 06-2051-EGS.

Special Agent Bryant D. Penton, VA/OIG/IO: Department of Veterans Affairs Case File # 24-896-511-10/ Court Case # 2: 00-CR-55-1, Hammond, Indiana concerning Vernon Bonner.

Note:    I, Vernon Bonner disagree with your decision of June 15, 2007 Appeal # 07-1281 Request # 06-1704 there was no adequate search.

Sincerely,

*Vernon Bonner*

Vernon Bonner

**U.S. Department of Justice**

Executive Office for United States Attorneys

| Freedom of Information and Privacy Staff | Suite 7300, Bicentennial Building 600 E Street, NW Washington, DC 20530 | (202) 616-6757 FAX (202) 616-6478 |
| --- | --- | --- |

SEP – 6 2007

Requester: Vernon Bonner

Request No. 07-584

Dear Mr. Bonner:

We received your note dated June 6, 2007 saying that you agreed to pay the estimated fees for processing your request. Unfortunately, as we explained in our letter to you of April 11, 2007, the fees anticipated for processing your request would greatly exceed $250, and therefore we would require advance payment to be received in our office before we would continue to process your request. The search fees alone for your request would be $1400. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment before we continue processing your request if we estimate fees will exceed $250.00. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

Accordingly, an advance payment of $1400.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. Please indicate on the face of the check the above request number and mail it to the above address.

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed. If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

*William G. Stewart II*

William G. Stewart II
Assistant Director

**"APPEAL"**

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

Dear Mr. Stewart II:                  Dated: September 11, 2007
  1. Vernon Bonner don't need $1400 worth of papers; please contact Special Agent Norene S. Williams, SSA/OIG/IG and AUSA Nancy L. Miller in Chicago, Illinois concerning the "Chicago Social Security Fraud Investigation" Report(s) C-98-00227-F, Court Case # 01-CR-670-2; they have the Report(s). Have AUSA Miller and Agent Williams send me the Report(s) and bill me.
                         Sincerely,
                         Vernon Bonner

CC: Mrs. Bonner

---

BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH MN 55814.1000

MAILED: 9-11-2007
REQUEST # 07-584
"APPEAL"
(CIVIL ACTION # 06-2051-EGS)

OFFICE OF INFORMATION AND PRIVACY
U.S. DEPARTMENT OF JUSTICE
1425 NEW YORK AVENUE, SUITE 11050
WASHINGTON DC 20530 0001

---

BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH MN 55814.1000

MAILED: 9-11-2007
REQUEST # 07-584



WILLIAMS G. STEWART II
ASSISTANT DIRECTOR
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS
SUITE 7300
600 E STREET, NW
WASHINGTON DC 20530

**EXHIBITS: CC**

FEDARAL BUREAU OF INVESTIGATION

Social Security Adm. stration
Office of the Inspector General

# MEMORANDUM OF INVESTIGATION

| Case Number: | Reporting Office: |
|---|---|
| C-98-00227-F | Chicago Field Office |

Vernon Bonner,       SSN: 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
Maria E. Magana,     SSN: 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
Joseph Cadney,       SSN: 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
Darlene Cadney,      SSN: 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

List of similarities in the above disability cases.

VERNON BONNER - child: VIRGINIA BONNER, DOB:06/20/89, POB: MX
DOE: 04/84/MBA:$1,003   DOE: 05/91-MBA: $523.00
                        Parents: Virginia M. Loza
                                 Vernon Bonner
Payee: Maria Bonner         Payee:  *Hilda Castillo
       aka: Maria Magana

VERNON BONNER benefits are direct deposited into a checking account at
PULLMAN BANK in Chicago. Mailing address: Merrillville, IN.

VIRGINIA BONNER benefits are direct deposited into a savings account at
PULLMAN BANK in Chicago. Mailing address: 8425 S. Seeley Ave., Chicago,
IL.

MARIA MAGANA - child: DIEGO MAGANA, DOB: 09/01/90, POB: GT FCI
aka: Maria Bonner       DOE: 09/91-MBA: $575
DOE: 10/86-MBA:$1,108   Parents: Maria Magana
Parents: Elena Loza              Diego Lopez
         Filemon Magana

Payee: *Hilda Castillo     Payee: *Hilda Castillo

MARIA MAGANA benefits are direct deposited into a savings account at
PULLMAN BANK in Chicago. Mailing address: San Diego, CA.

DIEGO MAGANA benefits are direct deposited into a checking account at
PEOPLES STATE BANK in Michigan. Mailing address: San Diego, CA.

*Sister of Maria Magana

| Special Agent Name and Signature: | Date: February 10, 1998 |
|---|---|
| Norman S. Williams _Norald S. Williams_ | |

This document contains neither recommendations nor conclusions of the IG. It is the property of the IG and is loaned to your agency; it and its contents are not to be distributed outside your agency.

OII (9/24/96)

000202

664

Carver - direct by Chang

1  existence is in fact an authentic public record.  They're

2  saying there's no record of the --

3              MR. CHANEN:  At Mr. Nofzinger's request we took the

4  word "authentic" out of the certificate.

5              THE COURT:  Right, it doesn't appear in the

6  certificate, so I think the certificate as presented reasonably

7  complies with 803(10) and 902.  It may be received.

8              MR. CHANG:  Thank you, Judge.

9              (Before the jury:)

10  BY MR. CHANG:

11  Q   Agent Carver, I'm going to direct your attention to Binder

12  1, Exhibit 34.

13              Agent Carver, during the course of this investigation

14  were you assigned the task of trying to determine whether a

15  birth certificate appeared in the records in the city of

16  Guatemala?

17  A   Yes.

18  Q   And in Exhibit 34 are those the last two pages of -- are

19  the last two pages of Exhibit 34 the birth certificate that you

20  attempted to determine would be found in Guatemala?

21  A   Yes.

22  Q   And what steps did you take to determine whether this birth

23  certificate was in those records?

24  A   I contacted the consul general in Guatemala City at the

25  United States embassy.  Information was sent to him regarding

# FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

TO: FEDERAL BUREAU OF INVESTIGATION (FBI)
FBI, Bldg., 950 Pennsylvania Ave., NW
Washington, DC 20535-0001

FROM: Vernon Bonner
# 06300 027, FPC
PO Box 1000
Duluth, MN 55814.1000

PURSUANT TO TITLE 5, UNITED STATES CODE, SECTIONS 552, 552a, I THE UNDERSIGNED, IDENTIFIED ABOVE, RESPECTFULLY REQUEST THE ACCESS TO, THE DISCLOSURE OF, AND THE RELEASE OF, AND THE OPPORTUNITY TO CORRECT AND AMEND, THE FOLLOWING RECORDS MAINTAINED BY YOUR AGENCY:

Any Government agency of MEXICO sending information to the U.S. Consulate/Embassy concerning: VERNON BONNER or VIRGINIA BONNER (Child) and any Federal agency of the U.S. Government (FBI, agent Ron Carver) requesting information on the aboves names.

Virginia Bonner: DOB: June 20, 1989 Matewuala, San Luis Potosi, MEXICO.

I ALSO REQUESTING A COPY OF THE APPLICABLE RULES & REGULATIONS FOR YOUR AGENCY AS PROVIDED FOR BY THE FOIPA, AS AMENDED BY PUBLIC LAW 93-502, 88 STAT. 1561.

