UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-2051 (EGS) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT DEPARTMENT OF STATE'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Department of State, by and through the undersigned counsel, submits this

Supplemental Memorandum in further support of defendants' pending motion for summary

judgment and to update the Court on subsequent activities with regard to Plaintiff's Freedom of

Information Act (FOIA) requests to the Department of State (DOS or Department), as detailed in

the attached Second Declaration of Margaret P. Grafeld (2nd Grafeld Decl.).  For the reasons set

forth in this Supplemental Memorandum, as well as those presented in the Defendants' Motion

for Summary Judgment, the Court should grant defendants judgment in this case.

BACKGROUND

As set forth in Defendants' Motion for Summary Judgment, and specifically with regard

to the DOS, plaintiff failed to exhaust his administrative remedies by refusing to comply with

agency regulations that specify how a proper FOIA request shall be made.  See Defendants'

Memorandum in Support of Motion for Summary Judgment (Def. Memo.) at 9-12, citing, inter

alia, 5 U.S.C. § 552(a)(3); 22 C.F.R. Part 171.  By letter dated August 20, 2007, however,

plaintiff sent the DOS a letter renewing his request and this time supplying the information

necessary to allow DOS to conduct a search.  See 2nd Grafeld Decl. ¶¶ 4, 5.[1]  Pursuant to this

renewed request, the DOS conducted a search of its Central Foreign Policy Records, the active

and retired records of the American Embassy in Guatemala City, and the active and retired

records of the American Embassy in Mexico City.  Id. at ¶ 6.  A detailed description of the search

is provided in Second Garfeld Declaration.  Id. at ¶¶ 7-16.  No responsive records were found.

Id.

DISCUSSION

The Department of State is entitled to summary judgment in this case.  As described in

the Second Declaration of Margaret Grafeld, once plaintiff complied with DOS regulations, the

DOS conducted an exhaustive search of its Central Foreign Policy File, which is the

Department's primary centralized records system, as well as the files of the U.S. Embassies in

Guatemala and Mexico City.  2nd Grafeld Decl. ¶¶ 8-14.  This search was reasonable and

calculated to locate any responsive records that existed.  The fact that no responsive records were

---

[1]  Plaintiff's renewed request of August 20, 2007, to the Department of State is dated after he
filed the instant suit and was received after the execution of Ms. Grafeld's first declaration.  See
2nd Grafeld Decl. ¶ 3.  Accordingly, defendants do not concede that this second request from
plaintiff is covered by the case before the Court.  Indeed, by letters dated June 8 and July 23,
2007, plaintiff refused to modify his original request to comply with the agency's regulations,
then filed this case.  See Def. Memo. at 11, and Exh. thereto.  Nevertheless, as it is certainly
related and in the interest of resolving all aspects of plaintiff's FOIA requests before the DOS,
defendants submit this supplemental memorandum updating the Court on these supplemental
developments and addressing plaintiff's August 20, 2007 request.  Defendants submit that
summary judgment for DOS is warranted on these additional facts.

found does not preclude judgment in the Department's favor. Rather, DOS is entitled to judgment because it has not improperly withheld any records.

DOS undertook a thorough search that squarely meets the legal standard under the FOIA. In responding to a FOIA request, an agency is under a duty to conduct a search reasonably calculated to uncover all relevant documents. See Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material. See Elliot v. U.S. Attorney General, 2006 WL 3191234, at *3 (D.D.C. 2006)(concluding that agency "conducted a search that was reasonable," even though no records were located); Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)("[A] search is not unreasonable simply because it fails to produce relevant material"); Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982); Judicial Watch v. Rossotti, 285 F. Supp.2d 17, 26 (D.D.C. 2003); Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C. 1997) (noting that the role of the district court is to determine the reasonableness of the search, "not whether the fruits of the search met plaintiff's aspirations").

The search standards under FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. See Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "the search need only be reasonable; it does not have to be exhaustive." Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985). An agency is not required to search every record system,

but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question for the Court is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d at 952-53.

Here, DOS conducted an exhaustive search of its central records systems and the decentralized records of the Embassies in both countries specified in plaintiff's renewed request. No records were located. Nevertheless, DOS has discharged its obligations under the FOIA and is entitled to summary judgment on this basis.

## CONCLUSION

For the reasons set forth above, and in defendants' original moving papers, the Court should grant summary judgment in defendants' favor and dismiss this case with prejudice.

