UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON BONNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2051 (EGS) |
| SOCIAL SECURITY ADMIN. *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vernon Bonner sued under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that five defendant agencies, the Social Security Administration ("SSA"), the Federal Bureau of Investigation ("FBI"), the Department of Veterans Affairs ("VA"), the Department of State ("DOS") and the Executive Office of the United States Attorney in the Department of Justice ("EOUSA"), had failed to release requested records in violation of the law. Defendants moved for summary judgment on differing grounds, and plaintiff opposed. Subsequently, the DOS filed a second declaration and supplement to its motion for summary judgment, to which plaintiff has not responded. Because the Court will allow the plaintiff additional time to respond to the Department of State's supplemental submission, the Court will defer ruling on the motion as to that defendant. Because there is no genuine dispute of material fact with respect to the other four defendants, each of whom is entitled to judgment as a matter of law, summary judgment will be granted for the SSA, the FBI, the VA and the EOUSA.

Factual Background

Bonner initiated this lawsuit, filed on November 30, 2006. Prior to that date, Bonner had submitted a FOIA request to four of the five agencies that are defendants in this action, and each of the four agencies had responded to Bonner by letter, either acknowledging the request, advising of search status or search results, or releasing documents. Specifically, the SSA released documents to Bonner by letter dated October 24, 2006 with an explanation of the redactions and withheld records (*see* Decl. of Ethel Burrows, July 27, 2007 ¶¶ 4, 8);[1] the VA advised Bonner by letter dated April 17, 2006 of the case number assigned to his request, and by letter dated November 9, 2006 that his request was in the queue for processing (*see* Decl. of Shirley Landes, Aug. 2007 ¶¶ 5, 7); the FBI advised Bonner by letter dated June 1, 2006 that the search had produced approximately 1500 records, and sent Bonner an initial release of documents by letter dated August 31, 2006 (*see* Decl. of David Hardy, Aug. 10, 2007 ¶¶ 6 - 9, 12); and the EOUSA advised Bonner by letter dated October 16, 2006 that it had searched and found no responsive records (*see* Decl. of John Kornmeier, Aug. 9, 2007 ¶¶ 5, 6). Bonner initiated an administrative appeal regarding the EOUSA search, but did not await the determination of that appeal before he filed this lawsuit. (Kornmeier Decl. ¶ 7.)

Bonner did not submit a FOIA request to the DOS until January 16, 2007, several weeks after this case was filed on November 30, 2006. (*See* Decl. of Margaret Grafeld, Aug. 19, 2007 ¶ 4.) Bonner added DOS as a defendant in this case when DOS did not respond to the request within 20 days. Subsequently, while this case was pending, Bonner provided the information

---

[1] Except as otherwise noted, each of the declarations referenced here was filed in support of and appended to the defendants' motion for summary judgment.

DOS required in order to process his FOIA request.  (*See* Second Decl. of Margaret Grafeld, Mar. 6, 2008 ("Second Grafeld Decl.") ¶ 4.)[2]  DOS then conducted the search, found no responsive records and so notified Bonner.  (*See id.* ¶¶ 5-6.)

## Discussion

The five defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002).  A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant.  *Id.* at 255.  The nonmoving party, however, must do more than merely establish some "metaphysical doubt;" rather, the nonmovant must come forward with "specific facts" demonstrating a genuine issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

In a FOIA case, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and

---

[2] This second declaration was submitted with and appended to DOS's Suppl. Mem. in Supp. of Defs.' Mot. for Summ. J., filed April 4, 2008.

expertise on the matter and to make a factual record to support its decision. . . . . The exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990) citing *McKart v. United States*, 395 U.S. 185, 194 (1969)); *see also Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases.") (citing *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)).  In the general case, then, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review when, as is the case with FOIA, the purposes of exhaustion and the particular administrative scheme support such a bar.  *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1258, 1260 (D.C. Cir. 2003) (remanding for dismissal for failure to state a claim upon which relief may be granted).  In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail.  As an exception to the general rule requiring exhaustion, where an agency does not respond to a request within the time allowed by statute, 5 U.S.C. § 552(a)(6)(A)(i) & (ii), a requestor is deemed to have constructively exhausted his administrative remedies, § 552(a)(6)(C), but only if the agency has not responded before the requestor files suit, *Oglesby,* 920 F.2d at 61.

     Here, there is no dispute that Bonner filed this lawsuit before he had exhausted his administrative remedies with respect to the EOUSA, the SSA, the VA, and the FBI, and thus he has failed to prove a condition precedent to his claim.  While Bonner initiated an administrative appeal with the EOUSA before filing this lawsuit, he did not allow it to run its course, that is, to

become exhausted. The EOUSA appeal was not decided until June 15, 2007, more than six months after this suit was filed. (Kornmeier Decl. ¶ 7.) As to the SSA, Bonner opposes the summary judgment motion by stating that on November 8, 2006, he initiated an administrative appeal. (*See* Opp'n at 3.) However, in this instance, too, he filed this lawsuit before the appeal was decided, and therefore did not exhaust his administrative remedies with the SSA before filing suit. As to the FBI and the VA, Bonner states that he filed administrative appeals on May 22, 2007 and August 13, 2007, respectively. (*Id.*) Those appeals post-date by several months the filing of this complaint. Accordingly, because there is no genuine dispute that Bonner did not exhaust his administrative remedies ***before*** filing this lawsuit, as he is required to do, the defendants EOUSA, SSA, VA, and FBI[3] are entitled to judgment as a matter of law, and the motion for summary judgment will be granted as to them.

