UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
VERNON BONNER,                         )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )          Civil Action No. 06-2051 (EGS)
                                       )
SOCIAL SECURITY ADMIN. *et al.*,       )
                                       )
          Defendants.                  )
_____ )

## ORDER

The defendant Department of States has filed a second declaration and supplemental

memorandum in support of its motion for summary judgment.  *See* Fed. R. Civ. P. 56.  Because

defendant's motion could potentially dispose of this case, the Court will advise the *pro se*

plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of

this Court.  *See Fox v. Strickland,* 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly,* 963 F.2d 453,

456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure,

which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the
> discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and
> that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) *In General.*  A supporting or opposing affidavit must be made
> on personal knowledge, set out facts that would be admissible in
> evidence, and show that the affiant is competent to testify on the
> matters stated. If a paper or part of a paper is referred to in an
> affidavit, a sworn or certified copy must be attached to or served

with the affidavit. The court may permit an affidavit to be
supplemented or opposed by depositions, answers to
interrogatories, or additional affidavits.

(2) *Opposing Party's Obligation to Respond.* When a motion for
summary judgment is properly made and supported, an opposing
party may not rely merely on allegations or denials in its own
pleading; rather, its response must--by affidavits or as otherwise
provided in this rule--set out specific facts showing a genuine issue
for trial. If the opposing party does not so respond, summary
judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which

provides as follows:

Each motion for summary judgment shall be accompanied by a
statement of material facts as to which the moving party contends
there is no genuine issue, which shall include references to the
parts of the record relied on to support the statement.  An
opposition to such a motion shall be accompanied by a separate
concise statement of genuine issues setting forth all material facts
as to which it is contended there exists a genuine issue necessary to
be litigated, which shall include references to the parts of the
record relied on to support the statement . . . .  In determining a
motion for summary judgment, the court may assume that facts
identified by the moving party in its statement of material facts are
admitted, unless such a fact is controverted in the statement of
genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits,

declarations or attachments submitted by the defendant in support of its motion for summary

judgment unless the plaintiff submits affidavits, declarations or documentary evidence showing

that the defendant's assertions are untrue.  *See Neal,* 963 F.2d at 456.  Further, the plaintiff's

attention is directed to Local Civil Rule 7(b), which states:

-2-

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).  The Court may treat as conceded any motion not opposed within the time allowed.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits allowed.  Thus, failure to respond to the State Department's supplement and second declaration in support of its motion carries with it the risk that summary judgment will be granted to the State Department.  Accordingly, it is hereby

ORDERED that plaintiff shall file any supplement to his response to the Department of State's motion for summary judgment no later than 30 calendar days from the date of this Order. If plaintiff does not respond by that date, the Court may treat the motion as conceded and dismiss the case.

/s/

EMMET G. SULLIVAN

Date:  September 4, 2008          United States District Judge