IF FOR ANY REASON, ANY OF THE ABOVE-REQUESTED RECORDS ARE DEEMED TO BE NON-RELEASABLE, OR NON-RELEASABLE, PLEASE SPECIFY THE REGULATORY EXEMPTION RELIED UPON, AND STATE WHETHER THE ENTIRE DOCUMENT OR ONLY A PORTION THEREOF, IS DEEMED NON-DISCLOSABLE, AND FURNISH THE NAME AND TITLE OF THE PERSON MAKING THE DECISION.

REQUESTER IS AN INDIGENT INMATE AT Federal Prison Camp AND REQUESTS THAT ANY SEARCH, AND/OR DUPLICATION FEES BE WAIVED, OR IN THE ALTERNATIVE, THAT ACCESS BE PROVIDED BY ALLOWING REQUESTER TO VIEW AND TAKE NOTES OF THE RECORDS RATHER THAN BE PROVIDED WITH COPIES.

THE FOI/PA PROVIDES FOR A REPLY TO THIS REQUEST IN TEN(10) WORKING DAYS, REQUESTER HEREBY INVOKES THIS PROVISION FOR A RESPONSE TO THIS REQUEST WITHIN TEN(10) WORKING DAYS.

Respectfully submitted, Vernon Bonner Without prejudice
VB
(requester)

Dated this 20 day of September, 2004, 19

'PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.

FULL NAME OF REQUESTER: Vernon Bonner
CURRENT ADDRESS: PO Box 1000, FPC, Duluth, MN 55814
DATE OF BIRTH: April 11, 1950
PLACE OF BIRTH: St. Louis, MO
EMPLOYEE I.D. NUMBER: N/A

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more ''an five(5) years to both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 ...5.C.552a(i)(3), by a fine of not more than $5,000.

Dated This 20 day of September, 2004, 19

Signature: Vernon Bonner Without prejudice

CC: Handelsman, Esq., Cullan, Esq.

---

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

October 28, 2004

MR VERNON BONNER
#06300027
POST OFFICE BOX 1000
DULUTH, MN 55814 1000

Request No.: 1005845-000
Subject: BONNER, VERNON

Dear Mr. Bonner:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Our records do not contain "any government agency of Mexico sending information to the U.S. Consulate/Embassy", concerning you or your child, Virginia Bonner. If you want a check of our field office files you must write directly to the appropriate field office(s).

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

Enclosure



Bonner, OC300027
Federal Prison Camp
Po Box 1000
Duluth, MN 55814

Legal Mail
mailed: 11-29-04

Office of Information
and Privacy, U.S. Department
of Justice, Flag Bldg.
Suite 570
Washington DC 20530

11-29-04

Please send information (Appeal).
FBI Agent Ron Carver (Gary, Indiana;
Chicago, Illinois).

PS: Waiver Fee
Requested.

VB
Vernon Bonner

U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*September 30, 2004*

Mr. Vernon Bonner
**06300027
Post Office Box 1000
Duluth, MN 55814 1000

Dear Mr. Bonner:

    Your letter requesting information maintained by the FBI pursuant to the Freedom of Information Act (FOIA) concerning Ron Carver is being returned to you.

    Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI either proof of death or a privacy waiver from that person. Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

    Enclosed is a Privacy Waiver and Certification of Identity form. The subject of your request should complete this form and then sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

    In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

    Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

    This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

Sincerely yours,

Enclosure

*David M. Hardy/NFK*

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

**All Attached Correspondence Must Be Returned to the FBI With This Letter**



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

MAR 1 4 2005

Mr. Vernon Bonner                    Re:    Appeal No. 05-0537
Register No. 06300-027                       Request No. 1005845
Federal Prison Camp                          RLH:ADW:GLB
Post Office Box 1000
Duluth, MN  55814-1000

Dear Mr. Bonner:

     You appealed from the action of the Headquarters Office of the
Federal Bureau of Investigation on your request for access to records
regarding communications from "any government agency of Mexico
sending information to [a United States] consulate/embassy"
concerning yourself or Virginia Bonner.

     After carefully considering your appeal, I have decided to
affirm the FBI's action on your request.

     The FBI informed you that it could locate no records responsive
to your specific request.  It has been determined that the FBI's
response is correct.

     If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                         Sincerely,

                         Richard L. Huff
                         Co-Director

## FREEDOM OF INFORMATION ACT FORMAL
### REQUEST FOR INFORMATION

DATE:   November 7 , 2006

AGENCY:   **Federal Bureau of Investigation (FBI)**

ADDRESS:   F.B.I., BLVD., 935 Pennsylvania Ave.

CITY, STATE   Washington, D.C. 20535-0001

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME:   Vernon Bonner

ADDRESS:   P.O. Box 1000, FPC, Dorm 208-103

CITY, STATE, ZIP:   DuLuth, MN 55814-1000

BIRTHDATE:   April 1, 1950

BIRTHPLACE:   St. Louis, MO

SOCIAL SECURITY NUMBER:   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

FBI NUMBER:   46H-CG-111171 and 'SSA/OIG' Case File # C-98-00227-F

MARSHAL'S SERVICE NUMBER:   NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

FBI

Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record. See Yeager v. Coughlak, 502 F.2d 122, cert denied 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s). Bristol-Myers Co. v. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

SPECIAL AGENT RONALD L. CARVER:

1. I would like a COPY of the Official Case File # A6H-CR-111171.

2. I would like the Memorandum Report by Ronald L. Carver, FBI concerning sentencing of Vernon Bonner on July 26, 2006 in the Federal Court of Judge Lindberg in Chicago, Illinois.

3. Send copies of Subpoenas and Warrants.

4. Send copies of report(s) from MEXICO concerning Virginia Bonner, from any Government Agency American or Mexican.

5. 'SSA/OIG' Case File # C-98-00227-P.

6. Agent Carver, FBI testified at the Bonners trial, in Chicago.

7. Request # IO44401-000

Note: I would like the Report(s) and Documents in Ten (10) days or a REPLY.

2

FBI

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, I am indigent or send report(s) and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief and knowledge, 28 USCA § 1746.

Requestor Signature          Dated: November 7, 20006
Vernon Bodner

3



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                      _Washington, D.C. 20530_

                                                 FEB 1 2007

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814-1000

       Re:  Request No. 1044401

Dear Mr. Bonner:

       This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on January 26, 2007.

       The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0535**. Please mention this number in any future correspondence to this Office regarding this matter.

       We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                    Sincerely,

                    Priscilla Jones
                    Supervisory Administrative Specialist



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642    Washington, D.C. 20530

MAY 14 2007

Mr. Vernon Bonner
Register No. 06300-027
Federal Prison Camp
Post Office Box 1000
Duluth, MN 55814-1000

Re: Appeal No. 07-0535
    Request No. 1044401
    AD/WCL

Dear Mr. Bonner:

You appealed from the action of the Chicago Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself and Maria Magana Bonner.