Respectfully submitted,
/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

-4-

MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on April 4, 2008, plaintiff was served with a copy of the foregoing
Defendant Department of State's Supplemental Memorandum in Support of Defendants' Motion
for Summary Judgment and Second Declaration of Margaret P. Grafeld, with exhibits, via
first-class mail postage prepaid and addressed:

> Vernon Bonner
> #06300-027 P.O. Box
> 1000 Duluth, MN
> 55814

_____/s/_____
Madelyn E. Johnson Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Vernon Bonner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 06-2051 |
| Department of State et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## SECOND DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1. I am the same Margaret P. Grafeld who executed the declaration in this case on behalf of the Department of State dated August 13, 2007. I hereby incorporate my previous declaration by reference into this declaration. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for the processing of the subject request, and

upon information furnished to me in the course of my official duties.

2.  As noted in my earlier declaration, I have read the complaint filed by the plaintiff in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject request.

3.  The purpose of this declaration is to address the Department's handling of plaintiff's renewed request for Department of State records, which plaintiff submitted after the execution of my previous declaration.  A description of the administrative processing of this request follows, as well as the details of the Department's search for records that are responsive to plaintiff's request.

I.  **ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST**

4.  By letter dated August 20, 2007 (Exhibit 1), plaintiff sent the Department of State a letter referring to the information in his communications dated January 16, 2007, and July 23, 2007.  Plaintiff further stated that Ronald L. Carver, an FBI Agent, "testified in Court Case #01-CR-670-2 in Chicago, Illinois in the year 2002 that the United States Embassy in GUATEMALA/MEXICO sent him the information that stated Child/Children don't exist; thefore their [sic] are no Privacy

issues concerning Virginia Bonner (Mexico) and Diego Magana
(Guatemala)."   Plaintiff requested expeditious processing of his
request.

5.   By letter dated December 11, 2007 (Exhibit 2), IPS
acknowledged receipt of plaintiff's request and assigned it case
control number 200705146.   Plaintiff was advised that in light
of new information he had provided, IPS had begun the processing
of his request and that he would be notified as soon as
responsive material was retrieved and reviewed.   Plaintiff was
also advised that his request for expeditious processing had
been denied and was provided with the right to appeal this
denial of expedition within 30 days.   Plaintiff did not appeal
the denial.

6.   By letter dated January 30, 2008 (Exhibit 3), IPS
advised plaintiff that based on the subject matter of his
request, IPS had searched the record systems with a reasonable
possibility of maintaining responsive records, including the
Central Foreign Policy Records, the active and retired records
of the American Embassy in Guatemala City, and the active and
retired records of the American Embassy in Mexico City.
Plaintiff was advised that after thorough searches of these
systems, no responsive records were found.   Plaintiff was
advised to inform IPS within 60 days if he had any additional
information that would assist in identifying or locating the

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

Department of State records that he sought.  To date, IPS has received no further communication from plaintiff.

## II. THE SEARCH PROCESS

7.  The Department's search for records responsive to plaintiff's request was designed to uncover all responsive records.  When a FOIA request is received, IPS evaluates the request and determines which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the information requested.  This determination is based on the description of records set forth in the request letter.  It also requires a familiarity with records system holdings, applicable records disposition schedules, and the substantive and functional mandates of the numerous offices within the Department, as well as its Foreign Service posts and missions.  Such factors as the nature, scope, and complexity of the request itself also are relevant.

Central Foreign Policy File

8.  The records of the Department are maintained in both centralized and decentralized records systems.  The Central Foreign Policy File (or "Central File") is the Department's primary centralized records system.  The Central File consists of both manual and automated file holdings.  It includes almost all documents of a substantive nature, regardless of physical

format, that establish or define foreign policy.  Included are telegrams and written documents:  airgrams, congressional correspondence, general correspondence, diplomatic notes, intelligence reports, memorandums, memorandums of conversation, and operations memorandums.  Excluded are non-telegram records authorized to be maintained on a decentralized basis, and records authorized for separate disposition.

9.  The manual holdings are searched by first reviewing a customized paper index (the "retired records manifest") to the holdings.  Boxes containing potentially relevant documents are identified from the retired records manifest.  These boxes are pulled from the Department's records storage facility and copies made of relevant documents therein.