    The grant of judgment to EOUSA is supported on other grounds, as well. The sole issue Bonner raises with respect to the EOUSA search is based on his belief that the EOUSA search for File C-98-00227-F must have been faulty, because he witnessed a discussion of that file and reference to it in a court hearing as recently as July 26, 2006. (*See* Opp'n at 5.) Bonner's objection is misplaced, however. Bonner's FOIA request to the EOUSA sought the Veterans Administration Fraud Investigation Report File No. 24-896-511/10 (*see* Kornmeier Decl., Ex. A),

---

    [3] Bonner relies on a letter from the FBI dated March 14, 2005 notifying him that he may seek judicial review. That letter, which is appended to his opposition, references a prior FOIA request, which is not at issue in this case. (*See* Compl. at 4 (referencing only the Feb. 17, 2006 FOIA request to the FBI).) Thus, the March 14, 2005 letter is not relevant here.

not File C-98-00227-F, which was the subject of the courtroom discussion (*see* Opp'n at 5).[4]

Bonner submitted his FOIA request to the DOS after this lawsuit had been filed against the other four defendants. When DOS did not respond to Bonner's FOIA request within 20 days, he moved to add DOS as a defendant in this case. For the purposes of this analysis, and without deciding the matter, Bonner will be treated as having constructively exhausted his remedies, pursuant to 5 U.S.C. § 552(a)(6)(C). *See Oglesby*, 920 F.2d at 61. After Bonner provided the information required by DOS to conduct the searches he had requested, and while this dispositive motion was pending, DOS completed its search and found no responsive records. It informed Bonner of that fact by letter dated January 30, 2008, and offered to resume processing his request if he could provide additional information. Bonner did not respond to DOS' letter. (*See* Second Grafeld Decl. ¶¶ 4-6.)

The DOS has submitted a supplement to the motion for summary judgment, appending a second declaration describing in detail the DOS search based on the information Bonner provided (*see id.* ¶¶ 7-16), and stating that under the standard record retention policy in effect at the embassies where the search was conducted, the documents Bonner seeks would have been destroyed prior to the submission of his FOIA request (*id.* ¶ 17). On the basis of this declaration, the Court is prepared to find that the DOS search was adequate and reasonable. Bonner, however, has not filed any response to DOS' supplement, and a Fox-Neal Order was not issued. Therefore, in an abundance of caution, the Court will defer ruling on the dispositive motion with respect to DOS, advise the plaintiff that he has 30 days in which to file any response to DOS'

---

[4] Rather, it was Bonner's FOIA request to the FBI that sought File C-98-00227-F. (*See* Hardy Decl. ¶ 5 & Ex. A.) The FBI had located responsive documents and informed Bonner of that fact when Bonner prematurely abandoned his administrative remedies and filed this lawsuit.

supplement and the Second Grafeld Declaration.  If no response is received, the motion for summary judgment will be granted for the DOS, as well.

## CONCLUSION AND ORDER

Because there is no genuine dispute that plaintiff did not exhaust his administrative remedies with respect to the EOUSA, the SSA, the VA and the FBI prior to filing this lawsuit, those four agencies are entitled to judgment as a matter of law.  In addition, the EOUSA is entitled to judgment as a matter of law because the record establishes that it performed an adequate and reasonable search for the records plaintiff requested, and plaintiff has not offered any evidence to create a genuine issue of material fact with respect to the adequacy of the search. Because the Court will allow additional time for the plaintiff to respond to the DOS' supplement and declaration filed April 4, 2008, determination of this motion with respect to the DOS is deferred.  Plaintiff is referred to a separate Order issued this date, advising him of his rights and obligations regarding any response filed.  Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is GRANTED as to the Executive Office of the United States Attorney, the Social Security Administration, the Department of Veterans Affairs, and the Federal Bureau of Investigation.  It is

FURTHER ORDERED that a ruling on the motion for summary judgment is deferred as to the Department of State.  It is

FURTHER ORDERED plaintiff has 30 days from the date of this Memorandum Opinion and Order to submit a response to the Department of State's Supplemental Memorandum in Support of its Motion for Summary Judgment and the Second Grafeld Declaration, filed April 4, 2008.  If the plaintiff chooses to file no response, the Court will grant judgment to the

Department of State on the basis of its motion for summary judgment and the record evidence.

                                                           /s/
                                    EMMET G. SULLIVAN
Date:  September 4, 2008                United States District Judge