After carefully considering your appeal, I am affirming the FBI's action on the portion of your request pertaining to yourself. The records responsive to this portion of your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.96 (2006). Because the records you requested are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

The FBI properly withheld from you certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

-2-

Regarding the fee estimate provided to you by the FBI, I am affirming the FBI's fee assessment. FBI's fee estimate is based on duplication fees of $.10 per copy and the number of responsive records that it located. In this case, the FBI located 2100 pages that are responsive to your request for access to records pertaining to yourself. After subtracting the one hundred free pages to which you are entitled, the FBI calculated that you owe $200.00 in duplication fees. I have determined that the FBI fee assessment is correct.

As the FBI notified you, you have the option to pay the assessed fees or to modify the scope of your initial request. Please contact the FBI directly within sixty days of the date of this letter to pay the assessed fees or to clarify the scope of your request. Your failure to do so will result in closure of the remainder of your request.

Further, I note that you have not provided consent from or proof of death of Maria Magana Bonner. Without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552b(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552a(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

May 22, 2007

Dear Ms. McLeod:    Re: Civil Action # 06-2051-EGS (# 07-0535/#1044401)

Please send only copies concerning the "Chicago Social Security Fraud Investigation" Reportil Case File # C-98-00227-P by Special Agent Moreno S. Williams, SSA/OIG/OI; Bates Stamps Numbers 000201-000400, Court Case # 01-CR-670-2, Maria Magana-Bonner gave permission there is a Certification of Identity in your file, you may contact Mrs. Bonner at: 5072 Carolina Street, Gary Indiana 46409. Agent Williams address and telephone is: Social Security Administration/Office of Investigation 200 West Adams Street, Chicago, IL., 60606, Tel: (312) 353-5707. Please send and bill me, unredacted copies.

If there is a problem, please advise.

Sincerely,
Vernon Bonner

CC: Mrs. Bonner

Bonner, Vernon
06300027
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814-1000

Mailed: 5-22-2007

U.S. DEPARTMENT OF JUSTICE
OIP / WFAN - 11050
WASHINGTON, D.C. 20530

**EXHIBITS:  DD**

VETERANS AFFAIRS ADMINISTRATION

Social Security Administration

Office of the Inspector General        MEMORANDUM OF INVESTIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| Case Number: | Reporting Office: Chicago Field Office |
|---|---|
| C-98-00227-F | |

On January 5, 1998, SSA/OIG received a complaint from Brian Penton, Special Agent, Veterans Administration, Maywood, IL, telephone no. 708-216-2160. SA Penton called to inform SSA/OIG that he was working a case on an individual named VERNON BONNER, who is alleged to have called the VA claiming to be someone else and had a large ($60,000) check re-directed to a Post Office Box assigned to him in Gary, IN.

BONNER deposited $15,000 of the VA payment into a bank account at the Pullman Bank on 111th in Chicago. The remaining amount he deposited into an account at Seaway Bank in Chicago. SA Penton further stated that when he checked BONNER's bank account at Pullman Bank, he found out that BONNER has two Social Security checks being deposited into his account. One in the amount of $1,003.00 and the other $523.00.

The reporting agent querried BONNER's account (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) and learned that he is currently receiving disability benefits in the amount of $1,003.00 per month for himself and $523.00 per month for his child, Virgina Bonner.

Several items on the querry appeared questionable, i.e. VERNON's address is in Merrillville, IN with his payee listed as Maria Bonner and his checks are being deposited into a bank in Chicago; and his daughter, Virgina, has an address in Chicago and a payee listed as Hilda Castillo and her checks are being deposited into his bank account.

The reporting agent ran a querry on the account number of Maria Bonner (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) and learned that she is currently receiving disability benefits. These benefits are being paid under the name of Maria Magana. Even though her address is in San Diego, CA her checks are being deposited into the Pullman Bank in Chicago and her payee is also shown as Hilda Castillo. Maria Magana receives $1,108.00 per month and she has a child, Diego Magana, on the record, who receives $575.00 per month. Hilda Castillo is also the payee for Diego. Diego Magana's checks are being deposited into the Peoples State Bank in Michigan.

| Special Agent Name and Signature: Norene S. Williams *Norene S. Williams* | Date: January 16, 1998 |
|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*This document contains neither recommendations nor conclusions of the IG. It is the property of the IG and is loaned to your agency; it and its contents are not to be distributed outside your agency.*

OI3 (9/24/96)

To: Veterans Administration      DATE: Jan. 18   , 2004

    Chief information officer - 420D

    810 Vermont Avenue, N. W.,

    **Washington, D.C., 20420**

Dear Sir: Or Madam:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    In addition, the following particulars may assist you in your search of information:

    Veterans Administration Officers in **Indiana** or Illinois

My biographical data is as follows:

FULL NAME: Vernon R. Bonner

Alias':    N/A

DATE OF BIRTH:   April 1, 1950

PLACE OF BIRTH: St. Louis, MO

SOCIAL SECURITY NUMBER:   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

    I declare under the penalty of perjury that the aforementioned biographical data is that pertaining to my person, and that the signature below is my true and correct signature.

Executed this  18 day of January   , 2004   .

                 By  *VB*   Vernon Bonner; Without prejudice
                                   Requester-Affiant

(28 USC Section 1746)

    Vernon Bonner

Prison Number: # 06300.027
    PO Box 1000, FPC
    **DULUTH, MN 55814.1000**

Bonner/ 06300.027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814.1000



LEGAL MAIL

Veterans Administration
Chief Information Officer, **420 D**
810 Vermont Avenue, N.W.,

**Washington, D.C., 20420**

Freedom of Information Act
( **FOIA** )
Mailed: 1-18-04

**Department of**
**Veterans Affairs**

(005E3)

Washington DC  20420

OFFICIAL BUSINESS
Penalty for private use $300

U.S. OFFICIAL MAIL

PENALTY
FOR
PRIVATE
USE $300

$= 0.37 =$

U.S. POSTAGE

PB METER
7249646

REMINGTON
FEB 12'04
P.S.

Mr. Vernon Bonner
# 06300.027
P.O. Box 1000, FPC
Duluth, MN  55814-1000

55814+1000  01



DEPARTMENT OF VETERANS AFFAIRS
Veterans Benefits Administration
Washington DC  20420

In Reply Refer To:    20M35



Mr. Vernon Bonner #06300.027
P. O. Box 1000, FPC
Duluth, MN 55814

Dear Mr. Bonner:

This is in response to your recent Freedom of Information Act request, which was received in this office on February 17, 2004.  Your letter states that you are requesting **your records.**

## Assistance May Be Available

This office does not have these records.  We have forwarded your request to the **Department of Veterans Affairs (VA) Records Management Center (RMC), P. O. Box 5020, St. Louis, Missouri 63115.**  That office will determine whether they have any information responsive to your request.  You may expect to receive a response from that office in the near future.

## Point of Contact

Any future inquiries regarding the requested information should be addressed to the VA Records Management Center Office referenced above.  Their statewide telephone number is 1-800-827-1000, or  toll number is 314-538-4586.