10.  The automated holdings, which are classified at the Secret level or below, are composed of approximately 30 million electronic telegrams between the Department and Foreign Service posts and other written documents.  Written documents ingested into the automated holdings after October 1994 have an associated electronic text version, and those ingested prior to October 1994 have their text stored on microfilm.  Searches of the automated file holdings are conducted using an automated application which searches the full text of the 30 million electronic telegrams and the electronic text version of the written documents.  For all other written documents in the

automated holdings that are not full-text searchable, the system will search the text of a customized electronic index to those documents that directs a searcher to a full copy of the document on microfilm.  Searches of the Central File were conducted by analysts in IPS who are familiar with its contents and organization, and who are familiar with the subject matter of plaintiff's request.

11.  In this case IPS conducted searches of the Central File that were intended to identify any documents relating to Virginia Bonner and Diego Magana for the time periods indicated by the request.

12.  Specifically, IPS conducted a search of the automated holdings of the Central File for records containing "Virginia" and "Bonner" in the same document from 1989 to the date the search was initiated.  A similar search was conducted using "Diego" and "Magana" from 1990 to the date the search was initiated.  (The date ranges were chosen based on the children's alleged years of birth.)  No responsive documents were found. IPS also conducted searches of the automated holdings of the Central File for records dating from 2000 through 2003, inclusive, using the names of the other individuals mentioned in plaintiff's January 16, 2007 request.  Specifically, IPS searched for any documents containing "Bonner" or "Magana" and

also "Norene" and "Williams," "Ron" and "Carver," or "Chang" and
"Chanen."  No responsive documents were found.

Office/Post Files

13.  Each office within the Department and each Foreign
Service post also maintains active working files concerning
foreign policy and other functional matters related to the daily
operations of that office, post, or mission.  These files
consist generally of working copies of documents, information
copies of documents maintained in the Central File, as well as
other documents prepared by or furnished to the office, post, or
mission in connection with the performance of its official
duties.  The searches of these files were performed by
individuals employed within those posts who are familiar with
the subject matter of plaintiff's request as well as the
contents and organization of the records systems searched.

14.  In addition to the searches of the automated holdings
of the Central File described above, searches were also
conducted of the active working files of the U.S. Embassy in
Guatemala and the U.S. Embassy in Mexico City.  Both embassies
searched relevant records systems at those posts for records
responsive to plaintiff's request.  No responsive records were
found.  The U.S. Embassy in Mexico City also reported that, in
addition to embassy files, all U.S. consulates in Mexico,
including U.S. Consulates General Ciudad Juarez, Guadalajara,

Monterrey, and Tijuana, and U.S. Consulates Hermosillo,
Matamoros, Merida, Nogales, and Nuevo Laredo, conducted searches
for records at each of these Foreign Service posts.  No
responsive records were located. (There are no Foreign Service
posts in Guatemala other than the embassy.)

Retired Office/Post Files

15.  When records are no longer needed operationally by an
office or post, which generally, though not mandatorily or
uniformly, takes place after two to three years, they are either
retired and stored at offsite storage facilities or destroyed in
accordance with approved records disposition schedules.  While
they remain under the Department's control, IPS is responsible
for conducting searches of retired files in response to FOIA and
other types of requests.  Retired (inactive) office and post
files consist generally of working copies of documents,
information copies of documents maintained in the Central File,
as well as other specialized documents prepared by or furnished
to the office or Foreign Service post in connection with the
performance of its official duties.  Retired records manifests
are used to document the contents of retired files, copies of
which are maintained at IPS for analysts to use in identifying
potentially responsive retired files.  Periodically, retired
files are screened and documents are destroyed according to
authorized disposition schedules.

*Vernon Bonner v. Department of State, et al.*
*Grafeld Declaration*

16.   In addition to the searches described above, IPS analysts reviewed the retired records manifests for records retired by the U.S. embassies in Mexico and Guatemala for potentially responsive records falling within the time period covered in plaintiff's request.   Any items in the manifests that could reasonably be expected to contain responsive material were recalled from the offsite storage facility and examined for responsiveness.   No responsive records were located.

17.   Under the Department's records disposition schedules (which are approved by the National Archives and Records Administration), the relevant records of overseas posts, if they existed, would have been due for destruction one year after the Department considered the matter to be closed.   Based on the information provided by plaintiff, it appears the last action taken at the post occurred in 2002.   In an abundance of caution, IPS consulted with officials at the embassies in Guatemala and Mexico who are familiar with the contents and organization of Department records at those embassies, and who are familiar with the subject matter of plaintiff's request.   Officials at both embassies reported that the records sought by plaintiff, if they existed, would have been destroyed by now according to applicable record disposition schedules.   Therefore, I can only conclude that the records sought by plaintiff have been

destroyed pursuant to applicable records disposition schedules,
or never existed in Department of State files.