Sincerely yours,

F. John Buck
Deputy Director
Directives, Forms and Records Staff

Cc:  005E3

*We are making a difference in VBA!*

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE: __February 20, 2006__

AGENCY: __UNITED STATES ATTORNEY__

ADDRESS: __5400 Federal Plaza, Suite 1500__

CITY, STATE __Hammond, Indiana 46320__

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME: __Vernon Bonner__

ADDRESS: __P.O. Box 1000; FPC; Dorm 208-103__

CITY, STATE, ZIP: __Duluth, MN 55814-1000__

BIRTHDATE: __April 1, 1950__

BIRTHPLACE: __St. Louis, MO__

SOCIAL SECURITY NUMBER: __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__

CASE XXX NUMBER: __Docket No. 2: 00-CR-55-(1)RL__

MARSHAL'S SERVICE NUMBER: __Unknown__

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the Prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

---

Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2600 However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

Docket No. 2: 00-CR-55-(1) RL

"Veterans Administration Fraud Investigation" Report File No. 24-896-511/10.

Bates Stamp Number Starting at 000101. Special Agent Bryant Penton, VA/OIG.

Any and all Telephone Records.

The names and Reports of any Private Investigators/ Government's Investiga-

tors that were used on this case.

Any and all 302 reports concerning this Case.

2

Bonner,V. 06300027
Federalprisoncamp
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000



Mailed:  2-20-06

UNITED STATES ATTORNEY

5400 Federal Plaza, 1500

HAMMOND, INDIANA 46320

**LEGAL MAIL**

Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See Pollack v.
Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78.

I respectfully thank you for your assistance in obtaining copies of
the records requested.

Vernon Bonner
Requestor Signature
Dated: 2-20-06

3

SA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,
    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, ET AL., )  Civil Action No. 06-2051-EGS
    DEFENDANTS.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT[S]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, Vernon Bonner, Pro Se, requests Defendant[s] Department of Veterans Affairs (VA), Specifically Special Agent Bryant D. Fenton, VA/OIG to answer the following interrogatories, in writing and under oath, within 30 days from the date of service, in accordance with the definition and instructions set out below:

### DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" means the Defendant[s] Department of Veterans Affairs (VA), its agents, employees, attorneys and any person[s] acting on its behalf.

2. "Document[s]" refers to all items, including, but not limited to, any written or recorded material of any kind, including the originals and all non-identical copies, whether on such copies or otherwise; notations of any sort of conversations, telephone calls, meeting or other communications; all graphic or oral records or representations of any kind; and mechanical or electronic records, E-mail[s], or representations of any kind, including, tapes, cassettes, disks or records.

3. Identity Means:

A. In the case of a person, to state his or her full name, present or last known business address, and his or her present or last known employer or job title;

B. In the case of a document[s], to state its date, its author, its recipient or the person[s] for whom it was prepared, the type of document[s](e.g., letter[s], memorandum[s], chart[s] or there category), its present location or custodian, a summary of its contents, and any other information necessary to render the document[s] distinguishable from all others and subject to ready location.

C. In the case of a communication or act, to identify the person[s] present when the communication or act occurred, the date and location of such communication or act, and all documents which record[s], refer to, or otherwise concern such communication of act.

4. "Describe" means to provide a full, and accurate detailed description of the matter inquired of.

5. Privilege or Immunity. To the extent that any documents are not identified on the basis of Privilege or Immunity:

A. Submit a list identifying each such document[s];

B. Identify the nature of the privilege (including work product) which is being claimed; and

C. Identify each person having knowledge of the factual basis, if any, on which the claim of privilege or immunity is based. For these purposes, "identify" shall mean in the case of a document[s], to state the document[s] date, its author, its recipient or the person for whom it was prepared, the type of document[s] (e.g., letter[s], memorandum[s], chart, or other category), its present location or custodian, a summary of its contents, and any other information necessary to render the document[s] distinguishable from all others and subject to ready location.

6. Destroyed document[s]. If any documents identified herein have been lost, discarded or destroyed, the document[s] so lost, discarded or destroyed shall be identified as completely as possible, including, without limitation, the following information: Date of disposal, manner of disposal, reason for disposal, person authoring the disposal, and the person disposing of the document[s].

INTERROGATORIES

1. State your full name, current employment and business address.

RESPONSE

2. Please identify, with specificity, all correspondence, E-mail[s], communi-cations, documents, reports or memorandums, with internal agency Vernacular or Nomenclature, prepared or received concerning the following:

   a. The " Veterans Affairs Fraud Investigation" Report[s], Case File # 24-896-511-10 by Special Agent Bryant D. Fenton, VA/OIG, Court Case # 2:00-CR-55-1, Hammond, Indiana; on Vernon Bonner.

RESPONSE

3. Please identify the location[s] that you sent completed correspondence, E-mail[s], communications, reports or memorandums concerning item[s] in paragraph 2.(a).

RESPONSE

4. Please identify each person oragency whom you believe has knowledge or in-formation of the "Veterans Affairs Fraud Investigation" Report[s] concerning Vernon Bonner.

RESPONSE

5. Please identify each person or agency whom you believe has knowledge or in-formation of any Video or Audio Tapes concerning Vernon Bonner.

RESPONSE

6. Please identify each person or agency whom you believe has knowledge or in-formation about the "Veterans Affairs Fraud Investigation" Report[s] that has Bates Stamp Numbers.

RESPONSE

7. Please identify each person or agency that has contacted you regarding any responsive material or document[s] responsive to Plaintiff's Freedom of Infor-mation Request[s].

RESPONSE

8. Please identify all persons who provided information or paticipated in pre-paring the answers to these interrogatories.

RESPONSE

9. Please identify each person[s] or agency whom you believe has knowledge or information concerning Telephone Record[s].

RESPONSE

10. Please identify person[s] or agency whom you believe has knowledge or in-formation on person[s] who gave information or statement[s] to the "VA".

Dated: This 09 day of April, 2007

Respectfully submitted,

Vernon Bonner, Pro Se
P.O. Box 1000
Dorm 208-103
Duluth, MN 55814.1000

CERTIFICATE OF SERVICE

I HEREBY certify that the foregoing has this date been served upon the par-ties by depositing a copy of same in the United States Mail in Duluth, MN., FPC sufficient postage prepaid, addressed to Defendant[s] Counsel as follow:

Madelyn E. Johnson, AUSA
Room E. 4114
555 4th Street, NW
Washington, DC 20530

Vernon Bonner, Pro Se

Dated: April 9th, 2007

3

**DEPARTMENT OF VETERANS AFFAIRS**
Regional Office
Bishop Henry Whipple Fed. Bldg.
1 Federal Drive
St. Paul MN 55111-4050

In Reply Refer To: 335/21/

JUN 19 2007

VERNON BONNER
06300027
DORM 208-103
FEDERAL PRISON CAMP
PO BOX 1000
DULUTH MN 55814

Dear Mr. Bonner:

We received your recent correspondence. However, it does not show enough information for us to identify the right record.

To act on your correspondence, we need more facts about the veteran. Please answer as many of the questions listed below as you can, then return this letter. (Note: If your correspondence is attached to this letter, be sure to send the correspondence and this letter back to us together.)

1. VA claim ("C" or "SS") number: 24-896-511/ SS# 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
2. VA insurance file number (include prefix):
3. Last name, first name, middle initial of veteran: Kettles, James, C.
4. Social Security Number: 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
5. Service number: 02136825
6. Date entered service: 7-29-1965
7. Date of separation: 4-11-1969
8. Date of birth 09-18-1947
9. Date of death, if deceased: 01-22-1992
10. Your signature: Vernon Bonner [signature] 6-25-2007
11. Your telephone number (including area code): 219-980-2163 ask for Mrs. Bonner

---

2

CSS

We have the authority to ask these questions (Title 38, United States Code). You do not have to give us information, but without it we can't reply to your correspondence. If you would like more information, please contact us. Most questions can be answered by phone. Our number is 1-800-827-1000 (toll-free).