## CONCLUSION

In summary, the Department initiated and completed
searches of any and all records systems reasonably expected to
contain the information sought by Mr. Bonner.  No responsive
records were located.


I declare under penalty of perjury that the foregoing is
true and correct to the best of my knowledge.


Executed this ___6th___ day of March 2008.



Margaret P. Grafeld

August 20, 2007                    

Anne T. Baker, RCB
Department of State
Room 8006;  SA-2
515 22nd Street NW
Washington, DC 20522-8100


**Re:**  FOIA Case # 2007-03612 / 2007-00638

Dear Ms. Baker:

   The FOIA Request dated January 16, 2007 has all the information you need,
and the information was sent to you again on July 23, 2007.


   Ronald L. Carver, FBI Agent testified in Court in Court Case # **01-CR-670-2**
in Chicago, Illinois in the year 2002 that the United States Embassy in
GUATEMALA/MEXICO sent him the information that stated Child/Children don't exist;
thefore their are no Privacy issues concerning Virginia Bonner (Mexico) and Diego
Magana (Guatemala).  See page three (3) of your letter dated 8-**10**-2007 paragraph 3.


   Please **expedite** this FOIA request; if there is a problem, please advise.


Sincerely,

Vernon Bonner
# 06300 027, FPC
Dorm 208-103
P.O. Box 1000
DuLuth, MN 55814.1000

Enclosures: As Stated: Defendants' Proposed Briefing Schedule (7-13-2007).

**CC:**  Mrs. Bonner; 5072 Carolina Street Gary, Indiana 46409


'07 AUG 29 AM 9:06

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 1

- 3 -



**United States Department of State**

*Washington, D.C. 20520*

AUG 10 2007

Case Number: 200703612

Mr. Vernon Bonner
06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN  55814-1000

Dear Mr. Bonner:

This is in response to your renewed Freedom of Information Act (FOIA) request dated June 5, 2007 (as well as your note re-mailing it on July 23, 2007), for copies of documents concerning various individuals including two children, Virginia Bonner and Diego Magana. Unfortunately, you still have not provided all of the information asked for in our letter to you of May 29, 2007. Please note that we have assigned your case a new number (200703612).

Your request concerns multiple individuals but insufficient information about them for us to know where to search for potentially responsive records, and accordingly we cannot begin processing your request.

As we noted in our earlier letter to you, the Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so your request should be specific, detailed, and include as much information as possible to allow us to locate any responsive records with a reasonable amount of effort. For example, please provide detail about

The authorization, and your request for information from the State Department, should **not** be submitted on a Department of Justice (G-28) or Department of Homeland Security (G-639) form, or a form from any other agency, but rather on your letterhead or plain bond. Please be advised that these forms do not authorize the State Department to release privacy-protected information, rather they authorize the Departments of Justice and/or Homeland Security, respectively, to release privacy-protected information.

Alternatively, if you are the parent or legal guardian of a minor child, you can present documentation of your relationship to the minor, and the Department may, in its discretion, disclose records concerning the minor to you as appropriate. See 22 C.F.R. Section 171.32(c).

We do not understand your assertion about the existence of the children subject to your request. If these are real people, as appears from your provision of dates and places of birth, we need an authorization or documentation of parental status or guardianship as discussed above. Your allegations concerning what other parties may have said about the existence of these children is not controlling. If in fact these children do not exist, you should provide us with supporting documentation for that assertion and explain the circumstances so that we can better understand the privacy interests implicated in your request.

## Fees

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted. In accordance with our regulations, we would interpret your June 5, 2007 letter as an agreement to pay fees up to $25.

As noted in our earlier letter, you are in the "all other requesters" category. The fee schedule designated for that category requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the records sought, after the first 100 pages of duplication and the first two hours of search time.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNON BONNER,                          )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )   Civil Action No.  06-2051 (EGS)
                                        )
SOCIAL SECURITY ADMINISTRATION,         )
    et al.,                             )
                                        )
            Defendants.                 )
_____)

DEFENDANTS' PROPOSED BRIEFING SCHEDULE

Defendants, through undersigned counsel, submit the following in response to this

Court's Minute Order dated June 29, 2007, directing that defendants shall submit a

proposed dispositive motion briefing schedule by July 13, 2007.