Sincerely yours,

*K. L. ANDERSON*
Veterans Service Center Manager

Contact us at: https://iris.va.gov

21/170   KLA:gij

---

June 25, 2007

Dear Mr. Anderson:

The information you have requested you already have (Veterans Affairs Case File # 24-896-511-10, Mr. J.C. Kettles, Social Security # 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, date of Birth 09-18-1947, Service # 02136825, date of Death 01-22-1992).

If the Department of Veterans Affairs need more information please contact:

Veterans Affairs Special Agent Bryant D. Fenton, OIG/OI.

Enclosures: As stated. Note: All correspondence sent back.

Sincerely,
Vernon Bonner [signature]



---

BONNER, VERNON
06300027
DORM 208-103
FEDERAL PRISON CAMP
P.O. BOX 1000
DULUTH, MN 55814-1000

MAILED:
6-25-2007
"VA Case File # 24-896-511"
Civil Action # 06-2051-EGS

K.L. ANDERSON
SERVICE CENTER MANAGER
DEPARTMENT OF VETERANS AFFAIRS
REGIONAL OFFICE
BISHOP HENRY WHIPPLE FED. Bldg.
1 Federal Drive
ST. PAUL, MN 55111 4050

BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH, MN 55814.1000



MAILED: 8-06-2007

VA File # 24-896-511-10
Civil File # 06-2051-EGS

GEORGE J. OPFER

DEPARTMENT OF VETERANS AFFAIRS
Inspector General

WASHINGTON DC 20420

---

JUL-27-2007 09:49 From:VA OIG OFFICE    2025559667    To:2197551658    P.2/2

DEPARTMENT OF VETERANS AFFAIRS
INSPECTOR GENERAL
WASHINGTON DC 20420

JUL 27 2007

The Honorable Peter J. Visclosky
Member, United States House
of Representatives
701 East 83rd Avenue, Suite 9
Merrillville, Indiana 46410

Dear Congressman Visclosky:

This is in response to your June 19, 2007, letter on behalf of Mr. Vernon Bonner, who filed a Freedom of Information Act (FOIA) request with the Office of Inspector General (OIG). The VA Congressional Liaison forwarded your correspondence to the OIG on June 25, 2007.

In March 2006, we received Mr. Bonner's FOIA request for copies of documents in an OIG criminal investigation. The documents we identified that are potentially responsive to his request consist of voluminous law enforcement investigatory records and other documents related to the criminal investigation of Mr. Bonner.

We process requests for information on a first in, first out basis. As such, Mr. Bonner's request was placed in the pending queue to be worked in order of receipt. Complex cases such as this one require more in-depth analysis to determine what material may be legally released or withheld based on the appropriate FOIA exemptions. There are currently several other complex and voluminous cases ahead of Mr. Bonner. We will provide him with responsive material as soon as possible.

Thank you for your interest in the Department of Veterans Affairs.

Sincerely,

George A. Wroblit
for GEORGE J. OPFER

Re: VA Case File # 24-896-511-10/Court Case # 2:00-CR-55-1/Civil # 06-2051-EGS:

Dear Mr. Opfer:

Please expedite this matter for me. I Vernon Bonner, don't need VOLUMINOUS records only Exculpatory evidence the "Official Veterans Affairs Investigation" Report by 'Special Agent Bryant D. Penton, VA/OIG/IO' that has Bates Stamps Numbers; Agent Penton testified at Mr. Bonner trial, please send unredacted.

If there is a problem, please advise.

Sincerely,
Vernon Bonner    Dated: August 6, 2007

CC: Mrs. Bonner; Congressman Visclosky.



```
BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH, MN 55814.1000
```

MAILED: 8-13-2007

VA Case File # 24-896-511-10

Court Case # 2:00-CR-55-1-RL

SHIRLEY J. LANDES
OFFICE OF GENERAL COUNSEL (02)
DEPARTMENT VETERANS AFFAIRS

810 Vermont Avenue, NW
WASHINGTON DC 20420

"FOIA APPEAL"



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Inspector General
Washington DC 20420

AUG – 3 2007

Mr. Vernon Bonner, #06300027
Federal Prison Camp
POB 1000
Duluth, MN 55814-1000

Dear Mr. Bonner.

This is a final response to your February 20, 2006, Freedom of Information Act (FOIA) request, received in this office on March 21, 2006. You are seeking information from "Veterans Administration Fraud Investigation Report File Number 24-896-511-10, Bates Stamp Number Starting at 000101." We determined that Office of Inspector General investigative file number 1996-01144-I2-0047 is responsive to your request.

We have redacted some information from the enclosed report, in accordance with FOIA exemptions 3, 6, and 7C (5 U.S.C. §552 (b)(3), (b)(6), and (b)(7)(C)). Exemption 3 authorizes the withholding of information specifically exempted from disclosure by other confidentiality statutes, provided that such statutes require that the matters be withheld from the public in such a manner as to leave no discretion on the issue (Federal Grand Jury Title 18 Federal Rules of Criminal Procedure Rule 6(e)). Exemption 6 authorizes the withholding of information obtained from personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7C authorizes the withholding of records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you do not agree with our decision to withhold the specific information mentioned above, you may appeal to the Office of General Counsel, as provided in Title 38, Code of Federal Regulations, Section 1.557. You should include your specific objection(s) as they pertain to the withheld information and reference FOIA case number 2006-01709-FI-0108. The address is: Office of General Counsel (02), Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420.

Sincerely,

*Shirley J Landes*
SHIRLEY J. LANDES
Chief, Information Release Office

Enclosure
Re: COURT CASE # 2:00-CR-55-1-RL         August 13, 2007

Dear Ms. Landes::

   This is not what I requested.   I Vernon Bonner requested the "VA Official Investigation Report" by Special Agent Bryant D. Penton, VA/OIG (Office In-spector General) the Report has Bates Stamps Numbers. Sincerely,
                                                         Vernon Bonner

**Note: Please EXPEDITE.**

**EXHIBITS:  EE**

DEPARTMENT OF STATE



# SOCIAL SECURITY

### Office of the Inspector General

Office of Investigations
23rd Floor
105 West Adams Street
Chicago IL 60603

April 2, 1998

Susan Thomas
SSA-OCO
International & Integrity Section
1500 Woodlawn Dr.
Baltimore, MD 21241

Re: Vernon Bonner-SSN: 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; Maria E. Magana-Bonner-
SSN: 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
OI File No. C-98-00227-F

Dear Ms. Thomas:

Attached are photocopies of foreign birth certificates that were used in the above
referenced case to obtain benefits for children.   We have reason to believe that these
individuals do not exist.

We would appreciate it if you could  prove the authenticity of these birth certificates.