This is a case brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552,

Plaintiff filed his complaint on November 30, 2006, naming as defendants the Social

Security Administration, the Department of Veterans Affairs, and components of the

Department of Justice.  The United States Attorney's Office was served on or around

December 13, 2007.  Defendants answered on February 22, 2007.  On May 17, 2007, the

Court granted plaintiff's request to amend the complaint to add the Department of State as

a defendant.

In response to the Court's Minute Order, defendants propose the following

schedule:

Defendants' dispositive motion in this case shall be filed on or before August 13,

2007;

Plaintiff's opposition thereto shall be filed on or before September 10, 2007;

Defendants' reply, if any, shall be filed on or before September 24, 2007.

WHEREFORE, defendants respectfully request that the Court adopt the above

proposed briefing schedule to govern further proceedings in this case.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7135



**United States Department of State**

*Washington, D.C. 20520*

December 11, 2007
Case Number: 200705146

Mr. Vernon Bonner
#06300 027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

This is in response to your Freedom of Information Act (FOIA) request, dated August 20, 2007, for copies of materials provided by the Department to the Federal Bureau of Investigation concerning two children, Virginia Bonner and Diego Magana.

This case is a new case (assigned number 200705146), distinct from your previous letters requesting similar information. In light of new information you have provided, we have begun processing your request. We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

**Fees:** The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

---

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 2

-2-

By making a FOIA request, you have agreed to pay all applicable fees up to $25.00 unless a fee waiver has been granted. You may specify a willingness to pay a greater or lesser amount. If the estimated fees exceed this limit, you will be notified.

Based upon the information that you have provided, we have placed you in the "all other" requester category. This category requires us to assess search time after 2 hours and duplication costs after the first 100 pages.

We will notify you of the costs incurred in processing your request as soon as the search for and review of any responsive documents have been completed.

Our published regulations regarding expedition, 22 CFR 171.12 (b), require a specific showing of a compelling need. Expeditious processing is granted only in the following situations:  1) there is an imminent threat to the life or physical safety of an individual, 2) information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity and the information is urgently needed in that a particular value of the information would be lost if not disseminated quickly, 3) substantial humanitarian reasons require expedition, and 4) loss of substantial due process rights would result from a denial of expedition. Your request does not specify or meet any of the established criteria. Regretfully, I must advise that you have not provided adequate justification for expedition. For your convenience, I have enclosed a copy of the Department's expeditious processing criteria.

If you wish to appeal the denial of expedition, you may write to Chief, Requester Liaison Division, at the address below within 30 days of receipt of this letter.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
  *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

−3−

If you have any questions, please do not hesitate to contact us.  We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Carrie B. Allen
Requester Communications Branch

Enclosure: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*



**United States Department of State**

*Washington, D.C.  20520*

JAN 3 0 2008

Case Control No. 200705146

Mr. Vernon Bonner
06300027, FPC
Dorm 208-103
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. Bonner:

I refer to your Freedom of Information Act request dated August 20, 2007, for copies of materials provided by the Department of State to the Federal Bureau of Investigation (FBI) concerning two children, Virginia Bonner and Diego Magana.

The Department of State has a number of record systems.  Its Central Foreign Policy Record File is an automated centralized records system, containing substantive foreign policy documents.  Additionally, offices within the Department and Foreign Service posts abroad maintain files specific to their operations.  Information about the Department and the mission and functions of its individual bureaus and offices, as well as its posts abroad, may be found at our website, www.state.gov, or in the U.S. Government Manual published by the Government Printing Office and available at most public libraries.

Based on the subject matter of your request, we searched the record systems with a reasonable possibility of maintaining records responsive to your request: the Central Foreign Policy Records; the active and retired records of the American Embassy in Guatemala City; and the active and retired records of the American Embassy in Mexico City.  After a thorough search of these systems conducted by professional employees familiar with their contents and organization, no records responsive to your request were located.

GRAFELD DECLARATION
Civil Action No. 06-2051
Exhibit 3

- 2 -

I regret that the Department's response to your request is not more positive.
Should you have any additional information that would assist us in identifying
or locating the Department of State records you seek, please let us know within
60 days of the date of this letter, and we will be pleased to resume the
processing of your request.  Send additional information to: Office of
Information Programs and Services, A/ISS/IPS, SA-2, Room 8100, U.S.
Department of State, Washington, D.C. 20522-8100.  You may also direct
questions concerning the processing of your request to the same address, or
telephone (202)261-8484.  Please refer to the case control number shown
above in all correspondence concerning this case.

                    Sincerely,


                    Margaret P. Grafeld, Director
                    Office of Information Programs and Services