If you have any questions and/or if additional information is needed, please contact
███████████████████

Thank you

███████████████

Assistant Special Agent-In-Charge

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARIA E. MAGANA-BONNER,
and VERNON R. BONNER

No.
Violations: Title 18,
United States Code,
Sections 2, 641, 1341, 1343,
and Title 20, United States Code
Section 1097(

FILED
JUL 2 5 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL MARCH 2001 GRAND JURY charges:

1.    At times material to this indictment:

a.    The Social Security Administration ("SSA") was an agency of the United States and was responsible for administering the federal disability insurance program.

b.    Under the federal disability insurance program, individuals were entitled to receive social security benefits if they were disabled and had been employed for a specified amount of time prior to becoming disabled.

c.    For purposes of receiving federal disability insurance benefits, individuals were considered to be disabled only if they were unable to engage in substantial gainful activity due to a physical or mental impairment that was expected to last at least 12 months or result in death.

d.    Individuals were considered unable to perform substantial gainful activity only if their physical or mental impairment was so severe that they were prevented from performing their previous work and other jobs which were available in the national economy.

8.    It was further part of the scheme that in or around 1992, defendants MARIA E. MAGANA-BONNER and VERNON BONNER applied to receive social security benefits on behalf of two fictitious minor dependent children, namely, Diego Magana and Virginia Bonner. In so doing, defendants MARIA E. MAGANA-BONNER and VERNON BONNER materially misrepresented to SSA that each child had been born to one of the defendants in a foreign country and resided with Individual B, who would be their representative payee.

9.    It was further part of the scheme that through their material misrepresentations, defendants MARIA E. MAGANA-BONNER and VERNON BONNER caused SSA to provide monthly social security benefits to defendants' fabricated and fictitious children.

10.    It was further part of the scheme that defendants MARIA E. MAGANA-BONNER and VERNON BONNER caused monthly social security benefits for themselves to be directly deposited into bank accounts that were at all times maintained and controlled by the defendants.  Also, defendants MARIA E. MAGANA-BONNER and VERNON BONNER caused monthly social security benefits for their fictitious children to be directly deposited into bank accounts that were maintained and controlled by the defendants and, for a short period of time as to one of the fictitious children, a bank account maintained and controlled by Individual B.

11.    It was further part of the scheme that defendants MARIA E. MAGANA-BONNER and VERNON BONNER misrepresented and concealed, and caused to be misrepresented and concealed, the purposes of, and the acts done in furtherance of, the scheme in order to avoid detection of the scheme.

5

664
Carver - direct by Chang

1  existence is in fact an authentic public record.  They're

2  saying there's no record of the --

3         MR. CHANEN:  At Mr. Nofzinger's request we took the

4  word "authentic" out of the certificate.

5         THE COURT:  Right, it doesn't appear in the

6  certificate, so I think the certificate as presented reasonably

7  complies with 803(10) and 902.  It may be received.

8         MR. CHANG:  Thank you, Judge.

9         (Before the jury:)

10 BY MR. CHANG:

11 Q   Agent Carver, I'm going to direct your attention to Binder

12 1, Exhibit 34.

13        Agent Carver, during the course of this investigation

14 were you assigned the task of trying to determine whether a

15 birth certificate appeared in the records in the city of

16 Guatemala?

17 A   Yes.

18 Q   And in Exhibit 34 are those the last two pages of -- are

19 the last two pages of Exhibit 34 the birth certificate that you

20 attempted to determine would be found in Guatemala?

21 A   Yes.

22 Q   And what steps did you take to determine whether this birth

23 certificate was in those records?

24 A   I contacted the consul general in Guatemala City at the

25 United States embassy.  Information was sent to him regarding

MAILED: 6-23-04

Legal Mail

BONNER, 06300 027
federalprisoncamp
PO Box 1000
Duluth, MN 55814.1000



**UNITED STATES EMBASSY**
Guatemala, City
**GUATEMALA**
Central America

To: **UNITED STATES EMBASSY**    DATE: ___June    23___ , 2004

Guatemala, City

GUATEMALA

CENTRAL AMERICA (C.A.)

Dear Sir: U.S. Embassy;

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any Part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

In addition, the following particulars may assist you in your search of information: Any Government agency of Guatemala sending information to the U.S. Embassy, concerning:

Maria Magaña-Bonner or Diego Bonner(Child) and any Federal agency of the U.S. requesting information on the above names.

My biographical data is as follows:

FULL NAME: Vernon Bonner

Alias': N/A

DATE OF BIRTH: April 1, 1950

PLACE OF BIRTH: ST. LOUIS, MO

SOCIAL SECURITY NUMBER: 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

I declare under the penalty of perjury that the aforementioned biographical data is that pertaining to my person, and that the signature below is my true and correct signature.

Executed this 23 day of June , 2004.

By VERNON BONNER; Without prejudice
Requester-Affiant

(28 USC Section 1746)

Vernon Bonner

Prison Number: 06300-027
PO Box 1000, FPC
DULUTH, MN 55814.1000

To: <u>UNITED STATES CONSULATE/EMBASSY</u>    DATE:  July 8    , 2004

MONTERREY, NUEVO LEON

MEXICO

Dear Sir: Consulate/ Embassy

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

In addition, the following particulars may assist you in your search of information: Any Government agency of Mexico sending information to the U.S. Consulate/Embassy, concerning:

Vernon Bonner or Virginia Bonner(Child) any Federal agency of the U.S. Government requesting information on the above names. My biographical data is as follows:

FULL NAME: __Vernon Bonner__

Alias': __N/A__

DATE OF BIRTH: __April 1, 1950__

PLACE OF BIRTH: __ST. LOUIS, MO__

SOCIAL SECURITY NUMBER: __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__

VIRGINIA BONNER
DOB: June 20, 1989
Matewuala, San Luis Potosi
Mexico

I declare under the penalty of perjury that the aforementioned biographical data is that pertaining to my person, and that the signature below is my true and correct signature.

Executed this __8__ day of __July__, __2004__.

By __Vernon Bonner; Without prejudice__
Requester-Affiant

(28 USC Section 1746)

Vernon Bonner

Prison Number: 06300 027
PO Box 1000, FPC
DULUTH, MN 55814.1000
U.S.A.

BONNER/06300 027
FederalPrisonCamp
PO Box 1000
Duluth, MN 55814.1000
USA

Legal Mail

1

UNITED STATES CONSULATE/EMBASSY

MONTERREY, NUEVO LEON

MEXICO

MAILED:  7-08-04

## FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

TO: Office of International Judicial Assistance
Civil Division
Department of Justice
Todd Building Room 1234
550 11th Street, N.W.
Washington, D.C. 20530
Phone: (202) 724-7455

FROM: Vernon Bonner
# 06300-027
PO Box 1000, FPC
DULUTH, MN 55814

PURSUANT TO TITLE 5, (UNITED STATE CODE, SECTIONS 551, 552a), THE UNDERSIGNED, IDENTIFIED AS ABOVE, RESPECTFULLY REQUEST TWO THINGS: 1. THE DISCLOSURE OF, THE RELEASE OF, AND THE OPPORTUNITY TO CORRECT AND AMEND. THE FOLLOWING RECORDS MAINTAINED BY YOUR AGENCY OR ANY FEDERAL AGENCY AS ABOVE.

ANY Government Agency of Mexico sending information to the U.S. Consulate/Embassy.

Concerning: VERNON BONNER or VIRGINIA BONNER (CHILD) any Federal agency of the U.S.

Government requesting information on the above names.

Virginia Bonner: DOB: June 20, 1989 Matewuala, San Luis Potosí Mexico.

************************************************************************

I AM ALSO REQUESTING A COPY OF THE APPLICABLE RULES & REGULATIONS FOR YOUR AGENCY AS PROVIDED FOR BY THE FOI/PA, AS AMENDED BY PUBLIC LAW 93-502, 88 STAT. 1561.

IF FOR ANY REASON, ANY OF THE ABOVE-REQUESTED RECORDS ARE DEEMED TO BE NON-DISCLOSABLE, OR NON-RELEASABLE, PLEASE SPECIFY THE REGULATORY & STATUTORY EXEMPTION RELIED UPON, AND STATE WHETHER THE ENTIRE DOCUMENT OR ONLY A PORTION THEREOF, IS DEEMED NON-DISCLOSABLE AND FURNISH THE NAME AND TITLE OF THE PERSON MAKING THE DECISION.

REQUESTER IS AN INDIGENT INMATE AT Federal Prison Camp AND REQUESTS THAT ANY SEARCH, AND/OR DUPLICATION FEES BE WAIVED, OR IN THE ALTERNATIVE, THAT ACCESS BE PROVIDED BY ALLOWING REQUESTER TO VIEW AND TAKE NOTES OF THE RECORDS RATHER THAN BE PROVIDED WITH COPIES.

THE FOI/PA PROVIDES FOR A REPLY TO THIS REQUEST IN TEN(10) WORKING DAYS. REQUESTER HEREBY INVOKES THIS PROVISION FOR A RESPONSE TO THIS REQUEST WITHIN TEN(10) WORKING DAYS.

Respectfully submitted, Vernon Bonner: Without prejudice

Dated this  9  day of  August  , 2004

Vernon Bonner: Without prejudice
(requestor)

************************************************************************

PRIVACY ACT STATEMENT: in accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.

FULL NAME OF REQUESTER:  Vernon Bonner

CURRENT  ADDRESS:  PO Box 1000  FPC, DULUTH, MN 55814-1000

DATE  OF  BIRTH:  April 1, 1950

PLACE  OF  BIRTH:  St. Louis, MO

EMPLOYEE I.D.  NUMBER:  N/A

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more "(as few) of years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3), by a fine of not more than $5,000

Dated this  9  day of  August  , 2004        Signature: Vernon Bonner: Without prejudice

---

BONNER/ 06300027
Federalprisoncamp
PO Box 1000
Duluth, MN 55814

Legal Mail
Mailed:

8-09-04

Office of International Judicial Assistance
Civil Division
Department of Justice
Todd Building Room 1234
550 11th Street, N.W.

Washington, D.C. 20530

---

BONNER/ 06300027
Federalprisoncamp
PO Box 1000
Duluth, MN 55814

Legal Mail
Mailed:

11-29-04
Freedom Of
Information Act
(FOIA). Remailed B



Office of International Judicial Assistance
Civil Division
Department of Justice
Todd Building Room 1234
550 11th Street, N.W.

Washington, D.C. 20530

FOIA# 2007-00638

JAN. 16, 2007
Page 2 of FOIA Request

as set forth in Anderson v. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears v. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

## REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

### DEPARTMENT OF STATE

1. Requesting report[s], documents, faxes and electronic computer messages that were sent to the Federal Bureau of Investigation or Ron Carver, FBI Agent concerning Child Virginia Bonner, DOB: June 20, 1989 Country of MEXICO and Child Diego Magana, DOB: September 1, 1990: Social Security Administration and the United States Attorney in Chicago, Illinois said these Children do not exist, therefore their signature is not necessary. This information was given by the United States Embassy in GUATEMALA (Guatemala City) concerning Diego Magana in the year 2001 or 2002.

2. Child: Virginia Bonner, DOB: 6-20-89: Matehuala, San Luis Potosi, MEXICO.

3. Child: Diego Magana, DOB: 9-01-1990: Chiquimula, CHIQUIMULA, GUATEMALA.

4. Special Agent Norene S. Williams, SSA/OIG: Chicago, Illinois. The year 2000 to 2003.

5. Special Agent Ron Carver, FBI: Chicago, Illinois. The year 2000-03.

6. AUSA's Channen, Chang; United States Attorney, Case # 01-CR-670: Chicago, Il. The year 2000-03.

Note: I would like this information Ten (10) days or a REPLY.

2

---

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE: Jan. 16, 2007

AGENCY: DEPARTMENT OF STATE

ADDRESS: 2201 C Street, N.W.

CITY, STATE Washington, D.C. 20520

Dear Agency Officials:

As pursuant to U.S.C. 55552 of FOIA, and U.S.C. 55552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

## IDENTIFYING PERSONAL INFORMATION

NAME: Vernon Bonner

ADDRESS: P.O. Box 1000, FPC, Dorm 208-103

CITY, STATE, ZIP: Duluth, MN 55814-1000

BIRTHDATE: April 1, 1950

BIRTHPLACE: St. Louis, MO

SOCIAL SECURITY NUMBER: 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

FBMX NUMBER: NA

MARSHAL'S SERVICE NUMBER: NA

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 55552 (4)(A)(III), I request copies be made and sent to me as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 55552(iv)(II).

If your agency requires a certain form for Freedom of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

## REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

Page 3 of FOIA Request: DEPARTMENT OF STATE

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 USCA § 1746.

X _Maria Magana Bonner_ _S VB_
         Requestor Signature

Maria Magana Bonner & Vernon Bonner

MARIA MAGANA-BONNER                    JAN. 16, 2007
5072 CAROLINA ST.
GARY, INDIANA 46409
DOB: 4-25-52 (MEXICO)
SSN: 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

Bonner, Vernon
# 06300027
Dorm 208-103
Federalprisoncamp
P.O. Box 1000
DuLuth, MN 55814.1000

                              DEPARTMENT OF STATE
                              2201 C STREET, N.W.
Mailed: 1-16-07               WASHINGTON, D.C. 20520

     'FOIA'

                              3



**United States Department of State**

*Washington, D.C. 20520*

May 29, 2007
Case Number: 200700638

Mr. Vernon Bonner
Number 06300027
Post Office Box 1000
FPC, Dorm 208-103
Duluth, MN  55814-1000

Dear Mr. Bonner

This is in response to your Freedom of Information Act (FOIA) request
dated January 16, 2007 for all documents concerning your child, Virginia
Bonner and another child, Diego Magana.

Before we can proceed with the processing of your request, we need an
agreement to pay fees as described below and additional information and
clarification as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of
processing requests, unless a fee waiver has been granted.

By making a FOIA request, the requester shall be considered to have agreed to
pay all applicable fees up to $25.00 unless a fee waiver has been granted.  You
may specify a willingness to pay a greater or lesser amount.  If the estimated
fees will exceed this limit, you will be notified.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

-2-

Based upon the information that you have provided, we have placed you in the other requester category. This category requires us to assess search time after 2 hours/duplication costs after the first 100 pages. (see 22 CFR 171, enclosed)

Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay.

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

**Information to Identify Records:** The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of Department employees.

As the Department of State consists of hundreds of offices and overseas posts, with many different filing systems, your request should be specific, detailed, and include as much of the following as might be relevant:

--time frame of your request;

--type of record, subject matter, countries and/or organizations involved;

Office of Information Programs and Services
U.S. Department of State SA-2
Washington, DC 20522-8100
Web site: foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
email: FOIAStatus@state.gov

-3-

--full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested;

--any information on specific filing systems.

Please be advised your request has been closed in our system. If, after noting the information cited above, you wish to pursue this request, please send us a new FOIA request, which would include an agreement to pay fees and additional information needed, as described above.

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Anne T. Baker
Requester Communications Branch

Enclosures:
As stated.

Office of Information Programs and Services
U.S. Department of State SA-2
Washington, DC 20522-8100
Web site: foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
email: FOIAStatus@state.gov



Bonner, Vernon
06300027
Dorm 208-103
Federalprisoncamp
P.O. Box 1000
Duluth, MN 55814.1000

Mailed:
6-05-2007

Case # 200700638

Anne T. Baker
Request Communications Branch
Office of Information Programs
and Services
U.S. Department of States Rm 8006, SA-2
515 22nd Street, NW
WASHINGTON DC 20520

---

June 5, 2007

Anne T. Baker
Request Communications Branch
Office of Information Programs
and Services
U.S. Department of State SA-2(RM 8006)
515 22nd Street NW
Washington DC 20520

Re: Case # 200700638

Dear Ms. Baker:

Please send me the FOIA information and Bill me, I will pay. I am sending you a Copy of page 2 of the FOIA that was sent to you on January 16, 2007 it has all the information you need. Please "expedite" this for me.

If there is a problem, please advise.

Sincerely,

Vernon Bonner
06300027; FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

CC: Mrs. Bonner

Enclosures: As stated

**United States Department of State**

*Washington, D.C. 20520*

AUG 10 2007

Case Number: 200703612

Mr. Vernon Bonner
06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your renewed Freedom of Information Act (FOIA) request dated June 5, 2007 (as well as your note re-mailing it on July 23, 2007), for copies of documents concerning various individuals including two children, Virginia Bonner and Diego Magana. Unfortunately, you still have not provided all of the information asked for in our letter to you of May 29, 2007. Please note that we have assigned your case a new number (200703612).

Your request concerns multiple individuals but insufficient information about them for us to know where to search for potentially responsive records, and accordingly we cannot begin processing your request.

As we noted in our earlier letter to you, the Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so your request should be specific, detailed, and include as much information as possible to allow us to locate any responsive records with a reasonable amount of effort. For example, please provide detail about

Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100
    Website: www.foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

- 2 -

the circumstances under which the records you seek would have been generated, and as much information as you can about the type of record, subject matter, countries and/or organizations involved. Please provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested. Please provide any information on specific filing systems that are likely to contain the records you seek, and please clarify whether you are seeking records only about the children mentioned in your request or whether you are also seeking records pertaining to the other individuals mentioned.

**Third Party Requests**

Furthermore, access to information about private individuals generally cannot be given to unauthorized third parties absent the individuals' written consent. As required by the regulations we provided with our earlier letter (and which we enclose again with this letter), requests for records pertaining to third parties must be accompanied by a written authorization from each individual about whom records are sought. See 22 C.F.R. sections 171.12 and 171.32.

The State Department requires that written consent be in the form of a signed, notarized statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the <u>original signature of the individual and original seal of the notary</u>, and be dated within six months of the date of the request.

In lieu of notarization, the individual may make the following statement: "I [declare, certify, verify, or state] under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct." Such a statement must be forwarded to us with a <u>current date and an original signature</u> (faxed photocopies cannot be accepted).

For deceased individuals, unless the death has been widely reported, please provide proof of death (e.g., newspaper obituary or a copy of a death certificate), or advise us that none will be forthcoming.

Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100
    Website: www.foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

- 3 -

The authorization, and your request for information from the State Department, should **not** be submitted on a Department of Justice (G-28) or Department of Homeland Security (G-639) form, or a form from any **other agency**, but rather on your letterhead or plain bond. Please be advised that these forms do not authorize the State Department to release privacy-protected information, rather they authorize the Departments of Justice and/or Homeland Security, respectively, to release privacy-protected information.

Alternatively, if you are the parent or legal guardian of a minor child, you can present documentation of your relationship to the minor, and the Department may, in its discretion, disclose records concerning the minor to you as appropriate. See 22 C.F.R. Section 171.32(c).

We do not understand your assertion about the existence of the children subject to your request. If these are real people, as appears from your provision of dates and places of birth, we need an authorization or documentation of parental status or guardianship as discussed above. Your allegations concerning what other parties may have said about the existence of these children is not controlling. If in fact these children do not exist, you should provide us with supporting documentation for that assertion and explain the circumstances so that we can better understand the privacy interests implicated in your request.

**Fees**

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted. In accordance with our regulations, we would interpret your June 5, 2007 letter as an agreement to pay fees up to $25.

As noted in our earlier letter, you are in the "all other requesters" category. The fee schedule designated for that category requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the records sought, after the first 100 pages of duplication and the first two hours of search time.

Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100
Website: www.foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

- 4 -

**Expedited Processing**

Due to the fact that we cannot begin processing your request at this time, it is a moot issue whether your request would be entitled to expedited processing. If you wish to pursue this request, you may ask for expedited treatment when you supply the additional information necessary to make your request valid. We note, however, that to merit expedited processing, a request must demonstrate a compelling need for the information, setting forth with specificity the facts on which the request is based. (See 22 C.F.R. Section 171.12(b), enclosed.) Your June 5 letter and your July 23 letter do not meet this standard.

Please be advised that your request has been closed in our system. If, after noting the information cited above, you wish to pursue this request, please send us a new request, which would include the additional information noted above.

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Anne T. Baker
Requester Communications Branch

Enclosure:
22 C.F.R. Part 171

Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100
Website: www.foia.state.gov

Inquiries:
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

BONNER, VERNON
06300027
DORM 208-103
FEDERALPRISONCAMP
P.O. BOX 1000
DULUTH MN 55814.1000

  

MAILED: 8-20-2007

FOIA Case # 2007-03612 &
2007-00638.

Civil Case # 06-2051-EGS

ANNE T. BAKER, RCB
DEPARTMENT OF STATE
ROOM 8006;  SA-2

515  22nd STREET  NW
WASHINGTON  DC  20522 8100

August 20, 2007

Anne T. Baker, RCB
Department of State
Room 8006;  SA-2
515 22nd Street NW
Washington, DC 20522-8100

Re: FOIA Case # 2007-03612 / 2007-00638

Dear Ms. Baker:

The FOIA Request dated January 16, 2007 has all the information you need, and the information was sent to you again on July 23, 2007.

Ronald L. Carver, FBI Agent testified in Court in Court Case # 01-CR-670-2 in Chicago, Illinois in the year 2002 that the United States Embassy in GUATEMALA/MEXICO sent him the information that stated Child/Children don't exist; therfore their are no Privacy Issues concerning Virginia Bonner (Mexico) and Diego Magana (Guatemala). See page three (3) of your letter dated 8-10-2007 paragraph 3.

Please expedite this FOIA request; if there is a problem, please advise.

Sincerely,

Vernon Bonner
# 06300 027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

Enclosures:  As Stated :  Defendants' Proposed Briefing Schedule (7-13-2007).

CC: Mrs. Bonner; 5072 Carolina Street Gary, Indiana 46409